# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

IN RE:

PROVIDENCE FINANCIAL INVESTMENTS INC.
and PROVIDENCE FIXED INCOME FUND, LLC

      Debtors.

_____/

Case No. 16-20516-AJC
Chapter 7
(Jointly Administered)
Case No. 16-20517-AJC

## TRUSTEE'S OMNIBUS MOTION TO COMPROMISE CONTROVERSIES WITH ADVERSARY DEFENDANTS: 1) JULIO RIVERA; 2) MANUEL GANDARA; 3) MILDRED MORGAN; 4) OVIE TORRES AND ISABEL RODRIGUEZ; 5) SHIRLEY WALKER; AND 6) ANN TOWER KRAUSS

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order granting the relief requested in the motion.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at United States Courthouse, 301 North Miami Avenue, Miami, FL 33128, and serve a copy on the movant's attorney, Luis R. Casas, 98 SE 7th Street, Suite 1100 Miami, Florida 33131 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Plaintiff Maria Yip, the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. ("Providence Financial") and Providence Fixed Income Fund, LLC ("Providence Fund") (collectively, the "Providence Debtors"), as the Trustee and the Plaintiff in (1) Adv. Pro. No. 18-1313-AJC filed against Defendant Julio Rivera ("Rivera"); (2) Adv. Pro. No. 18-1317-AJC filed against Defendant Manuel Gandara ("Gandara Jr."); (3) Adv. Pro.

47122783;1

18-1318-AJC filed against Defendant Manuel E. Gandara ("Gandara Sr."); (4) Adv. Pro. No. 18-1300-AJC filed against Defendant Mildred Morgan ("Morgan"); (5) Adv. Pro. No. 18-1307-AJC filed against Defendants Ovie Torres ("Torres") and Isabel Rodriguez ("Rodriguez"); (6) Adv. Pro. No. 18-1308-AJC filed against Defendant Shirley Walker ("Walker"); (7) Adv. Pro. No. 18-1303-AJC filed against Defendant Ann Tower Krauss ("Krauss") (together the "Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1, files this omnibus motion (the "Motion") seeking entry of an order approving the Trustee's proposed compromises with the Defendants in the aforementioned adversary proceedings. In support of this Motion, the Trustee respectfully represents as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 105(a), 363(b), and 506 of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9019-1.

## Procedural and Factual Background

4.      Providence Financial filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on July 28, 2016.

5.      On the same date, Providence Fund filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

6.      The Trustee believes that the Providence Debtors were used as part of a global Ponzi scheme that raised over $64 million in the United States and defrauded investors. Antonio

Buzaneli, Jose Ordoñez, Julio Rivera, and other co-conspirators utilized the Providence Debtors, along with entities located in the United States and abroad, to perpetrate their fraudulent scheme. The scheme involved the sale of unregistered securities by way of promissory notes to investors while promising annual returns typically between 12-13.5%.

7.      The Providence Debtors offered and sold promissory notes to investors throughout the United States.

8.      In order to market and sell the promissory note investments, Providence recruited what Providence referred to as its "originators."

9.      The originators were promised commissions, which were denominated "referral fees," for successfully introducing potential investors who ended up issuing funds to the Debtors to purchase these promissory notes.

10.     Defendants Rivera, Gandara Jr., and Gandara Sr. were originators for Providence.

11.     On July 27, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-01292-AJC] against Rivera, asserting claims to avoid and recover (a) referral fees totaling $453,895.23 and (b) damages resulting from the entry of a judgment against the estate totaling at least $49,511,186 due to his role as an officer of Providence.

12.     On July 27, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-1317-AJC] against Gandara Jr., asserting claims to avoid and recover referral fees and for other relief, seeking entry of a judgment totaling at least $91,526.01 against Gandara Jr.

13.     On July 27, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-1318-AJC] against Gandara Sr., asserting claims to avoid and recover referral fees and for other relief, seeking entry of a judgment totaling at least $231,365.00 against Gandara Sr.

14.     In addition to originators, a small number of investors received repayments on their investments that exceeded the principal amount that they invested and, accordingly, received a net gain by investing in the Providence entities (the "Net Winners").

15.     Defendants, Morgan, Torres, Rodriguez, Walker, and Krauss were Net Winners.

16.     On July 27, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-1300-AJC] against Morgan, asserting claims to avoid the transfers that resulted in Morgan receiving a net profit, and seeking entry of a judgment totaling at least $21,861.72 against Morgan.

17.     On July 27, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-1307-AJC] against Torres and Rodriguez, asserting claims to avoid the transfers that resulted in Torres and Rodriguez receiving a net profit, and seeking entry of a judgment totaling at least $24,187.50 against Torres and Rodriguez.

18.     On July 27, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-1308-AJC] against Walker, asserting claims to avoid the transfers that resulted in Walker receiving a net profit, and seeking entry of a judgment totaling at least $43,048.35 against Walker.

19.     On July 27, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-1303-AJC] against Krauss, asserting claims to avoid the transfers that resulted in Krauss receiving a net profit, and seeking entry of a judgment totaling at least $31,025.00 against Krauss.

## The Proposed Settlement Agreements

### A. Compromise With Rivera

20.    Subject to court approval, Rivera has agreed to entry on behalf of the Trustee and against Rivera of a judgment totaling $49,965,081.23, the full amount sought by the Trustee in Adv. No. 18-1313. A copy of this settlement agreement is attached as Exhibit "A" to this Motion.

### B. Compromise With Gandara Jr.

21.    Subject to court approval, the Trustee and Defendant Gandara Jr. entered into a settlement agreement in which Defendant Gandara Jr. agreed to pay the estate $10,000 in exchange for the dismissal of Adv. No. 18-1317 and the dismissal of Adv. No. 18-1318. A copy of this settlement agreement is attached as Exhibit "B" to this Motion.

### C. Compromise With Morgan

22.    Subject to court approval, the Trustee and Defendant Morgan entered into a settlement agreement in which Defendant Morgan agreed to pay the estate $7,500 in exchange for the dismissal of Adv. No 18-1300. A copy of this settlement agreement is attached as Exhibit "C" to this Motion.

### D. Compromise With Torres and Rodriguez

23.    Subject to court approval, the Trustee and Defendants Torres and Rodriguez entered into a settlement agreement in which Defendants Torres and Rodriguez agreed to pay the estate $10,000 jointly and severally in exchange for the dismissal of Adv. No 18-1307. A copy of this settlement agreement is attached as Exhibit "D" to this Motion.

### E. Compromise With Walker

24.    Subject to court approval, the Trustee and Defendant Walker entered into a settlement agreement in which Defendant Walker agreed to pay the estate $5,000 in exchange for the dismissal of Adv. No 18-1308. A copy of this settlement agreement is attached as Exhibit "E" to this Motion.

### F. Compromise With Krauss

25.    Subject to court approval, the Trustee and Defendant Krauss entered into a settlement agreement in which Defendant Krauss agreed to pay the estate $5,000 in exchange for the dismissal of Adv. No 18-1303. A copy of this settlement agreement is attached as Exhibit "F" to this Motion.

**Relief Requested**

26.    The Trustee seeks entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Trustee's proposed compromises with the Defendants as described above and in the attached settlement agreements to this Motion.

**Legal Basis and Authority for Relief**

27.    Fed. R. Bankr. P. 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 413, 424, 88 S. Ct. 1157 (1969) (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106 (1939)).

28.    To approve a compromise and settlement under Fed. R. Bankr. P. 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate. *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *Air*

*Line Pilots Ass., Int'l v. America National Bank and Trustee Co. of Chicago (In re Ionosphere Clubs, Inc.),* 156 B.R. 413, 426 (S.D.N.Y. 1993), *aff'd,* 17 F. 3d 600 (2d Cir. 1994).

29.    Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* at 891.

30.    The Court must consider the following factors in determining whether to approve the settlement agreement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied,* 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

23.    Here, all of the relevant *Justice Oaks* factors weigh heavily in favor of the Court's approval of the compromises between the Trustee and the Defendants.

24.    Even if the Trustee were successful in the adversary proceedings against the Defendants, there would likely be collection difficulties, absent these settlements. Moreover, given the vagaries of litigation, there are no guarantees as to the potential results of such actions. Additionally, by settling, the Trustee is reducing the administrative burden to the estate of having to fully litigate these matters, which represents an advantageous cost-benefit solution to the estate.

26.    All compromises addressed in this Motion therefore meet the *Justice Oaks* factors, as they will benefit creditors and the estate.

**WHEREFORE**, for all of the foregoing reasons, the Trustee respectfully requests entry of an order approving the Trustee's proposed compromises as to: (1) Adv. Pro. No. 18-1313-AJC between the Trustee and Defendant Rivera; (2) Adv. Pro. No. 18-1317-AJC and Adv. Pro. No. 18-1318-AJC between the Trustee and Defendant Gandara Jr.; (3) Adv. Pro. No. 18-1300-AJC between the Trustee and Defendant Morgan; (4) Adv. Pro. No. 18-1307-AJC between the Trustee and Defendants Torres and Rodriguez; (5) Adv. Pro. No. 18-1308-AJC between the Trustee and Defendant Walker; and (6) Adv. Pro. No. 18-1301-AJC between the Trustee and Defendant Krauss.

Dated: December 5, 2018                    Respectfully submitted,

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street
11th Floor
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

By:    */s/ Luis R. Casas*
        Eyal Berger, Esq.
        Florida Bar Number: 0011069
        Email: eyal.berger@akerman.com
        Luis R. Casas, Esq.
        Florida Bar Number: 0094222
        Email: luis.casasmeyer@akerman.com

***Counsel for Trustee***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished on December 5, 2018 to all parties receiving electronic notice via CM/ECF.

By: /s/ Luis R. Casas
Luis R. Casas, Esq.

# EXHIBIT A

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT is made and entered into by and between: Maria Yip, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (herein referred to as the "Trustee"); and Julio Enrique Rivera ("Rivera"). The Trustee and Rivera are herein referred to collectively as the "Parties."

WHEREAS, on or about July 27, 2018, the Trustee filed an Adversary Complaint in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Julio Enrique Rivera*, Adv. Pro. No. 18-01313-AJC (the "Action");

WHEREAS, in the Action, the Trustee has asserted several claims against Rivera, including based on fraudulent transfers and breaches of fiduciary duties;

WHEREAS, the Parties desire to settle the Action and resolve all disputes and claims between them;

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration which is hereby acknowledged, it is agreed by and among the Parties as follows:

1.      The foregoing recitals are regarded by the Parties to be true and correct and expressly incorporated into this Settlement Agreement.

2.      This Settlement Agreement is intended to settle and resolve all disputes, disagreements, and conflicts between the Trustee and Rivera which are at issue in the Action. The Parties agree that, subject to compliance with the terms of this Settlement Agreement and approval by the Court, it is the intention of this Settlement Agreement that any and all claims between the Parties regarding the subject matter of the Adversary Complaint filed in the Action are to be resolved by this settlement.

3.      Subject to approval of the Court, Rivera stipulates to the entry, by the Court, of a Consent Final Judgment for monetary relief in favor of the Trustee (the "Consent Judgment").

46994872:1

1

**EXHIBIT**

*A*

tabbies



The Consent Judgment shall be in the amount of $49,965,081.23. Based on the nature of the claims asserted in the Action, Rivera stipulates that the full amount of the Consent Judgment shall be deemed not to be dischargeable in bankruptcy. The Consent Judgment shall be substantially in the form of Exhibit A hereto, subject to any revisions as to form ordered or requested by the Court or as may be reasonably requested by the Trustee. Rivera shall provide the Trustee with any information as may be reasonably requested by the Trustee for preparation of the form of the Consent Judgment submitted to the Court.

       4.     As long as any part of the Consent Judgment remains unsatisfied, in the event that Rivera changes his contact information, Rivera shall provide the Trustee with Rivera's updated contact information (including, but not limited to, address, phone number, e-mail address, and contact information of counsel).

       5.     The Parties acknowledge that Rivera is a defendant in the action styled as *United States of America v. Julio Enrique Rivera*, Case No. 0:17-cr-00265-MJD-1, United States District Court for the District of Minnesota (the "Criminal Proceeding"). In the event that (a) the United States of America obtains, in the Criminal Proceeding, a monetary restitution judgment or order against Rivera in a fixed liquidated amount, and (b) the United States of America actually recovers any sums of money from Rivera in satisfaction (in whole or in part) of that restitution judgment or order, Rivera shall be entitled to a credit equal to that recovered monetary amount against the Consent Judgment which, if that occurs, will reduce the outstanding amount on the Consent Judgment.

       6.     The Parties acknowledge that they have read this Settlement Agreement, understand it, agree with its terms, and voluntarily and knowingly execute it. The Parties each acknowledge, warrant and represent that this Settlement Agreement was signed only after due consideration by each Party and consultation with their respective counsel. In signing this

46994872;1

Settlement Agreement, each Party acknowledges that he or she did not rely upon any oral or written statement or acts of any Party, other than as expressly stated in writing in this Settlement Agreement.

7.      This Settlement Agreement shall be binding upon the Parties, their heirs, their successors, and their assigns.

8.      This Settlement Agreement shall not be modified or amended except in writing signed by all parties to be charged.

9.      This Settlement Agreement constitutes the entire agreement between the Parties and supersedes any and all prior arrangements and understandings, whether written or oral.

10.     Each of the Parties acknowledges that he or she was represented by counsel in connection with the negotiation of this Settlement Agreement and that all counsel participated in the negotiation and drafting of this Settlement Agreement.   Accordingly, this Settlement Agreement shall not be construed more favorably for any of the Parties hereto regardless of who was responsible for its preparation.

11.     The Parties acknowledge that this Settlement Agreement is subject to approval by the Court.   The Parties shall refrain from prosecuting the Action pending the settlement approval process with the Court.   In the event that this Settlement Agreement is not approved by the Court, it shall be deemed null and void, and the Parties shall be returned to their status quo.

12.     The signatories to this Settlement Agreement represent and warrant that they are authorized and have the power to execute this Settlement Agreement.

13.     This Settlement Agreement shall be governed by the laws of the State of Florida, irrespective of its choice of law rules.

14.     This Settlement Agreement may be executed in counterparts, and each counterpart shall be and constitute a part of this Settlement Agreement and all counterparts taken together shall constitute this Settlement Agreement, and be binding and effective upon all of the Parties hereto.

3

46994872:1

IN WITNESS THEREOF, the Parties hereto have caused this Settlement Agreement to be executed by each of them as of the date of their signatures below.  This Settlement Agreement shall be effective on the date of approval by the Court.

[Remainder of page left blank]

4

ACCEPTED AND AGREED:

_____                Dated: _____ ___, 2018
JULIO RIVERA


STATE OF FLORIDA    )

                                        SS.

COUNTY OF BROWARD )

      Subscribed and sworn to before me on this 21 day of November, 2018, by

Julio E. Rivera    , proved to me on the basis of satisfactory evidence to be the person

who appeared before me.


_____

Signature of Notary Public

TAYLOR MULKINS
MY COMMISSION # GG 268233
EXPIRES: October 16, 2022
Bonded Thru Notary Public Underwriters

46994872;1

**ACCEPTED AND AGREED:**

_[signature]_                                                          Dated: November 21, 2018
MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC

STATE OF FLORIDA _____ )

                                                  SS.

COUNTY OF MIAMI-DADE )

        Subscribed and sworn to before me on this 21ST day of November, 2018, by

MARIA M. YIP _____, proved to me on the basis of satisfactory evidence to be the person

who appeared before me.

_[signature]_

Signature of Notary Public

RICHARD DIAZ
MY COMMISSION # GG035127
EXPIRES October 02, 2020

6

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                      Chapter 7

PROVIDENCE FINANCIAL INVESTMENTS, INC., and                 Case No. 16-20516-AJC
PROVIDENCE FIXED INCOME FUND, LLC,                          Case No. 16-20517-AJC
                                                            (Jointly Administered)

        Debtors.
_____/

MARIA YIP, as Trustee of Providence                         Adv. Pro. No. 18−01313−AJC
Financial Investments, Inc. and Providence
Fixed Income Fund, LLC,

        Plaintiff,
v.

JULIO ENRIQUE RIVERA,

        Defendant.
_____/

## CONSENT FINAL JUDGMENT

     This Adversary Proceeding is before the Court on the complaint of Maria Yip, Chapter 7

Trustee, to recover transfers pursuant to Sections 544, 548 and 550 of the Bankruptcy Code and

47161512;1

Sections 726.105 and 726.106 of the Florida Statutes and for other relief. The Plaintiff and Defendant Julio Enrique Rivera, entered into a Settlement Agreement which was approved by the Court in its Order _____. Pursuant to the Settlement Agreement and without making any determination of the legal basis for the Plaintiff's claims, it is **ORDERED** and **ADJUDGED**:

1.    Plaintiff, Maria Yip, the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC, whose mailing address is 2 S. Biscayne Blvd., #2690, Miami, Florida 33131, shall recover from Defendant Julio Enrique Rivera (Social Security #XXX-XX-_____), whose mailing address is 8301 NW 12th St., Pembroke Pines, Florida 33024, the amount of $49,965,081.23, pursuant to this Consent Final Judgment, for which let execution issue.

2.    This Consent Final Judgment shall accrue interest until paid in full at the prevailing interest rate established under 28 U.S.C. § 1961, which rate is currently _____%.

3.    It is further ordered that Defendant Julio Enrique Rivera, as judgment debtor, shall each complete under oath a Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), respectively (attached hereto as Exhibit A), including all required attachments, and said Defendant shall serve Form 1.977 on Plaintiff's attorney within forty-five (45) days from the date of this Consent Final Judgment, unless the  Consent Final Judgment is satisfied or post-judgment discovery is stayed.

4.    The jurisdiction of this Court is retained to enforce this Consent Final Judgment, as well as to enter further orders as necessary, including, but not limited to, issuance of post-judgment discovery, writs, and any other execution orders necessary.

###

47161512;1

Submitted by:

Bryan T. West
Counsel for Trustee
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, 11th Floor
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095
E-mail: bryan.west@akerman.com

*(Attorney West is directed to mail a conformed copy of this consent final judgment immediately upon receipt to all parties of interest.)*

3

47161512;1

## CONSENT

The Plaintiff, through her undersigned counsel, and Defendant, through his undersigned counsel, hereby consent to entry of the foregoing Consent Final Judgment.

SUSAN D. LASKY, PA                                      AKERMAN LLP
915 Middle River Dr. Suite 420
Fort Lauderdale, FL 33304
(954) 400-7474/ (954)206-0628 Fax          By:  /s/
Sue@suelasky.com                                              Brian P. Miller
                                                                        Florida Bar No.: 0980633
By:_____                          E-mail: Brian.Miller@akerman.com
SUSAN D. LASKY, ESQ.                                  Bryan T. West
Florida Bar No. 451096                                    Florida Bar No.: 83526
                                                                        E-mail: Bryan.West@akerman.com
ATTORNEY FOR DEFENDANT                        Luis R. Casas
                                                                        Florida Bar No.: 0094222
                                                                        Email: Luis.Casasmeyer@akerman.com
                                                                        Three Brickell City Centre
                                                                        98 Southeast Seventh Street, 11th Floor
                                                                        Miami, Florida 33131
                                                                        Phone: (305) 374-5600
                                                                        Fax: (305) 374-5095


                                                                        ATTORNEYS FOR PLAINTIFF

4

47161512;1

**EXHIBIT A**

**FORM 1.977 FACT INFORMATION SHEET-INDIVIDUAL**

Full Legal Name: _____

Nicknames or Aliases: _____

Residence Address: _____

Mailing Address (if different): _____

Telephone Numbers: (Home)_____ (Business)_____

Name of Employer:_____

Address of Employer: _____

Position or Job Description: _____

Rate of Pay: $_____ per _____ Average Paycheck: $_____

per _____

Average Commissions or Bonuses: $_____ per _____

Commissions or bonuses are based on_____

_____

Other Personal Income: $_____ from _____

(Explain details on the back of this sheet or an additional sheet if necessary.)

Social Security Number: _____

Birthdate: _____

Driver's License Number: _____

Marital Status: _____ Spouse's Name: _____

Spouse's Address (if different): _____

_____

Spouse's Social Security Number: _____

Spouse's Birthdate: _____

Spouse's Employer: _____

Spouse's Average Paycheck or Income: $_____ per _____

Other Family Income: $_____ per _____ (Explain details on

back of this sheet or an additional sheet if necessary.)

Names and Ages of All Your Children (and addresses if not living with you):

_____

_____

Child Support or Alimony Paid: $_____ per _____

Names of Others You Live With:

_____

Who is Head of Your Household? _____ You _____ Spouse _____

_____Other Person

Checking Account at: _____ Account #_____

Savings Account at: _____ Account #_____

(Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or an additional sheet if necessary.)

47161512;1

For Real Estate (land) You Own or Are Buying:

Address:

_____

All Names on Title:

_____

Mortgage Owed to:

_____

Balance Owed:

_____

Monthly Payment:

$_____

(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or an additional sheet if necessary.  Also provide the same information on any other property you own or are buying.)

For All Motor Vehicles You Own or Are Buying:

_____ Year/Make/Model: _____ Color: _____

Vehicle ID #: _____ Tag No. _____ Mileage: _____

Names on Title: _____ Present Value: $_____

Loan Owed to:

_____

Balance on Loan: $_____

Monthly Payment:  $_____    (List all other automobiles, as well as other vehicles, such as boats, motorcycles, bicycles, or aircraft, on the back of this sheet or an additional sheet if necessary.)

Have you given, sold, loaned, or transferred any real or personal property worth more than $100 to any person in the last year?  If your answer is "yes," describe the property and sale price, and give the name and address of the person who received the property.

Does anyone owe you money?  Amount Owed:

$_____

Name and Address of Person Owing Money:

_____

Reason money is owed:

_____

Please attach copies of the following:

     a.    Your last pay stub

     b.    Your last 3 statements for each bank, savings, credit union, or other financial account.

     c.    Your motor vehicle registrations and titles.

     d.    Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting.

     e.    Your financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last three years.

     f.    Your last two (2) income tax returns filed.

47161512;1

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

_____
Judgment Debtor

STATE OF FLORIDA            )
COUNTY OF _____ )
       The foregoing instrument was acknowledged before me this _____ day of _____, _____, by _____ who is personally known to me or has produced _____ as identification and who _____ did/did _____ not take an oath.

       WITNESS my hand and official seal, this _____ day of _____, 2018.

_____
Notary Public, State of Florida
My commission expires:

THE JUDGMENT DEBTOR SHALL FILE WITH THE CLERK OF THE COURT A NOTICE OF COMPLIANCE AFTER THE ORIGINAL FACT INFORMATION SHEET, TOGETHER WITH ALL ATTACHMENTS, HAS BEEN DELIVERED TO THE JUDGMENT CREDITOR'S ATTORNEY.

47161512;1

# EXHIBIT B

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below ("Effective Date"), by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee"), on the one hand, and Manuel Gandara (the "Defendant"), on the other hand. Collectively, the Trustee and the Defendant shall be referred to as the "Parties."

### RECITALS:

A.       On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.

B.       Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C.       On July 27, 2018, the Trustee commenced an adversary proceeding against the Defendant in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Manuel Gandara*, Adv. Pro. No. 18-01317-AJC and against Manuel E. Gandara, the Defendant's father, in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Manuel E. Gandara*, Adv. Pro. No. 18-01318-AJC (together the "Adversary Proceedings").

D.       In order to avoid the high costs and uncertainties of litigation in the Adversary Proceedings, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.       **Recitations**.  The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2.       **Non-Admission of Liability**.  Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party.

**Page 1 of 5**

46992887;1



EXHIBIT
B

3.    **Attorney Representation**. Each Party warrants and represents that each Party is entering into this Agreement voluntarily, and without any duress or undue influence. Each Party further represents that each Party has been encouraged to and have had the opportunity to consult with legal counsel of their own choosing.

4.    **Terms**. As full and final settlement of the dispute, the Parties agree as follows:

4.1.    The Defendant shall make a one-time settlement payment in the amount of $10,000 to the Trustee (the "Settlement Payment") within 15 days of Trustee's attorneys' notification to Defendant of the issuance of the Final Settlement Order (defined in Section 5 below) by the Court. The Settlement Payment shall be in the form of a cashier's check made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC.

4.2.    After entry of the Final Settlement Order and upon receipt of the Settlement Payment in full, the Trustee shall dismiss the Adversary Proceedings (Adv. Pro. No. 18-01317-AJC filed against the Defendant and Adv. Pro. No. 18-01318-AJC filed against the Defendant's father) with prejudice, with each Party to bear each Party's own fees and costs.



4.3.    The Parties agree that the Court shall retain jurisdiction only to enforce this Agreement.

5.    **Conditions Precedent**. This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving the Agreement (the "Final Settlement Order"). In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

6.    **Release/Waiver**. With the exception of Section 4.3 hereof, the Defendant, as part of the consideration for the Trustee entering into this Agreement, hereby forever releases, and/or waives any and all claims the Defendant may have or could claim to have against the bankruptcy estates of the Debtors, the Trustee, or the agents of the Trustee, which release shall be effective immediately upon the entry of a Final Settlement Order approving this Agreement.

7.    **Release/Waiver**. The Trustee, as part of the consideration for the Defendant entering into this Agreement, hereby forever releases, and/or waives any and all claims the Trustee may have or could claim to have against the Defendant and the estate of Manuel E. Gandara, the Defendant's father, which release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the payment contemplated in Section 4.1 above.

8.    **Entire Agreement**. This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceedings and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral.

46992887;1

Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and the advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

9.    **Amendments**. This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

10.    **Partial Invalidity**. If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

11.    **Survival**. All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

12.    **Applicable Law**. This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

13.    **Counterparts**. This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement. Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

14.    **No Adverse Construction.** The Parties acknowledge that this Agreement has been prepared by each of them. In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.



[Rest of Page Left Blank]

46992887;1

**ACCEPTED AND AGREED:**

Manuel Gandara

Dated: DECEMBER 4, 2018

Commonwealth of Puerto Rico

Aff. # 1,083

CITY/COUNTY OF San Juan

    Subscribed and sworn to before me on this 4 day of december, 2018, by Manuel Gándara, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature of Notary Public



46992887;1

**ACCEPTED AND AGREED:**

*[signature]*                                    Dated: _November 30_, 2018

MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC

STATE OF _FLORIDA_   )

                              SS.

COUNTY OF _MIAMI DADE_)

        Subscribed and sworn to before me on this _30th_ day of _November_, 2018, by

_MARIA M. YIP_, proved to me on the basis of satisfactory evidence to be the person

who appeared before me.

*[signature]*

┌─────────────────────────────────────┐
│           RICHARD DIAZ               │
│   MY COMMISSION # GG035127           │
│   EXPIRES October 02, 2020           │
└─────────────────────────────────────┘

_____
Signature of Notary Public

Page 5 of 5

46992887;1

# EXHIBIT C

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below ("Effective Date"), by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee") and Mildred Morgan (the "Defendant"). Collectively, the Trustee and the Defendant shall be referred to as the "Parties."

### RECITALS:

A.      On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.

B.      Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C.      On July 27, 2018, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") against the Defendant in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Mildred Morgan*, Adv. Pro. No. 18-01300-AJC.

D.      In order to avoid the high costs and uncertainties of litigation in the Adversary Proceeding, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.      **Recitations**. The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2.      **Non-Admission of Liability**. Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party.

3.      **Attorney Representation**. Each Party warrants and represents that she is entering into this Agreement voluntarily, and without any duress or undue influence. Each Party further represents that she has been encouraged to and had the opportunity to consult with legal counsel of her own choosing.

**Page 1 of 5**

46829974;1

EXHIBIT

*C*

4.    <u>Terms</u>. As full and final settlement of the dispute, the Parties agree as follows:

4.1.    The Defendant shall make a one-time settlement payment in the amount of $7,500.00 to the Trustee (the "Settlement Payment") within 15 days of issuance of the Final Settlement Order (defined in Section 5 below) by the Court.   The Settlement Payment shall be in the form of a cashier's check made payable to Maria Yip, Chapter 7 Trustee  for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC.

4.2.    After entry of the Final Settlement Order and upon receipt of the Settlement Payment in full, the Trustee shall dismiss the Adversary Proceeding with prejudice, with each Party to bear her own fees and costs.

4.3.    The Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

5.    <u>Conditions Precedent</u>. This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving the Agreement (the "Final Settlement Order"). In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

6.    <u>Release/Waiver</u>. The Defendant, as part of the consideration for the Trustee entering into this Agreement, hereby forever releases and/or waives any and all claims the Defendant may have or could claim to have against the bankruptcy estates of the Debtors, the Trustee, or the agents of the Trustee, which release shall be effective immediately upon the entry of a Final Settlement Order approving this Agreement.

7.    <u>Release/Waiver</u>. The Trustee, as part of the consideration for the Defendant entering into this Agreement, hereby forever releases and/or waives any and all claims the Trustee may have or could claim to have against the Defendant, which release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the payment contemplated in Section 4.1 above.

8.    <u>Entire Agreement</u>.  This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceeding and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral. Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

9.    <u>Amendments</u>. This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

46829974;1

10.    **Partial Invalidity**.  If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

11.    **Survival**.  All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

12.    **Applicable Law**.  This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

13.    **Counterparts**.  This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement.  Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

14.    **No Adverse Construction.**  The Parties acknowledge that this Agreement has been prepared by each of them.  In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

[Rest of Page Left Blank]

46829974;1

**ACCEPTED AND AGREED:**

*Mildred Morgan*
Mildred Morgan

Dated: 11-06     , 2018

STATE OF  *Texas*  )

                              SS.

COUNTY OF  *Dallas*  )

Subscribed and sworn to before me on this  6  day of  *November*, 2018, by

*Mildred Morgan*, proved to me on the basis of satisfactory evidence to be the person

who appeared before me.



Signature of Notary Public

> **Kimberly Washington**
> Notary Public, State of Texas
> Comm. Expires 01-03-2022
> Notary ID 1187551-7

46829974:1

**ACCEPTED AND AGREED:**


_Maria de Yip, Trustee_                Dated: _November 9_, 2018
MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC


STATE OF _Florida_      )

                    SS.

COUNTY OF _Miami-Dade_ )

    Subscribed and sworn to before me on this _9th_ day of _November_ , 2018, by

_personally known to me_, proved to me on the basis of satisfactory evidence to be the person who

appeared before me.


_____
Signature of Notary Public

> Notary Public State of Florida
> Santiago Carpio
> My Commission GG 180105
> Expires 01/29/2022

46829974;1

# EXHIBIT D

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below ("Effective Date"), by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee"), on the one hand, and Ovie Torres and Isabel Rodriquez (the "Defendants"), on the other hand.  Collectively, the Trustee and the Defendants shall be referred to as the "Parties."

## RECITALS:

A.    On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.



B.    Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C.    On July 27, 2018, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") against the Defendants in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Ovie Torres and Isabel Rodriquez*, Adv. Pro. No. 18-01307-AJC.

D.    In order to avoid the high costs and uncertainties of litigation in the Adversary Proceeding, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.    **Recitations**.  The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2.    **Non-Admission of Liability**.  Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors,  subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party.

3.    **Attorney Representation**.  Each Party warrants and represents that each Party is entering into this Agreement voluntarily, and without any duress or undue influence.  Each Party further represents that each Party has been encouraged to and have had the opportunity to consult with legal counsel of their own choosing.

**Page 1 of 6**



EXHIBIT

tabbies

D

4.    **Terms**. As full and final settlement of the dispute, the Parties agree as follows:

4.1.    The Defendants, jointly and severally, shall make a one-time settlement payment in the amount of $10,000 to the Trustee (the "Settlement Payment") within 15 days of issuance of the Final Settlement Order (defined in Section 5 below) by the Court. The Settlement Payment shall be in the form of a cashier's check made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC.

4.2.    The Defendants' payment obligation reflected in Section 4.1 shall not occur sooner than December 1, 2018.

4.3.    Within 30 days of having made the Settlement Payment, the Defendants may file a proof of claim in the amount of the Settlement Payment as an unsecured nonpriority claim, as to which the Trustee will not object, and, to the extent permitted by the Court, the same shall be allowed and paid in accordance with any future distribution of estate assets as if timely filed.



4.4.    After entry of the Final Settlement Order and upon receipt of the Settlement Payment in full, the Trustee shall dismiss the Adversary Proceeding with prejudice, with each Party to bear each Party's own fees and costs.

4.5.    The Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

5.    **Conditions Precedent**. This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving the Agreement (the "Final Settlement Order"). In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

6.    **Release/Waiver**. With the exception of Section 4.3 hereof, the Defendants, as part of the consideration for the Trustee entering into this Agreement, hereby forever release and/or waive any and all claims the Defendants may have or could claim to have against the bankruptcy estates of the Debtors, the Trustee, or the agents of the Trustee, which release shall be effective immediately upon the entry of a Final Settlement Order approving this Agreement.

7.    **Release/Waiver**. The Trustee, as part of the consideration for the Defendants entering into this Agreement, hereby forever releases and/or waives any and all claims the Trustee may have or could claim to have against the Defendants, which release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the payment contemplated in Section 4.1 above.

8.    **Entire Agreement**. This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceeding and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral.

**Page 2 of 6**

Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

9.     **Amendments.**  This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.



10.     **Partial Invalidity.**  If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

11.     **Survival.**  All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

12.     **Applicable Law.**  This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

13.     **Counterparts.**  This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement.  Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

14.     **No Adverse Construction.**  The Parties acknowledge that this Agreement has been prepared by each of them.  In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

[Rest of Page Left Blank]

46833059;1

**ACCEPTED AND AGREED:**



_____
Ovie Enrique Torres Crespo

Dated: Nov. 27, 2018

**AFFIDAVIT NUM:** 398

Sworn to and subscribed before me by OVIE ENRIQUE TORRES CRESPO, of legal age, married and resident of Carolina, Puerto Rico, who is personally known to me and to be the person who appeared before me. In San Juan, Puerto Rico, this 27nd day of November 2018.



NOTARY PUBLIC



Page 4 of 6

**ACCEPTED AND AGREED:**




Isabel María Rodríguez Collazo

Dated: Nov. 27 , 2018

**AFFIDAVIT NUM:** 399

Sworn to and subscribed before me by ISABEL MARÍA RODRÍGUEZ COLLAZO, of legal age, married and resident of Carolina, Puerto Rico, who is personally known to me and to be the person who appeared before me. In San Juan, Puerto Rico, this 27nd day of November 2018.




NOTARY PUBLIC

Page 5 of 6

46833059;1

**ACCEPTED AND AGREED:**


_Maria M. Yip, Trustee_

Dated: _December 4_, 2018

MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC


STATE OF _FLORIDA_    )

                       SS.

COUNTY OF _MIAMI DADE_)

    Subscribed and sworn to before me on this _4th_ day of _DECEMBER_, 2018, by

_MARIA M. YIP_, proved to me on the basis of satisfactory evidence to be the person

who appeared before me.

_Paul D_

```
┌──────────────────────────────────────┐
│  (seal)     RICHARD DIAZ              │
│         MY COMMISSION # GG035127      │
│         EXPIRES October 02, 2020      │
└──────────────────────────────────────┘
```

Signature of Notary Public

46833059;1

# EXHIBIT E

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below ("Effective Date"), by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee") and Shirley Walker (the "Defendant"). Collectively, the Trustee and the Defendant shall be referred to as the "Parties."

### RECITALS:

A.     On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.,* Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.

B.     Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C.     On July 27, 2018, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") against the Defendant in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Shirley Walker,* Adv. Pro. No. 18-01308-AJC.

D.     In order to avoid the high costs and uncertainties of litigation in the Adversary Proceeding, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.     **Recitations.** The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2.     **Non-Admission of Liability.** Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party.

3.     **Attorney Representation.** Each Party warrants and represents that she is entering into this Agreement voluntarily, and without any duress or undue influence. Each Party further represents that she has been encouraged to and had the opportunity to consult with legal counsel of her own choosing.



46708569;1

**EXHIBIT**

*E*

tabbies®

4.    **Terms**.  As full and final settlement of the dispute, the Parties agree as follows:

4.1.    The Defendant shall make a one-time settlement payment in the amount of $5,000.00 to the Plaintiff (the "Settlement Payment") within 15 days of issuance of the Final Settlement Order (defined in Section 5 below) by the Court.  The Settlement Payment shall be in the form of a cashier's check made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC.

4.2.    After entry of the Final Settlement Order and upon receipt of the Settlement Payment in full, the Trustee shall dismiss the Adversary Proceeding with prejudice, with each Party to bear her own fees and costs.

4.3.    The Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

5.    **Conditions Precedent**. This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving the Agreement (the "Final Settlement Order"). In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

6.    **Release/Waiver**. The Defendant, as part of the consideration for the Trustee entering into this Agreement, hereby forever releases and/or waives any and all claims the Defendant may have or could claim to have against the bankruptcy estates of the Debtors, the Trustee, or the agents of the Trustee, which release shall be effective immediately upon the entry of a Final Settlement Order approving this Agreement.

7.    **Release/Waiver**. The Trustee, as part of the consideration for the Defendant entering into this Agreement, hereby forever releases and/or waives any and all claims the Trustee may have or could claim to have against the Defendant, which release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the payment contemplated in Section 4.1 above.

8.    **Entire Agreement**. This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceeding and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral. Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

9.    **Amendments**. This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing

46708569;1

and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

       10.    **Partial Invalidity.**  If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

       11.    **Survival.**  All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

       12.    **Applicable Law.**  This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

       13.    **Counterparts.**  This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement.  Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

       14.    **No Adverse Construction.**  The Parties acknowledge that this Agreement has been prepared by each of them.  In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

       IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

[Rest of Page Left Blank]

46708569;1

**ACCEPTED AND AGREED:**

*Shirley Walker*
Shirley Walker

Dated: _10/24_ 2018

STATE OF _Dallas_ )

             SS.

COUNTY OF _Texas_ )

    Subscribed and sworn to before me on this _24th_ day of _October_ , 2018, by _Shinley WAlkeR_, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Signature of Notary Public

> MIGUEL SOTO
> Notary ID #131428472
> My Commission Expires
> January 30, 2022

**ACCEPTED AND AGREED:**


_Maria M. Yip, Trustee_                      Dated: _November 5_, 2018

MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC


STATE OF _FLORIDA_    )

                                   SS.

COUNTY OF _MIAMI-DADE_)

Subscribed and sworn to before me on this _5th_ day of _NOVEMBER_, 2018, by

_MARIA M. YIP_, proved to me on the basis of satisfactory evidence to be the person

who appeared before me.


_____
Signature of Notary Public

RICHARD DIAZ
MY COMMISSION # GG035127
EXPIRES October 02, 2020

46708569;1

# EXHIBIT F

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below ("Effective Date"), by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee"), on the one hand, and Anne Tower Krauss (the "Defendant"), on the other hand.  Collectively, the Trustee and the Defendant shall be referred to as the "Parties."

## RECITALS:

A.       On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.

B.       Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C.       On July 27, 2018, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") against the Defendant in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Anne Tower Krauss,* Adv. Pro. No. 18-1303-AJC.

D.       In order to avoid the high costs and uncertainties of litigation in the Adversary Proceeding, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.       **Recitations**.  The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2.       **Non-Admission of Liability**.  Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors,  subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party.

3.       **Attorney Representation**.  Each Party warrants and represents that each Party is entering into this Agreement voluntarily, and without any duress or undue influence. Each Party further represents that each Party has been encouraged to and have had the opportunity to consult with legal counsel of their own choosing.

47023356;1

**EXHIBIT**

F

4.      **Terms**.  As full and final settlement of the dispute, the Parties agree as follows:

4.1.    The Defendant shall make a one-time settlement payment in the amount of $5,000 to the Trustee (the "Settlement Payment") within 15 days of issuance of the Final Settlement Order (defined in Section 5 below) by the Court.  The Settlement Payment shall be in the form of a cashier's check made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC.

4.2.    After entry of the Final Settlement Order and upon receipt of the Settlement Payment in full, the Trustee shall dismiss the Adversary Proceeding with prejudice, with each Party to bear each Party's own fees and costs.

4.3.    The Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

5.      **Conditions Precedent**.  This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving the Agreement (the "Final Settlement Order").  In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

6.      **Release/Waiver**.  With the exception of Section 4.3 hereof, the Defendant, as part of the consideration for the Trustee entering into this Agreement, hereby forever releases and/or waives any and all claims the Defendant may have or could claim to have against the bankruptcy estates of the Debtors, the Trustee, or the agents of the Trustee, which release shall be effective immediately upon the entry of a Final Settlement Order approving this Agreement.

7.      **Release/Waiver**.  The Trustee, as part of the consideration for the Defendant entering into this Agreement, hereby forever releases and/or waives any and all claims the Trustee may have or could claim to have against the Defendant, which release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the payment contemplated in Section 4.1 above.

8.      **Entire Agreement**.  This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceeding and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral. Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

9.      **Amendments**.  This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing

47023356;1

and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

10. **Partial Invalidity**. If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

11. **Survival**. All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

12. **Applicable Law**. This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

13. **Counterparts**. This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement. Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

14. **No Adverse Construction.** The Parties acknowledge that this Agreement has been prepared by each of them. In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

[Rest of Page Left Blank]

47023356;1

**ACCEPTED AND AGREED:**


_Anne Tower Krauss_
Anne Tower Krauss

Dated: _11, 24,_ , 2018


STATE OF _Illinois_ )

                     SS.

COUNTY OF _Lake_ )

    Subscribed and sworn to before me on this _24th_ day of _November_, 2018, by _Anne Tower Krauss_, proved to me on the basis of satisfactory evidence to be the person who appeared before me.


_[signature]_

Signature of Notary Public

> **ALBERTO TAMEZ**
> **Official Seal**
> **Notary Public - State of Illinois**
> **My Commission Expires Oct 22, 2019**

**ACCEPTED AND AGREED:**

_____
MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC

Dated: _November 30_, 2018

STATE OF _FLORIDA_ )

                        SS.

COUNTY OF _MIAMI DADE_)

    Subscribed and sworn to before me on this _30th_ day of _November_, 2018, by

_MARIA M. YIP_, proved to me on the basis of satisfactory evidence to be the person

who appeared before me.

_____

Signature of Notary Public

RICHARD DIAZ
MY COMMISSION # GG035127
EXPIRES October 02, 2020

47023356;1