# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

IN RE:                                              Case No. 16-20516-AJC
                                                    Chapter 7
PROVIDENCE FINANCIAL INVESTMENTS INC.               (Jointly Administered)
and PROVIDENCE FIXED INCOME FUND, LLC               Case No. 16-20517-AJC

      Debtors.

_____/

## TRUSTEE'S OMNIBUS MOTION TO COMPROMISE CONTROVERSIES WITH ADVERSARY DEFENDANTS: 1) JOSÉ MANUEL ORDOÑEZ; AND 2) DEBORAH HAYS A/K/A DEBBIE HAYS

---

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

     Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order granting the relief requested in the motion.

     If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at United States Courthouse, 301 North Miami Avenue, Miami, FL 33128, and serve a copy on the movant's attorney, Luis R. Casas, 98 SE 7th Street, Suite 1100 Miami, Florida 33131 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

     If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

     Plaintiff Maria Yip, the Chapter 7 Trustee for the bankruptcy estate of Providence Financial

Investments, Inc. ("Providence Financial") and Providence Fixed Income Fund, LLC ("Providence

Fund") (collectively, the "Providence Debtors"), as the Trustee and the Plaintiff in (1) Adv. Pro.

No. 18-01311-AJC filed against Defendant José Manuel Ordoñez ("Ordoñez"); and  (2) Adv. Pro.

No. 17-01155-AJC filed against Defendant Deborah Hays a/k/a Debbie Hays ("Hays") (together the "Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1, files this omnibus motion (the "Motion") seeking entry of an order approving the Trustee's proposed compromises with the Defendants in the aforementioned adversary proceedings.  In support of this Motion, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 105(a), 363(b), and 506 of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9019-1.

### Procedural and Factual Background

4.      Providence Financial filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on July 28, 2016.

5.      On the same date, Providence Fund filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

6.      The Trustee believes that the Providence Debtors were used as part of a global Ponzi scheme that raised over $64 million in the United States and defrauded investors.  Antonio Buzaneli, Ordoñez, Julio Rivera, and other co-conspirators utilized the Providence Debtors, along with entities located in the United States and abroad, to perpetrate their fraudulent scheme.  The scheme involved the sale of unregistered securities by way of promissory notes to investors while promising annual returns typically between 12-13.5%.

47470401;1

7.      The Providence Debtors offered and sold promissory notes to investors throughout the United States.

8.      In order to market and sell the promissory note investments, Providence recruited what Providence referred to as its "originators."   The originators were promised commissions, which were denominated "referral fees," for successfully introducing potential investors who ended up issuing funds to the Debtors  to purchase these promissory notes.

9.      Defendant Hays was an originator for Providence.

10.      On April 14, 2017, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 17-01155-AJC] against Hays, asserting claims to avoid and recover referral fees and for other relief, seeking entry of a judgment totaling at least $890,020.30 against Hays.

11.      On July 27, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-01311-AJC] against Ordoñez, asserting claims to recover damages resulting from the entry of a judgment against the estate totaling at least $49,511,186 due to his role as an officer of Providence.

### The Proposed Settlement Agreements

**A.  Compromise With Ordoñez**

12.      Subject to court approval, Ordoñez has agreed to entry on behalf of the Trustee and against Ordoñez of a judgment totaling $49,511,186, the full amount sought by the Trustee in Adv. No. 18-01311.  A copy of this settlement agreement is attached as **Exhibit "A"** to this Motion.

**B.  Compromise With Hays**

13.      Subject to court approval, the Trustee and Defendant Hays entered into a settlement agreement in which Defendant Hays agreed to pay the estate $20,000 in exchange for the dismissal

of Adv. No. 17-01155.  A copy of this settlement agreement is attached as **Exhibit "B"** to this Motion.

**Relief Requested**

14.      The Trustee seeks entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Trustee's proposed compromises with the Defendants as described above and in the attached settlement agreements to this Motion.

**Legal Basis and Authority for Relief**

15.      Fed. R. Bankr. P. 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are a normal part of the bankruptcy process.  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1969) (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106 (1939)).

16.      To approve a compromise and settlement under Fed. R. Bankr. P. 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate.  *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *Air Line Pilots Ass., Int'l v. America National Bank and Trustee Co. of Chicago (In re Ionosphere Clubs, Inc.),* 156 B.R. 413, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994).

17.      Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion.  *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).  The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id*. at 891.

47470401;1

18.     The Court must consider the following factors in determining whether to approve the settlement agreement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises.  *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

23.     Here, all of the relevant *Justice Oaks* factors weigh heavily in favor of the Court's approval of the compromises between the Trustee and the Defendants.

24.     Even if the Trustee were successful in the adversary proceedings against the Defendants, there would likely be collection difficulties, absent these settlements.  Moreover, given the vagaries of litigation, there are no guarantees as to the potential results of such actions. Additionally, by settling, the Trustee is reducing the administrative burden to the estate of having to fully litigate these matters, which represents an advantageous cost-benefit solution to the estate.

26.     The settlements with Ordoñez and Hays therefore meet the *Justice Oaks* factors, as they will benefit creditors and the estate.

**WHEREFORE**, for all of the foregoing reasons, the Trustee respectfully requests entry of an order approving the Trustee's proposed compromises as to:  (1) Adv. Pro. No. 18-01311-AJC between the Trustee and Defendant Ordoñez; and (2) Adv. Pro. No. 17-01155-AJC between the Trustee and Defendant Hays.

47470401;1

Dated: January 10, 2019                    Respectfully submitted,

                                           **AKERMAN LLP**
                                           Three Brickell City Centre
                                           98 Southeast Seventh Street, 11th Floor
                                           Miami, Florida 33131
                                           Phone: (305) 374-5600
                                           Fax: (305) 374-5095

                                           By:   */s/ Luis R. Casas*
                                                 Eyal Berger, Esq.
                                                 Florida Bar Number:  0011069
                                                 Email:  eyal.berger@akerman.com
                                                 Luis R. Casas, Esq.
                                                 Florida Bar Number:  0094222
                                                 Email:  luis.casasmeyer@akerman.com

                                           *Counsel for Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished on January 10, 2019 to all parties receiving electronic notice via CM/ECF.

                          By:  */s/ Luis R. Casas*
                               Luis R. Casas, Esq.

6

47470401;1

# EXHIBIT A

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT is made and entered into by and between: Maria Yip, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (herein referred to as the "Trustee"); and José Manuel Ordoñez ("Ordoñez"). The Trustee and Ordoñez are herein referred to collectively as the "Parties."

WHEREAS, on or about July 27, 2018, the Trustee filed an Adversary Complaint in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. José Manuel Ordoñez*, Adv. Pro. No. 18-01311-AJC (the "Action");

WHEREAS, in the Action, the Trustee has asserted several claims against Ordoñez, including based on breaches of fiduciary duties;

WHEREAS, the Parties desire to settle the Action and resolve all disputes and claims between them;

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration which is hereby acknowledged, it is agreed by and among the Parties as follows:

1.      The foregoing recitals are regarded by the Parties to be true and correct and expressly incorporated into this Settlement Agreement.

2.      This Settlement Agreement is intended to settle and resolve all disputes, disagreements, and conflicts between the Trustee and Ordoñez which are at issue in the Action. The Parties agree that, subject to compliance with the terms of this Settlement Agreement and approval by the Court, it is the intention of this Settlement Agreement that any and all claims between the Parties regarding the subject matter of the Adversary Complaint filed in the Action are to be resolved by this settlement.

3.      Subject to approval of the Court, Ordoñez stipulates to the entry, by the Court, of a Consent Final Judgment for monetary relief in favor of the Trustee (the "Consent Judgment").

1

47226203;1

The Consent Judgment shall be in the amount of $49,511,186.00. Based on the nature of the claims asserted in the Action, Ordoñez stipulates that the full amount of the Consent Judgment shall be deemed not to be dischargeable in bankruptcy. The Consent Judgment shall be substantially in the form of Exhibit A hereto, subject to any revisions as to form ordered or requested by the Court or as may be reasonably requested by the Trustee. Ordoñez shall provide the Trustee with any information as may be reasonably requested by the Trustee for preparation of the form of the Consent Judgment submitted to the Court.

4.      The Parties acknowledge that Ordoñez is a defendant in the action styled as *United States of America v. José Manuel Ordoñez, Jr.*, Case No. 0:17-cr-00284-MJD-HB-2, United States District Court for the District of Minnesota (the "Criminal Proceeding"). In the event that (a) the United States of America obtains, in the Criminal Proceeding, a monetary restitution judgment or order against Ordoñez in a fixed liquidated amount, and (b) the United States of America actually recovers any sums of money from Ordoñez in satisfaction (in whole or in part) of that restitution judgment or order, Ordoñez shall be entitled to a credit equal to that recovered monetary amount against the Consent Judgment which, if that occurs, will reduce the outstanding amount on the Consent Judgment.

5.      The Parties acknowledge that they have read this Settlement Agreement, understand it, agree with its terms, and voluntarily and knowingly execute it. The Parties each acknowledge, warrant and represent that this Settlement Agreement was signed only after due consideration by each Party and consultation with their respective counsel. In signing this Settlement Agreement, each Party acknowledges that he or she did not rely upon any oral or written statement or acts of any Party, other than as expressly stated in writing in this Settlement Agreement.

2

6.      This Settlement Agreement shall be binding upon the Parties and the Trustee's successors, and their assigns.

7.      This Settlement Agreement shall not be modified or amended except in writing signed by all parties to be charged.

8.      This Settlement Agreement constitutes the entire agreement between the Parties and supersedes any and all prior arrangements and understandings, whether written or oral.

9.      Each of the Parties acknowledges that he or she was represented by counsel in connection with the negotiation of this Settlement Agreement and that all counsel participated in the negotiation and drafting of this Settlement Agreement.   Accordingly, this Settlement Agreement shall not be construed more favorably for any of the Parties hereto regardless of who was responsible for its preparation.

10.      The Parties acknowledge that this Settlement Agreement is subject to approval by the Court.   The Parties shall refrain from prosecuting the Action pending the settlement approval process with the Court.   In the event that this Settlement Agreement is not approved by the Court, it shall be deemed null and void, and the Parties shall be returned to their status quo.

11.      The signatories to this Settlement Agreement represent and warrant that they are authorized and have the power to execute this Settlement Agreement.

12.      This Settlement Agreement shall be governed by the laws of the State of Florida, irrespective of its choice of law rules.

13.      This Settlement Agreement may be executed in counterparts, and each counterpart shall be and constitute a part of this Settlement Agreement and all counterparts taken together shall constitute this Settlement Agreement, and be binding and effective upon all of the Parties hereto.

IN WITNESS THEREOF, the Parties hereto have caused this Settlement Agreement to be executed by each of them as of the date of their signatures below.  This Settlement Agreement shall be effective on the date of approval by the Court.

[Remainder of page left blank]

47226203;1

**ACCEPTED AND AGREED:**

JOSÉ MANUEL ORDOÑEZ

Dated: 12/20 , 2018

STATE OF Florida )

　　　　　　　　　　SS.

COUNTY OF Miami-Dade

　　　Subscribed and sworn to before me on this 20 day of December, 2018, by

Jose M. Ordoñez, proved to me on the basis of satisfactory evidence to be the person

who appeared before me.



Signature of Notary Public

DAYANA CRUZ
MY COMMISSION # GG 093796
EXPIRES: July 20, 2021
Bonded Thru Notary Public Underwriters

5

47226203;1

**ACCEPTED AND AGREED:**

Dated: _December 18_, 2018

_____
MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC

STATE OF _FLORIDA_      )

                                SS.

COUNTY OF _MIAMI-DADE_  )

Subscribed and sworn to before me on this _18th_ day of _DECEMBER_, 2018, by _PERSONALLY KNOWN TO ME_, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Signature of Notary Public

SHAURA PHILLIP
Notary Public – State of Florida
Commission # GG 177573
My Comm. Expires Jan 22, 2022
Bonded through National Notary Assn

47226203;1

6

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                              Chapter 7

PROVIDENCE FINANCIAL INVESTMENTS, INC., and          Case No. 16-20516-AJC
PROVIDENCE FIXED INCOME FUND, LLC,                   Case No. 16-20517-AJC
                                                     (Jointly Administered)

        Debtors.

_____/

MARIA YIP, as Trustee of Providence                  Adv. Pro. No. 18−01311−AJC
Financial Investments, Inc. and Providence
Fixed Income Fund, LLC,

        Plaintiff,
v.

JOSÉ MANUEL ORDOÑEZ,

        Defendant.

_____/

## **CONSENT FINAL JUDGMENT**

      This Adversary Proceeding is before the Court on the complaint of Maria Yip, Chapter 7

Trustee, to recover damages and for other relief based on claims for breach of fiduciary duty and

47165936;1

aiding and abetting breaches of fiduciary duty. The Plaintiff and Defendant José Manuel Ordoñez, entered into a Settlement Agreement which was approved by the Court in its Order _____. Pursuant to the Settlement Agreement and without making any determination of the legal basis for the Plaintiff's claims, it is **ORDERED** and **ADJUDGED**:

      1.    Plaintiff, Maria Yip, the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC, whose mailing address is 2 S. Biscayne Blvd., #2690, Miami, Florida 33131, shall recover from Defendant José Manuel Ordoñez (Social Security #XXX-XX-_____), whose mailing address is _____, the amount of $49,511,186.00, pursuant to this Consent Final Judgment, for which let execution issue.

      2.    This Consent Final Judgment shall accrue interest until paid in full at the prevailing interest rate established under 28 U.S.C. § 1961, which rate is currently _____%.

      3.    It is further ordered that Defendant José Manuel Ordoñez, as judgment debtor, shall complete under oath a Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) (attached hereto as Exhibit A), including all required attachments, and said Defendant shall serve Form 1.977 on Plaintiff's attorney within forty-five (45) days from the date of this Consent Final Judgment, unless the Consent Final Judgment is satisfied or post-judgment discovery is stayed.

      4.    The jurisdiction of this Court is retained to enforce this Consent Final Judgment, as well as to enter further orders as necessary, including, but not limited to, issuance of post-judgment discovery, writs, and any other execution orders necessary.

###

2

47165936;1

Submitted by:

Bryan T. West
Counsel for Trustee
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, 11th Floor
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095
E-mail: bryan.west@akerman.com

*(Attorney West is directed to mail a conformed copy of this consent final judgment immediately upon receipt to all parties of interest.)*

47165936;1

## CONSENT

The Plaintiff, through her undersigned counsel, and Defendant, through his undersigned counsel, hereby consent to entry of the foregoing Consent Final Judgment.

DORTA & ORTEGA, P.A.

AKERMAN LLP

/s/_____

Omar Ortega, Esq.
Florida Bar No. 0095117
Evelyn Reyes, Esq.
Florida Bar No. 1008125
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Phone: (305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
ereyes@dortaandortega.com
dgomez@dortaandortega.com

ATTORNEYS FOR DEFENDANT

By: _/s/_____

    Brian P. Miller
    Florida Bar No.: 0980633
    E-mail: Brian.Miller@akerman.com
    Bryan T. West
    Florida Bar No.: 83526
    E-mail: Bryan.West@akerman.com
    Luis R. Casas
    Florida Bar No.: 0094222
    Email: Luis.Casasmeyer@akerman.com
    Three Brickell City Centre
    98 Southeast Seventh Street, 11th Floor
    Miami, Florida 33131
    Phone: (305) 374-5600
    Fax: (305) 374-5095

ATTORNEYS FOR PLAINTIFF

4

47165936;1

## EXHIBIT A

### FORM 1.977 FACT INFORMATION SHEET-INDIVIDUAL

Full Legal Name: _____

Nicknames or Aliases: _____

Residence Address: _____

Mailing Address (if different): _____
Telephone Numbers: (Home)_____ (Business)_____
Name of Employer:_____
Address of Employer: _____
Position or Job Description: _____
Rate of Pay: $_____ per _____ Average Paycheck: $_____
per _____
Average Commissions or Bonuses: $_____ per _____
Commissions or bonuses are based on_____
_____
Other Personal Income: $_____ from _____
(Explain details on the back of this sheet or an additional sheet if necessary.)
Social Security Number: _____
Birthdate: _____
Driver's License Number: _____
Marital Status: _____ Spouse's Name: _____
Spouse's Address (if different): _____
_____
Spouse's Social Security Number: _____
Spouse's Birthdate: _____
Spouse's Employer: _____
Spouse's Average Paycheck or Income: $_____ per _____
Other Family Income: $_____ per _____ (Explain details on
back of this sheet or an additional sheet if necessary.)
Names and Ages of All Your Children (and addresses if not living with you):
_____
_____
Child Support or Alimony Paid: $_____ per _____
Names of Others You Live With:
_____
Who is Head of Your Household? _____ You _____ Spouse _____
_____ Other Person
Checking Account at: _____ Account #_____
Savings Account at: _____ Account #_____
(Describe all other accounts or investments you may have, including stocks, mutual funds, savings
bonds, or annuities, on the back of this sheet or an additional sheet if necessary.)

47165936;1

For Real Estate (land) You Own or Are Buying:

Address: _____

All Names on Title: _____

_____

Mortgage Owed to: _____

_____

Balance Owed: _____

_____

Monthly Payment:

$_____

(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or an additional sheet if necessary.  Also provide the same information on any other property you own or are buying.)

For All Motor Vehicles You Own or Are Buying:

_____ Year/Make/Model: _____ Color: _____

Vehicle ID #: _____ Tag No. _____ Mileage: _____

Names on Title: _____ Present Value: $_____

Loan Owed to: _____

_____

Balance on Loan: $_____

Monthly Payment:  $_____   (List all other automobiles, as well as other vehicles, such as boats, motorcycles, bicycles, or aircraft, on the back of this sheet or an additional sheet if necessary.)

Have you given, sold, loaned, or transferred any real or personal property worth more than $100 to any person in the last year?  If your answer is "yes," describe the property and sale price, and give the name and address of the person who received the property.

Does anyone owe you money?  Amount Owed:

$_____

Name and Address of Person Owing Money:

_____

Reason money is owed: _____

_____

Please attach copies of the following:

    a.    Your last pay stub
    b.    Your last 3 statements for each bank, savings, credit union, or other financial account.
    c.    Your motor vehicle registrations and titles.
    d.    Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting.
    e.    Your financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last three years.
    f.    Your last two (2) income tax returns filed.

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

_____
Judgment Debtor

STATE OF FLORIDA                              )
COUNTY OF _____          )

     The foregoing instrument was acknowledged before me this _____ day of _____, _____, by _____ who is personally known to me or has produced _____ as identification and who _____ did/did _____ not take an oath.

     WITNESS my hand and official seal, this _____ day of _____, 2018.


_____
Notary Public, State of Florida
My commission expires:

THE JUDGMENT DEBTOR SHALL FILE WITH THE CLERK OF THE COURT A NOTICE OF COMPLIANCE AFTER THE ORIGINAL FACT INFORMATION SHEET, TOGETHER WITH ALL ATTACHMENTS, HAS BEEN DELIVERED TO THE JUDGMENT CREDITOR'S ATTORNEY.

47165936;1

# EXHIBIT B

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below, by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee") and Deborah Hays ("Hays"). Collectively, the Trustee and Hays shall be referred to as the "Parties."

## RECITALS:

A.     On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.

B.     Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C.     On April 14, 2017, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") against Hays in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Deborah Hays*, Adv. Pro. No. 17-01155-AJC.

D.     In order to avoid the costs and uncertainties of litigation in the Adversary Proceeding, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.     **Recitations**. The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2.     **Non-Admission of Liability**. Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party. Nothing contained in this Agreement shall be deemed an admission by Hays that she engaged in any wrongdoing involving the Debtors and there have been no findings of fraud or wrongdoing by Hays by this Court.

**Page 1 of 6**

3.    **Attorney Representation**.  Each Party warrants and represents that she is entering into this Agreement voluntarily, and without any duress or undue influence.  Each Party further represents that she had the opportunity to consult with legal counsel of her own choosing.

4.    **Terms**.  As full and final settlement of the dispute, the Parties agree as follows:

4.1.    Hays shall make settlement payments totaling $20,000.00 to the Trustee (the "Settlement Payment") based upon the payment schedule set forth herein.  The $20,000.00 shall be paid through 24 monthly payments to be received by the Trustee by the fifteenth day of each calendar month (the initial 23 payments each being $833 and the final payment being $841).  The payment schedule shall commence the later of (a) February 15, 2019, or (b) once 15 days have passed after a Final Settlement Order is entered by the Court (defined in Section 5 below) that has not been appealed or has not been stayed by order of a court (*i.e.*, the first payment shall be made on the first fifteenth day of a calendar month occurring thereafter).  All installments of the Settlement Payment shall be in the form of a cashier's check made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC.

4.2.    After entry of the Final Settlement Order and upon receipt of the Settlement Payment in full, the Trustee shall dismiss the Adversary Proceeding with prejudice, with each Party to bear her own fees and costs.

4.3.    The Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

4.4.    In the event that Hays fails to make any monthly payment set forth in Section 4.1 above on a timely basis, subject to any applicable cure periods (as set forth herein), the Parties stipulate that the Trustee shall be entitled to seek the immediate entry of a final judgment for avoidance and/or monetary damages against Hays in the amount of $472,881.92, less any payments made by Hays to the Trustee under this Agreement.

5.    **Conditions Precedent**.  This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving the Agreement (the "Final Settlement Order") pursuant to Bankruptcy Rule 9019.  In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

6.    **Trustee Release/Waiver**.  The Trustee, for good and valuable consideration received from Hays, receipt of which is hereby acknowledged, releases Hays as follows:  The Trustee (solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC) hereby releases and forever discharges Hays of and from all manner of claims, actions, causes of action, suits, controversies, agreements, promises, damages, judgments, and any claims and demands of any

47285751;1

kind whatsoever, in law or in equity, known or unknown at this time, that the Trustee, on behalf of the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC, now has, may have, or ever had against Hays for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the Final Settlement Order becoming final, including, but not limited to, any claims that were brought, or which could have been brought, in the Adversary Proceeding or in the main bankruptcy case of the Debtors or any matters that were otherwise related in any way to the issues in the Adversary Proceeding. This release does not release Hays's obligations under this Settlement Agreement. This release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the full amount of the Settlement Payment contemplated in Section 4.1 above.

7. **Hays Release/Waiver**. Hays, for good and valuable consideration received from the Trustee, receipt of which is hereby acknowledged, releases the Trustee as follows: Hays hereby releases and forever discharges the Trustee (including the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC and the Trustee's agents, employees, and attorneys) of and from all manner of claims, actions, causes of action, suits, controversies, agreements, promises, damages, judgments, and any claims and demands of any kind whatsoever, in law or in equity, known or unknown at this time, that Hays now has, may have, or ever had against the Trustee for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the Final Settlement Order becoming final, including, but not limited to, any claims that were brought, or which could have been brought, in the Adversary Proceeding or the main bankruptcy case of the Debtors or any matters that were otherwise related in any way to the issues in the Adversary Proceeding. This release does not release the Trustee's obligations under this Settlement Agreement. This release shall be effective upon the entry of a Final Settlement Order approving this Agreement.

8. **Proofs of Claim**. Hays waives, and agrees to withdraw, any proofs of claim that she has filed in the Debtors' bankruptcy cases.

9. **Opportunity To Cure**. In the event that Hays fails to make the timely payments of the amount set forth in Section 4.1 above, the Trustee shall provide Hays with a notice of default demanding payment. Such notice of default may be sent, by e-mail, to Hays c/o Kristina Gonzalez, Esq. (kgp@miamibankruptcy.com) and Timothy Kingcade, Esq. (tsk@miamibankruptcy.com), and to Hays (dhaysmtg@aol.com ), or to such other recipient as may be designated by Hays for the receipt of such notices. Upon the Trustee's sending of a default notice, Hays shall have 10 calendar days to cure the default.

10. **Entire Agreement**. This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceeding and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral. Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and

47285751;1

advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

11.    **Amendments**.  This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

12.    **Partial Invalidity**.  If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

13.    **Survival**.  All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

14.    **Applicable Law**.  This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

15.    **Counterparts**.  This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement.  Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

16.    **No Adverse Construction.**  The Parties acknowledge that this Agreement has been prepared by each of them.  In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

17.    **Authority**.  The signatories to this Agreement represent and warrant that they have authority to enter into this Agreement on behalf of the Parties and to bind the Parties hereto, subject to the court approval contemplated herein.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

[Rest of Page Left Blank]

47285751;1

**ACCEPTED AND AGREED:**

DEBORAH HAYS

Dated: _12 18_, 2018

STATE OF _Texas_ )

        SS.

COUNTY OF _Collin_ )

    Subscribed and sworn to before me on this _18th_ day of _December_, 2018, by

Deborah Hays, proved to me on the basis of satisfactory evidence to be the person who appeared

before me.

Signature of Notary Public

CANITHA NICHELLE FREEMAN
Notary Public, State of Texas
Comm. Expires 06-26-2022
Notary ID 131619603

Timothy S. Klingcade, Esq.
Counsel for Defendant Deborah Hays

Kristina Gonzalez, ESQ.

47285751;1

**ACCEPTED AND AGREED:**

Dated: _December 17_, 2018

MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC

STATE OF _FLORIDA_   )

                      SS.

COUNTY OF _MIAMI-DADE_  )

Subscribed and sworn to before me on this _17th_ day of _December_____, 2018, by

_PERSONALLY known TO ME_, proved to me on the basis of satisfactory evidence to be the person

who appeared before me.

SHAURA PHILLIP
Notary Public – State of Florida
Commission # GG 177573
My Comm. Expires Jan 22, 2022
Bonded through National Notary Assn.

Signature of Notary Public

**Page 6 of 6**

47285751;1