**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                                              Case No. 16-20516-AJC
                                                                        Chapter 7
PROVIDENCE FINANCIAL INVESTMENTS INC.          (Jointly Administered)
and PROVIDENCE FIXED INCOME FUND, LLC          Case No. 16-20517-AJC

          Debtors.

_____/

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY**
**WITH ADVERSARY DEFENDANT JERRY CHAFETZ**

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

Any interested party who fails to file and serve a written response to this motion within twenty-one (21) days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order granting the relief requested in the motion.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at United States Courthouse, 301 North Miami Avenue, Miami, FL 33128, and serve a copy on the movant's attorney, Luis R. Casas, 98 SE 7th Street, Suite 1100 Miami, Florida 33131 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Plaintiff Maria Yip, the Chapter 7 Trustee for the bankruptcy estate of Providence Financial

Investments, Inc. ("Providence Financial") and Providence Fixed Income Fund, LLC ("Providence

Fund") (collectively, the "Providence Debtors"), as the Trustee and the Plaintiff in Adv. Pro. No.

18-01290-AJC filed against Defendant Jerry Chafetz ("Chafetz"), by and through undersigned

48117943;1

counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1, files this motion (the "Motion") seeking entry of an order approving the Trustee's proposed compromise with Defendant Chafetz in the aforementioned adversary proceeding. In support of this Motion, the Trustee respectfully represents as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 105(a), 363(b), and 506 of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9019-1.

## Procedural and Factual Background

4.      Providence Financial filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on July 28, 2016.

5.      On the same date, Providence Fund filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

6.      The Trustee believes that the Providence Debtors were used as part of a global Ponzi scheme that raised over $64 million in the United States and defrauded investors. Antonio Buzaneli, Ordoñez, Julio Rivera, and other co-conspirators utilized the Providence Debtors, along with entities located in the United States and abroad, to perpetrate their fraudulent scheme. The scheme involved the sale of unregistered securities by way of promissory notes to investors while promising annual returns typically between 12-13.5%.

48117943;1

7.      The Providence Debtors offered and sold promissory notes to investors throughout the United States.

8.      In order to market and sell the promissory note investments, Providence recruited what Providence referred to as its "originators."  The originators were promised commissions, which were denominated "referral fees," for successfully introducing potential investors who ended up issuing funds to the Debtors  to purchase these promissory notes.

9.      Based on the Trustee's review of the Debtors' records, it appeared that Chafetz received funds which were characterized as some sort of referral fees.

10.     On July 26, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-01290-AJC] against Chafetz, asserting claims to avoid and recover referral fees and for other relief, seeking entry of a judgment totaling at least $316,240.34 against Chafetz.

11.     Subsequent to Chafetz's appearance in the action, the parties discussed the claims against Chafetz, and it is Chafetz's position that, while he may have received funds, they were not specifically referral fees; in addition, Chafetz, in addition to denying the material allegations, contends that half of the funds at issue which he received were actually for a third party who is since deceased and therefore Chafetz was not a transferee for at least half of the funds at issue.

### The Proposed Settlement Agreement

12.     Subject to court approval, the Trustee and Defendant Chafetz entered into a settlement agreement in which Defendant Chafetz agreed to pay the estate $12,000 in exchange for the dismissal of Adv. No. 18-01290.  A copy of this settlement agreement is attached as **Exhibit "A"** to this Motion.

13.     The compromise was extensively negotiated between counsel for the Trustee and counsel for Chafetz.  In evaluating the compromise, the Trustee took into consideration Chafetz's

48117943;1

contention that the funds that he received were not actually referral fees, the fact that Chafetz has indicated that half of the funds actually went to another person (who is now deceased), the fact that Chafetz had potential unique defenses, and Chafetz's position that there would be collectability issues.

## Relief Requested

14.    The Trustee seeks entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Trustee's proposed compromises with the Defendant Chafetz as described above and in the attached settlement agreements to this Motion.

## Legal Basis and Authority for Relief

15.    Fed. R. Bankr. P. 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are a normal part of the bankruptcy process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1969) (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106 (1939)).

16.    To approve a compromise and settlement under Fed. R. Bankr. P. 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate. *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *Air Line Pilots Ass., Int'l v. America National Bank and Trustee Co. of Chicago (In re Ionosphere Clubs, Inc.),* 156 B.R. 413, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994).

17.    Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). The test is

48117943;1

whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* at 891.

18.     The Court must consider the following factors in determining whether to approve the settlement agreement:  (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises.  *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

19.     Here, all of the relevant *Justice Oaks* factors weigh heavily in favor of the Court's approval of the compromise between the Trustee and Chafetz.

20.     Even if the Trustee were successful in the adversary proceeding against Defendant Chafetz, there would be collection difficulties absent these settlements based on the Chafetz's financial condition.  The Trustee, in her business judgment, determined that the settlements present the best opportunity to collect from Defendant Chafetz in regards to his adversary proceeding.

21.     Moreover, given the vagaries of litigation, there are no guarantees as to the potential result of the litigation against Chafetz, which in turn will be expensive to prosecute given the complexity of the issues presented in this case, which involve a complex Ponzi scheme.

22.     The settlement with Chafetz therefore meets the *Justice Oaks* factors, as it will benefit creditors and the estate.

**WHEREFORE**, for all of the foregoing reasons, the Trustee respectfully requests entry of an order approving the Trustee's proposed compromises as to Adv. Pro. No. 18-01290-AJC between the Trustee and Defendant Chafetz.

48117943;1

Dated: March 4, 2019                           Respectfully submitted,

                                          **AKERMAN LLP**
                                          Three Brickell City Centre
                                          98 Southeast Seventh Street, 11th Floor
                                          Miami, Florida 33131
                                          Phone: (305) 374-5600
                                          Fax: (305) 374-5095

                                      By:   */s/ Luis R. Casas*
                                            Eyal Berger, Esq.
                                          Florida Bar Number:  0011069
                                          Email:  eyal.berger@akerman.com
                                          Luis R. Casas, Esq.
                                          Florida Bar Number:  0094222
                                          Email:  luis.casasmeyer@akerman.com

                                      ***Counsel for Trustee***

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true copy of the foregoing was furnished on March 4, 2019

to all parties receiving electronic notice via CM/ECF.

                                          *By:*  */s/ Luis R. Casas*
                                            Luis R. Casas, Esq.

6

# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below, by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee") and Jerry Chafetz ("Chafetz"). Collectively, the Trustee and Chafetz shall be referred to as the "Parties."

## RECITALS:

A.      On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.

B.      Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C.      On July 26, 2018, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") against Chafetz in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Jerry Chafetz*, Adv. Pro. No. 18-01290-AJC.

D.      In order to avoid the costs and uncertainties of litigation in the Adversary Proceeding, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.      **Recitations**.  The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2.      **Non-Admission of Liability**.  Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party.  Nothing contained in this Agreement shall be deemed an admission by Chafetz that he engaged in any wrongdoing involving the Debtors.

3.      **Attorney Representation**.  Each Party warrants and represents that he or she is entering into this Agreement voluntarily, and without any duress or undue influence.  Each Party

**Page 1 of 6**

further represents that he or she had the opportunity to consult with legal counsel of his or her own choosing.

4. **Terms**.  As full and final settlement of the dispute, the Parties agree as follows:

4.1.    Chafetz shall make settlement payments totaling $12,000.00 to the Trustee (the "Settlement Payment") based upon the payment schedule set forth herein.  The $12,000.00 shall be paid through 18 monthly payments to be received by the Trustee by the fifteenth day of each calendar month (the initial 17 payments each being $666.66 and the final payment being $666.78).  The payment schedule shall commence the later of (a) March 15, 2019, or (b) once 15 days have passed after a Final Settlement Order is entered by the Court (defined in Section 5 below) that has not been appealed or has not been stayed by order of a court (*i.e.*, the first payment shall be made on the first fifteenth day of a calendar month occurring thereafter).  All installments of the Settlement Payment shall be in the form of a cashier's check made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC or an electronic bank transfer to the Trustee.

4.2.    After entry of the Final Settlement Order and upon receipt of the Settlement Payment in full, the Trustee shall dismiss the Adversary Proceeding with prejudice, with each Party to bear his or her own fees and costs.

4.3.    The Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

4.4.    In the event that Chafetz fails to make any monthly payment set forth in Section 4.1 above on a timely basis, subject to any applicable cure periods (as set forth herein), the Parties stipulate that the Trustee shall be entitled to seek the immediate entry of a final judgment for avoidance and/or monetary damages against Chafetz in the amount of $316,240.34, less any payments made by Chafetz to the Trustee under this Agreement.

5. **Conditions Precedent**. This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving the Agreement (the "Final Settlement Order") pursuant to Bankruptcy Rule 9019.  In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

6. **Trustee Release/Waiver**. The Trustee, for good and valuable consideration received from Chafetz, receipt of which is hereby acknowledged, releases Chafetz as follows: The Trustee (solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC) hereby releases and forever discharges Chafetz of and from all manner of claims, actions, causes of action, suits, controversies, agreements, promises, damages, judgments, and any claims and

demands of any kind whatsoever, in law or in equity, known or unknown at this time, that the Trustee, on behalf of the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC, now has, may have, or ever had against Chafetz for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the Final Settlement Order becoming final, including, but not limited to, any claims that were brought, or which could have been brought, in the Adversary Proceeding or in the main bankruptcy case of the Debtors or any matters that were otherwise related in any way to the issues in the Adversary Proceeding.  This release does not release Chafetz's obligations under this Settlement Agreement.  This release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the full amount of the Settlement Payment contemplated in Section 4.1 above.

7.    **Chafetz Release/Waiver**.  Chafetz, for good and valuable consideration received from the Trustee, receipt of which is hereby acknowledged, releases the Trustee as follows: Chafetz hereby releases and forever discharges the Trustee (including the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC and the Trustee's agents, employees, and attorneys) of and from all manner of claims, actions, causes of action, suits, controversies, agreements, promises, damages, judgments, and any claims and demands of any kind whatsoever, in law or in equity, known or unknown at this time, that Chafetz now has, may have, or ever had against the Trustee for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the Final Settlement Order becoming final, including, but not limited to, any claims that were brought, or which could have been brought, in the Adversary Proceeding or the main bankruptcy case of the Debtors or any matters that were otherwise related in any way to the issues in the Adversary Proceeding.  This release does not release the Trustee's obligations under this Settlement Agreement.  This release shall be effective upon the entry of a Final Settlement Order approving this Agreement.

8.    **Opportunity To Cure.**  In the event that Chafetz fails to make the timely payments of the amount set forth in Section 4.1 above, the Trustee shall provide Chafetz with a notice of default demanding payment.  Such notice of default may be sent, by e-mail, to Chafetz c/o Michael Schlesinger, Esq. (mjs@mjsjd.com) and to Chafetz (_____), or to such other recipient as may be designated by Chafetz for the receipt of such notices.  Upon the Trustee's sending of a default notice, Chafetz shall have 10 calendar days to cure the default.

9.    **Entire Agreement**.  This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceeding and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral. Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

10.    **Amendments**.  This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

11.    **Partial Invalidity**.  If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

12.    **Survival**.  All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

13.    **Applicable Law**.  This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

14.    **Counterparts**.  This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement.  Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

15.    **No Adverse Construction.**  The Parties acknowledge that this Agreement has been prepared by each of them.  In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

16.    **Authority**.  The signatories to this Agreement represent and warrant that they have authority to enter into this Agreement on behalf of the Parties and to bind the Parties hereto, subject to the court approval contemplated herein.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

[Rest of Page Left Blank]

47618655;1

**ACCEPTED AND AGREED:**

_____
JERRY CHAFETZ

Dated: _Feb 22_, 2019

STATE OF _California_ )

                          SS.

COUNTY OF _Los Angeles_ )

      Subscribed and sworn to before me on this _22nd_ day of _February_ , 2019, by Jerry

Chafetz, proved to me on the basis of satisfactory evidence to be the person who appeared before

me.

_____

Signature of Notary Public

> MASIS VARTANIAN
> Notary Public - California
> Los Angeles County
> Commission # 2255773
> My Comm. Expires Aug 25, 2022

47618655;1

**ACCEPTED AND AGREED:**

_[signature]_                                   Dated: _February 13_, 2019

MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC

STATE OF _FLORIDA_    )

                          SS.

COUNTY OF _MIAMI-DADE_ )

    Subscribed and sworn to before me on this _13th_ day of _February_ , 2019, by

_MARIA M. YIP_ , proved to me on the basis of satisfactory evidence to be the person

who appeared before me.

```
RICHARD DIAZ
MY COMMISSION # GG035127
EXPIRES October 02, 2020
```

_[signature]_
_____

Signature of Notary Public

47618655;1