UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                Case No. 16-20516-AJC
                                                         Chapter 7
PROVIDENCE FINANCIAL INVESTMENTS INC.      (Jointly Administered)
and PROVIDENCE FIXED INCOME FUND, LLC       Case No. 16-20517-AJC

         Debtors.
_____/

**TRUSTEE'S OMNIBUS MOTION TO COMPROMISE CONTROVERSIES
WITH ADVERSARY DEFENDANTS GAETANO DI ZIO AND MARIA CUESTA**

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

Any interested party who fails to file and serve a written response to this motion within twenty-one (21) days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order granting the relief requested in the motion.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at United States Courthouse, 301 North Miami Avenue, Miami, FL 33128, and serve a copy on the movant's attorney, Luis R. Casas, 98 SE 7th Street, Suite 1100 Miami, Florida 33131 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Plaintiff Maria Yip, the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. ("Providence Financial") and Providence Fixed Income Fund, LLC ("Providence Fund") (collectively, the "Providence Debtors"), as the Trustee and the Plaintiff in Adv. Pro. No. 18-01306-AJC filed against Defendants Gaetano Di Zio ("Di Zio") and Maria Cuesta ("Cuesta")

48117940;1

(together the "Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1, files this omnibus motion (the "Motion") seeking entry of an order approving the Trustee's proposed compromises with the Defendants in the aforementioned adversary proceeding.  In support of this Motion, the Trustee respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105(a), 363(b), and 506 of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9019-1.

## Procedural and Factual Background

4. Providence Financial filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on July 28, 2016.

5. On the same date, Providence Fund filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

6. The Trustee believes that the Providence Debtors were used as part of a global Ponzi scheme that raised over $64 million in the United States and defrauded investors.  Antonio Buzaneli, Ordoñez, Julio Rivera, and other co-conspirators utilized the Providence Debtors, along with entities located in the United States and abroad, to perpetrate their fraudulent scheme.  The scheme involved the sale of unregistered securities by way of promissory notes to investors while promising annual returns typically between 12-13.5%.

7. The Providence Debtors offered and sold promissory notes to investors throughout the United States.

8. A small number of investors received repayments on their investments that exceeded the principal amount that they invested and, accordingly, received a net gain by investing in the Providence entities (the "Net Winners").

9. Defendants Di Zio and Cuesta were Net Winners.

10. On July 27, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-01306-AJC] against Defendants Di Zio and Cuesta, asserting claims to avoid the transfers that resulted in Di Zio and Cuesta receiving a net profit, and seeking entry of a judgment totaling at least $35,650 against Di Zio and Cuesta.

### The Proposed Settlement Agreement

11. Subject to court approval, the Trustee and Defendants Di Zio and Cuesta entered into a settlement agreement in which Defendant Di Zio agreed to pay the estate $10,000 and Cuesta agreed to pay $3,750 in exchange for the dismissal of Adv. No. 18-01306. A copy of this settlement agreement is attached as **Exhibit "A"** to this Motion.

12. The compromise was extensively negotiated between counsel for the Trustee and the respective counsel for Di Zio and Cuesta. In evaluating the compromise, the Trustee took into consideration that the amount being paid by the Defendants was a significant enough sum of the net winnings to warrant a settlement. Defendant Cuesta also indicated that she recently lost her employment.

**Relief Requested**

13. The Trustee seeks entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Trustee's proposed compromises with the Defendants as described above and in the attached settlement agreements to this Motion.

**Legal Basis and Authority for Relief**

14. Fed. R. Bankr. P. 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are a normal part of the bankruptcy process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1969) (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106 (1939)).

15. To approve a compromise and settlement under Fed. R. Bankr. P. 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate. *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *Air Line Pilots Ass., Int'l v. America National Bank and Trustee Co. of Chicago (In re Ionosphere Clubs, Inc.),* 156 B.R. 413, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994).

16. Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id*. at 891.

17. The Court must consider the following factors in determining whether to approve the settlement agreement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the

expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

18. Here, all of the relevant *Justice Oaks* factors weigh heavily in favor of the Court's approval of the compromises between the Trustee and the Defendants.

19. Even if the Trustee were successful in the adversary proceedings against the Defendants, there would be collection difficulties absent these settlements based on the Defendants' financial condition. The Trustee, in her business judgment, determined that the settlements present the best opportunity to collect from the Defendants in regards to these adversary proceedings.

20. Moreover, given the vagaries of litigation, there are no guarantees as to the potential results of such actions, which in turn will be expensive to prosecute given the complexity of the issues presented in this case, which involve a complex Ponzi scheme.

21. The settlement with Di Zio and Cuesta therefore meet the *Justice Oaks* factors, as they will benefit creditors and the estate.

**WHEREFORE**, for all of the foregoing reasons, the Trustee respectfully requests entry of an order approving the Trustee's proposed compromises as to Adv. Pro. No. 18-01306-AJC between the Trustee and Defendants Di Zio and Cuesta.

Dated: March 4, 2019

Respectfully submitted,

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, 11th Floor
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

By: */s/ Luis R. Casas*
    Eyal Berger, Esq.
    Florida Bar Number: 0011069
    Email: eyal.berger@akerman.com
    Luis R. Casas, Esq.
    Florida Bar Number: 0094222
    Email: luis.casasmeyer@akerman.com

*Counsel for Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished on March 4, 2019 to all parties receiving electronic notice via CM/ECF.

By: */s/ Luis R. Casas*
    Luis R. Casas, Esq.

6

48117940;1

**EXHIBIT "A"**

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below, by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee"), on the one hand, and Gaetano Di Zio ("Di Zio") and Maria Cuesta ("Cuesta") (Di Zio and Cuesta being collectively referred to herein as "the Defendants" or each as a "Defendant"), on the other hand. Collectively, the Trustee and the Defendants shall be referred to as the "Parties."

## RECITALS:

A.  On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.

B.  Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C.  On July 27, 2018, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") against Defendants in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Gaetano Di Zio and Maria Cuesta*, Adv. Pro. No. 18-01306-AJC. The Adversary Proceeding was commenced by the Trustee to recover transfers of property of one or both of the Debtors to the Defendants.

D.  In order to avoid the costs and uncertainties of litigation in the Adversary Proceeding, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.  **Recitations**. The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2.  **Non-Admission of Liability**. Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party..

3. **Attorney Representation**. Each Party warrants and represents that he or she is entering into this Agreement voluntarily, and without any duress or undue influence. Each Party further represents that she or he had the opportunity to consult with legal counsel of her or his own choosing.

4. **Terms**. As full and final settlement of the dispute, the Parties agree as follows:

4.1. Di Zio shall make settlement payments totaling $10,000.00 to the Trustee (the "Di Zio Settlement Payment") based upon the payment schedule set forth herein. Di Zio's initial payment of $333.43 shall be made by the later of February 15, 2019, or 15 days after a Final Settlement Order is entered by the Court (defined in Section 5 below) that has not been appealed or has not been stayed by order of a court. Thereafter, Di Zio shall make 29 monthly installment payments of $333.33 which shall be due by the 15th day of each calendar month. All installments of the Di Zio Settlement Payment shall be in the form of a check made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC.

4.2. Cuesta shall make settlement payments totaling $3,750.00 to the Trustee (the "Cuesta Settlement Payment") based upon the payment schedule set forth herein. Cuesta's initial payment of $750.00 shall be made by the later of February 15, 2019, or 15 days after a Final Settlement Order is entered by the Court (defined in Section 5 below) that has not been appealed or has not been stayed by order of a court. Thereafter, Cuesta shall make 24 monthly installment payments of $125.00 which shall be due by the 15th day of each calendar month. All installments of the Cuesta Settlement Payment shall be in the form of a check made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC.

4.3. After entry of the Final Settlement Order and upon receipt of the Di Zio Settlement Payment in full, the Trustee shall dismiss the Adversary Proceeding with prejudice as to Di Zio, with each Party to bear his or her own fees and costs.

4.4. After entry of the Final Settlement Order and upon receipt of the Cuesta Settlement Payment in full, the Trustee shall dismiss the Adversary Proceeding with prejudice as to Cuesta, with each Party to bear her own fees and costs.

4.5. The Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

4.6. In the event that either of the Defendants fails to make the full payments set forth in Section 4.1 or Section 4.2 above on a timely basis, subject to any applicable cure periods (as set forth herein), the Trustee shall be entitled to seek the immediate entry of a final judgment for avoidance and/or monetary damages against the Defendant failing to make his or her payments, which judgment shall be in the amount of $35,650, less any payments made by the Defendants to the Trustee under this Agreement. The failure of one Defendant to make required payments under

this Agreement shall not affect the obligation of the other Defendant to continue to make payments under this Agreement.

5. **Conditions Precedent.** This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving the Agreement (the "Final Settlement Order") pursuant to Bankruptcy Rule 9019. In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

6. **Trustee Di Zio Release/Waiver.** The Trustee, for good and valuable consideration received from Di Zio, receipt of which is hereby acknowledged, releases Di Zio as follows: The Trustee (solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC) hereby releases and forever discharges Di Zio of and from all manner of claims, actions, causes of action, suits, controversies, agreements, promises, damages, judgments, and any claims and demands of any kind whatsoever, in law or in equity, known or unknown at this time, that the Trustee, on behalf of the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC, now has, may have, or ever had against Di Zio for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the Final Settlement Order becoming final, including, but not limited to, any claims that were brought, or which could have been brought, in the Adversary Proceeding or in the main bankruptcy case of the Debtors or any matters that were otherwise related in any way to the issues in the Adversary Proceeding. This release does not release Di Zio's obligations under this Agreement. This release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the full amount of the Di Zio Settlement Payment contemplated in Section 4.1 above.

7. **Trustee Cuesta Release/Waiver.** The Trustee, for good and valuable consideration received from Cuesta, receipt of which is hereby acknowledged, releases Cuesta as follows: The Trustee (solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC) hereby releases and forever discharges Cuesta of and from all manner of claims, actions, causes of action, suits, controversies, agreements, promises, damages, judgments, and any claims and demands of any kind whatsoever, in law or in equity, known or unknown at this time, that the Trustee, on behalf of the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC, now has, may have, or ever had against Cuesta for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the Final Settlement Order becoming final, including, but not limited to, any claims that were brought, or which could have been brought, in the Adversary Proceeding or in the main bankruptcy case of the Debtors or any matters that were otherwise related in any way to the issues in the Adversary Proceeding. This release does not release Cuesta's obligations under this Agreement. This release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the full amount of the Cuesta Settlement Payment contemplated in Section 4.2 above.

8. **Di Zio Release/Waiver**. Di Zio, for good and valuable consideration received from the Trustee, receipt of which is hereby acknowledged, releases the Trustee as follows: Di Zio hereby releases and forever discharges the Trustee (including the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC and the Trustee's agents, employees, and attorneys) of and from all manner of claims, actions, causes of action, suits, controversies, agreements, promises, damages, judgments, and any claims and demands of any kind whatsoever, in law or in equity, known or unknown at this time, that Di Zio now has, may have, or ever had against the Trustee for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the Final Settlement Order becoming final, including, but not limited to, any claims that were brought, or which could have been brought, in the Adversary Proceeding or the main bankruptcy case of the Debtors or any matters that were otherwise related in any way to the issues in the Adversary Proceeding. This release does not release the Trustee's obligations under this Agreement. This release shall be effective upon the entry of a Final Settlement Order approving this Agreement.

9. **Cuesta Release/Waiver**. Cuesta, for good and valuable consideration received from the Trustee, receipt of which is hereby acknowledged, releases the Trustee as follows: Cuesta hereby releases and forever discharges the Trustee (including the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC and the Trustee's agents, employees, and attorneys) of and from all manner of claims, actions, causes of action, suits, controversies, agreements, promises, damages, judgments, and any claims and demands of any kind whatsoever, in law or in equity, known or unknown at this time, that Cuesta now has, may have, or ever had against the Trustee for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the Final Settlement Order becoming final, including, but not limited to, any claims that were brought, or which could have been brought, in the Adversary Proceeding or the main bankruptcy case of the Debtors or any matters that were otherwise related in any way to the issues in the Adversary Proceeding. This release does not release the Trustee's obligations under this Agreement. This release shall be effective upon the entry of a Final Settlement Order approving this Agreement.

10. **Opportunity To Cure**. In the event that either of the Defendants fails to make the timely payments of the full amount set forth in Sections 4.1 and 4.2 above, the Trustee shall provide that Defendant with a notice of default demanding payment. In the case of Di Zio, such notice of default may be sent, by e-mail, to Di Zio c/o Kristina Gonzalez, Esq. (kgp@miamibankruptcy.com) and Timothy Kingcade, Esq. (tsk@miamibankruptcy.com), and to _____ or such other recipient as may be designated by Di Zio for the receipt of such notices. In the case of Cuesta, such notice of default may be sent, by e-mail, to Cuesta c/o Nataline Garcia, Esq. (ngarcia@raygarcialaw.com) and Ray Garcia, Esq. (rgarcia@raygarcialaw.com) and to service@raygarcialaw.com or such other recipient as may be designated by Cuesta for the receipt of such notices. Upon receipt of a default notice, the Defendant who failed to make timely payment shall have 10 calendar days to cure the default.

11. **Entire Agreement**. This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceeding and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral. Each Party

acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

12. **Amendments**. This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

13. **Partial Invalidity**. If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

14. **Survival**. All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

15. **Applicable Law**. This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

16. **Counterparts**. This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement. Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

17. **No Adverse Construction.** The Parties acknowledge that this Agreement has been prepared by each of them. In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

18. **Authority**. The signatories to this Agreement represent and warrant that they have authority to enter into this Agreement on behalf of the Parties and to bind the Parties hereto, subject to the court approval contemplated herein.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

Page 5 of 8
47574059;1

**ACCEPTED AND AGREED:**

_Signature_
Gaetano Di Zio

Dated: February 2, 2019

STATE OF Florida )

SS.

COUNTY OF Miami-Dade )

Subscribed and sworn to before me on this 2 day of Feb, 2019, by Gaetano Di Zio, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_Signature_

Signature of Notary Public



CLAUDIO SANTANDER
Commission # GG 263254
Expires December 11, 2022
Bonded Thru Budget Notary Services


ACCEPTED AND AGREED:

_____/s/ Maria Cuesta_____                              Dated: 02 01, 2019
Maria Cuesta

STATE OF Florida    )

                                SS.

COUNTY OF Miami-Dade    )

Subscribed and sworn to before me on this 1st day of February, 2019, by Maria Cuesta, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____/s/ Nataline Garcia_____
Signature of Notary Public

NATALINE GARCIA
Notary Public - State of Florida
Commission # FF 241583
My Comm. Expires Jun 28, 2019
Bonded through National Notary Assn.

ACCEPTED AND AGREED:

_____        Dated: February 4, 2019
MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC

STATE OF Florida    )

SS.

COUNTY OF Miami-Dade )

Subscribed and sworn to before me on this 4th day of February, 2019, by Maria Yip, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Signature of Notary Public

Notary Public State of Florida
Santiago Carpio
My Commission GG 180105
Expires 01/29/2022