**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                                              Case No. 16-20516-AJC
                                                                    Chapter 7
PROVIDENCE FINANCIAL INVESTMENTS INC.       (Jointly Administered)
and PROVIDENCE FIXED INCOME FUND, LLC       Case No. 16-20517-AJC

        Debtors.

_____/

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY**
**WITH AMANDA FRANCIS**

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

    Any interested party who fails to file and serve a written response to this motion within twenty-one (21) days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order granting the relief requested in the motion.

    If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at United States Courthouse, 301 North Miami Avenue, Miami, FL 33128, and serve a copy on the movant's attorney, Luis R. Casas, 98 SE 7th Street, Suite 1100 Miami, Florida 33131 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

    If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

    Plaintiff Maria Yip, the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. ("Providence Financial") and Providence Fixed Income Fund, LLC ("Providence Fund") (collectively, the "Providence Debtors"), as the Trustee and the Plaintiff in Adv. Pro. No. 17-01221-AJC filed against Amanda Francis, by and through undersigned counsel, pursuant to

48248861;1

Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1, files this motion (the "Motion") seeking entry of an order approving the Trustee's proposed agreement with Francis attached as Exhibit A (the "Agreement"), which in turn resolves the issues that have arisen in regards to the Settlement Agreement between the parties already approved by the Court. In support of this Motion, the Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105(a), 363(b), and 506 of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9019-1.

**Procedural and Factual Background**

4. On June 1, 2017, the Trustee filed an Adversary Complaint in the United States Bankruptcy Court for the Southern District of Florida in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Amanda Francis*, Adv. Pro. No. 17-01221-AJC (the "Action").

5. Francis is the sole owner holding title to the real property located at 17018 Brookwood Drive, Boca Raton, Florida 33496 (the "Property").

6. The Trustee and Francis entered into a Settlement Agreement settling the Action in or around May 2, 2018 [ECF No. 166] which was approved by the Court on May 5, 2018 [ECF No. 175]

7. Pursuant to the Settlement Agreement, Francis permitted the Trustee the exclusive right to market and sell the Property based on terms and conditions within the Trustee's sole discretion and for the Trustee to retain any net proceeds in exchange for the Trustee's dismissal of the Action and other terms and concessions in the Settlement Agreement. Francis at all times retained title to the Property.

8. Based on the sale price discussed with Mr. Jason Welt, the Trustee then sought and obtained court approval to retain Jason Welt and Trustee Realty, Inc., as the Trustee's broker (the "Broker"), to market and sell the Property for the benefit of the estate [ECF No. 195].

9. The Broker has been marketing the Property for the past 9 months and has been unable to achieve a sale price above the mortgages currently encumbering the Property or to negotiate a short sale arrangement with the mortgage holders to monetize the estate's right to sell and market the Property.

## The Proposed Settlement Agreement

10. Subject to court approval, Francis agrees to pay the Trustee, for the benefit of the bankruptcy estate, the sum of twelve thousand five hundred dollars ($12,500) in exchange for the Trustee terminating her exclusive right to market and sell the Property.

11. The compromise was extensively negotiated between counsel for the Trustee and counsel for Francis. After extensive effort by the Broker in trying to sell the Property, this resolution is the best option to the estate to monetize the exclusive right to market and sell the Property.

**Relief Requested**

12. The Trustee seeks entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Trustee's proposed compromise with the Francis as described above and in the attached agreement to this Motion.

**Legal Basis and Authority for Relief**

13. Fed. R. Bankr. P. 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are a normal part of the bankruptcy process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1969) (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106 (1939)).

14. To approve a compromise and settlement under Fed. R. Bankr. P. 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate. *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *Air Line Pilots Ass., Int'l v. America National Bank and Trustee Co. of Chicago (In re Ionosphere Clubs, Inc.),* 156 B.R. 413, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994).

15. Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id*. at 891.

16. The Court must consider the following factors in determining whether to approve the settlement agreement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the

expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

17. Here, all of the relevant *Justice Oaks* factors weigh heavily in favor of the Court's approval of the compromise between the Trustee and Francis.

18. The Court already approved the original Settlement Agreement between the Trustee and Francis, which settled the Action that was pending before this Court. Francis complied with the Settlement Agreement and unfortunately, the estate was unable to monetize the right to sell the Property, which it currently holds. Francis, as the current owner of the Property and whose name is in the mortgages encumbering the Property, is the only party interested in the Trustee's termination of the estate's exclusive right to sell the Property. The estate, in exchange, is not giving up any litigation claims as those have already been settled.

19. The Property is underwater and in a neighborhood where there are a multitude of similar properties for sale, which has depressed the value of this piece of real estate.

20. The Trustee therefore believes that relinquishing the estate's right to market and sell the Property back to Francis in exchange for $12,500 is in the best interest of the estate and creditors and is a fair compromise of the issues that have arisen from the Settlement Agreement.

**WHEREFORE**, for all of the foregoing reasons, the Trustee respectfully requests entry of an order approving the Trustee's proposed Agreement attached hereto as Exhibit A.

Dated: March 19, 2019

Respectfully submitted,

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, 11th Floor
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

By: */s/ Luis R. Casas*
   Eyal Berger, Esq.
   Florida Bar Number: 0011069
   Email: eyal.berger@akerman.com
   Luis R. Casas, Esq.
   Florida Bar Number: 0094222
   Email: luis.casasmeyer@akerman.com

*Counsel for Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished on March 19, 2019 to all parties receiving electronic notice via CM/ECF.

By: */s/ Luis R. Casas*
   Luis R. Casas, Esq.

# EXHIBIT "A"

## AGREEMENT TO PURCHASE BANKRUPTCY ESTATE'S RIGHT TO MARKET AND SELL PROPERTY

This PURCHASE AGREEMENT is made and entered into by and between: Maria Yip, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (herein referred to as the "Trustee"); and Amanda Jane Francis (herein referred to as "Francis"). The Trustee and Francis are herein referred to collectively as the "Parties."

WHEREAS, on or about June 1, 2017, the Trustee filed an Adversary Complaint in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Amanda Francis*, Adv. Pro. No. 17-01221-AJC (the "Action").

WHEREAS, Francis is the sole owner holding title to the real property located at 17018 Brookwood Drive, Boca Raton, Florida 33496 (the "Property").

WHEREAS, the Parties entered into a Settlement Agreement settling the Action in or around May 2, 2018. A copy of the Settlement Agreement is attached to this Agreement as Exhibit "A."

WHEREAS, pursuant to the Settlement Agreement, Francis permitted the Trustee the exclusive right to market and sell the Property based on terms and conditions within the Trustee's sole discretion and for the Trustee to retain any net proceeds in exchange for the Trustee's dismissal of the Action and other terms and concessions in the Settlement Agreement.

WHEREAS, the Trustee sought and obtained court approval to retain Jason Welt and Trustee Realty, Inc., as the Trustee's broker, to market and sell the Property for the benefit of the estate.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration which is hereby acknowledged, it is agreed by and among the Parties as follows:

1. The foregoing recitals are regarded by the Parties to be true and correct and expressly incorporated into this Purchase Agreement.

2. Pursuant to this Purchase Agreement, Francis agrees to pay the Trustee, for the benefit of the bankruptcy estate, the sum of twelve thousand five hundred dollars ($12,500) in exchange for the Trustee providing Francis the exclusive right to market and sell the Property.

3. Francis agrees to be responsible for the payment of any Homeowners Association fees and St. Andrews Country Club Fees, that are due or become due prior to the sale of the Property.

4. Francis agrees pay the electricity, water, and any other utilities that are currently due or that become due prior to the completion of a sale of the Property.

5. Jason Welt is authorized to freely contact Francis in regards to the sale of the Property. Francis may, but is not obligated to, assume any listing agreement or enter into a new listing agreement with Jason Welt in regards to the sale of the Property.

6. This Purchase Agreement shall be governed by the laws of the State of Florida, irrespective of its choice of law rules.

7. This Purchase Agreement may be executed in counterparts, and each counterpart shall be and constitute a part of this Purchase Agreement and all counterparts taken together shall constitute this Purchase Agreement, and be binding and effective upon all of the Parties hereto.

IN WITNESS THEREOF, the Parties hereto have caused this Purchase Agreement to be executed by each of them as of the date of their signatures below.

_____    Dated: 03/14/2019
AMANDA FRANCIS

_____    Dated: MARCH 15, 2019
MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC