## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

IN RE:                                                  Case No. 16-20516-AJC
                                                        Chapter 7
PROVIDENCE FINANCIAL INVESTMENTS INC.                   (Jointly Administered)
and PROVIDENCE FIXED INCOME FUND, LLC                   Case No. 16-20517-AJC

      Debtors.

_____/

## TRUSTEE'S OMNIBUS MOTION TO COMPROMISE CONTROVERSY
## WITH DEFENDANTS INTEGRATED PERFORMANCE
## OPTIMIZATION, INC. AND NATALIA GUZMAN SEDA

---

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

     Any interested party who fails to file and serve a written response to this motion within twenty-one (21) days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order granting the relief requested in the motion.

     If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at United States Courthouse, 301 North Miami Avenue, Miami, FL 33128, and serve a copy on the movant's attorney, Luis R. Casas, 98 SE 7th Street, Suite 1100 Miami, Florida 33131 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

     If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

     Plaintiff Maria Yip, the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. ("Providence Financial") and Providence Fixed Income Fund, LLC ("Providence Fund") (collectively, the "Providence Debtors"), as the Trustee and the Plaintiff in both Adv. Pro. No. 18-1296-AJC filed against Integrated Performance Optimization Inc. ("Integrated") and Adv.

Pro. No. 18-01310-AJC filed against Natalia Guzman Seda ("Seda") (together the "Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1, files this motion (the "Motion") seeking entry of an order approving the Trustee's proposed compromises with the Defendants in the aforementioned adversary proceedings.  In support of this Motion, the Trustee respectfully represents as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 105(a), 363(b), and 506 of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9019-1.

## Procedural and Factual Background

4.      Providence Financial filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on July 28, 2016.

5.      On the same date, Providence Fund filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

6.      The Trustee believes that the Providence Debtors were used as part of a global Ponzi scheme that raised over $64 million in the United States and defrauded investors.  Antonio Buzaneli, Jose Ordoñez, Julio Rivera, and other co-conspirators utilized the Providence Debtors, along with entities located in the United States and abroad, to perpetrate their fraudulent scheme. The scheme involved the sale of unregistered securities by way of promissory notes to investors while promising annual returns typically between 12-13.5%.

2

7.    The Providence Debtors offered and sold promissory notes to investors throughout the United States.

8.    In order to market and sell the promissory note investments, Providence recruited what Providence referred to as its "originators."

9.    The originators were promised commissions, which were denominated "referral fees," for successfully introducing potential investors who ended up issuing funds to the Debtors to purchase these promissory notes.

10.    Defendant Integrated was an originator for Providence.

11.    On July 26, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-01296-AJC] against Integrated, asserting claims to avoid and recover referral fees and for other relief, seeking entry of a judgment totaling at least $84,998.94 against Integrated.

12.    In addition to originators, a small number of investors received repayments on their investments that exceeded the principal amount that they invested and, accordingly, received a net gain by investing in the Providence entities (the "Net Winners").

13.    Defendant Seda was a Net Winner.

14.    On July 27, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-1310-AJC] against Seda, asserting claims to avoid the transfers that resulted in Seda receiving a net profit, and seeking entry of a judgment totaling at least $29,550.00 against Seda.

15.    The compromises with the Defendants were extensively negotiated between counsel for the Trustee and the respective counsel for Integrated and Seda. In evaluating the compromises, the Trustee took into consideration that the amounts being paid by both Integrated and Seda are a significant enough sum of the referral fees received in Integrated's case and the net winnings received in Seda's case to warrant these settlements.  Trustee, prior to entering into the

settlements, also received and reviewed financial documents regarding the Defendants ability to pay and determined, based on this review of documents and analysis of same, that the settlements are reasonable.

### The Proposed Settlement Agreements

16.     Subject to court approval, Integrated agrees to pay the Trustee, for the benefit of the bankruptcy estate, the total sum of twenty two thousand five hundred dollars ($22,500) in the form of 36 monthly payments of $625 in exchange for the Trustee's dismissal of Adv. Pro. No. 18-1296-AJC. The complete executed settlement agreement between the Trustee and Integrated is attached hereto as Exhibit "A."

17.     Subject to court approval, Seda agrees to pay the Trustee, for the benefit of the bankruptcy estate, the total sum of four thousand dollars ($4,000) made over 4 monthly installment payments in exchange for the Trustee's dismissal of Adv. Pro. No. 18-01310-AJC. The complete executed settlement agreement between the Trustee and Seda is attached hereto as Exhibit "B."

### Relief Requested

18.     The Trustee seeks entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Trustee's proposed compromises with Integrated and Seda as described above and in the attached settlement agreements to this Motion.

### Legal Basis and Authority for Relief

19.     Fed. R. Bankr. P. 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are a normal part of the bankruptcy process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1969) (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106 (1939)).

4

20.     To approve a compromise and settlement under Fed. R. Bankr. P. 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate.  *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *Air Line Pilots Ass., Int'l v. America National Bank and Trustee Co. of Chicago (In re Ionosphere Clubs, Inc.),* 156 B.R. 413, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994).

21.     Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion.  *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).  The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* at 891.

22.     The Court must consider the following factors in determining whether to approve the settlement agreement:  (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises.  *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

23.     Even if the Trustee were successful in the adversary proceedings against the Defendants, there would be collection difficulties absent these settlements based on the Defendants' financial condition.  The Trustee, in her business judgment, determined that the settlements present the best opportunity to collect from the Defendants in regards to these adversary proceedings.

24.     Moreover, given the vagaries of litigation, there are no guarantees as to the potential results of such actions, which in turn will be expensive to prosecute given the complexity of the issues presented in this case, which involve a complex Ponzi scheme.

25.     Here, all of the relevant *Justice Oaks* factors weigh heavily in favor of the Court's approval of the compromises between the Trustee, Integrated, and Seda.

**WHEREFORE**, for all of the foregoing reasons, the Trustee respectfully requests entry of an order approving the Trustee's proposed settlement agreement with Integrated, attached hereto as **Exhibit "A,"** and the Trustee's proposed settlement agreement with Seda attached hereto as **Exhibit "B."**

Dated: April 19, 2019                    Respectfully submitted,

> **AKERMAN LLP**
> Three Brickell City Centre
> 98 Southeast Seventh Street, 11th Floor
> Miami, Florida 33131
> Phone: (305) 374-5600
> Fax: (305) 374-5095
>
> By:   */s/ Luis R. Casas*
>       Eyal Berger, Esq.
>       Florida Bar Number:  0011069
>       Email:  eyal.berger@akerman.com
>       Luis R. Casas, Esq.
>       Florida Bar Number:  0094222
>       Email:  luis.casasmeyer@akerman.com
>
> *Counsel for Trustee*

48558844;1

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true copy of the foregoing was furnished on April 19, 2019

to all parties receiving electronic notice via CM/ECF.

By: */s/ Luis R. Casas*
      Luis R. Casas, Esq.

7

48558844;1

**EXHIBIT "A"**

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below, by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee") and Integrated Performance Optimization, Inc. ("Integrated"). Collectively, the Trustee and Integrated shall be referred to as the "Parties."

## RECITALS:

A. On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.

B. Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C. On July 26, 2018, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") against Integrated in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Integrated Performance Optimization*, Inc. Adv. Pro. No. 18-01296-AJC.

D. In order to avoid the costs and uncertainties of litigation in the Adversary Proceeding, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **Recitations.** The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2. **Non-Admission of Liability.** Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party. Nothing contained in this Agreement shall be deemed an admission by Integrated that it engaged in any wrongdoing involving the Debtors.

3. **Attorney Representation.** Each Party warrants and represents that they are entering into this Agreement voluntarily, and without any duress or undue influence. Each Party

**Page 1 of 7**

further represents that they had the opportunity to consult with legal counsel of her own choosing.

4.    **Terms**. As full and final settlement of the dispute, the Parties agree as follows:

4.1.    Integrated shall make settlement payments totaling $22,500.00 to the Trustee (the "Settlement Payment") based upon the payment schedule set forth herein. The $22,500.00 shall be paid through 36 monthly payments of $625 to be received by the Trustee by the fifteenth day of each calendar month. The payment schedule shall commence the later of (a) July 15, 2019, or (b) once 15 days have passed after a Final Settlement Order is entered by the Court (defined in Section 5 below) that has not been appealed or has not been stayed by order of a court (*i.e.*, the first payment shall be made on the first fifteenth day of a calendar month occurring thereafter). All installments of the Settlement Payment shall be in the form of a cashier's check made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC.

4.2.    After entry of the Final Settlement Order and upon receipt of the Settlement Payment in full, the Trustee shall dismiss the Adversary Proceeding with prejudice, with each Party to bear her own fees and costs.

4.3.    The Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

4.4.    In the event that Integrated fails to make any monthly payment set forth in Section 4.1 above on a timely basis, subject to any applicable cure periods (as set forth herein), the Parties stipulate that the Trustee shall be entitled to seek the immediate entry of a final judgment for avoidance and/or monetary damages against Integrated in the amount of $84,998.94, less any payments made by Integrated to the Trustee under this Agreement.

5.    **Conditions Precedent**. This Agreement is subject to and conditioned upon the entry of a final, non-appealable order (the Court approving the Agreement (the "Final Settlement Order") pursuant to Bankruptcy Rule 9019. In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

6.    **Trustee Release/Waiver**. The Trustee, for good and valuable consideration received from Integrated, receipt of which is hereby acknowledged, releases Integrated as follows: The Trustee (solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC) hereby releases and forever discharges Integrated of and from all manner of claims, actions, causes of action, suits, controversies, agreements, promises, damages, judgments, and any claims and demands of any kind whatsoever, in law or in equity, known or unknown at this time, that the Trustee, on behalf of the bankruptcy estate of Providence Financial Investments, Inc. and

48552897;1

Providence Fixed Income Fund, LLC, now has, may have, or ever had against Integrated for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the Final Settlement Order becoming final, including, but not limited to, any claims that were brought, or which could have been brought, in the Adversary Proceeding or in the main bankruptcy case of the Debtors or any matters that were otherwise related in any way to the issues in the Adversary Proceeding. This release does not release Integrated's obligations under this Settlement Agreement. This release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the full amount of the Settlement Payment contemplated in Section 4.1 above.

7.    **Integrated Release/Waiver.** Integrated, for good and valuable consideration received from the Trustee, receipt of which is hereby acknowledged, releases the Trustee as follows:    Integrated hereby releases and forever discharges the Trustee (including the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC and the Trustee's agents, employees, and attorneys) of and from all manner of claims, actions, causes of action, suits, controversies, agreements, promises, damages, judgments, and any claims and demands of any kind whatsoever, in law or in equity, known or unknown at this time, that Integrated now has, may have, or ever had against the Trustee for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the Final Settlement Order becoming final, including, but not limited to, any claims that were brought, or which could have been brought, in the Adversary Proceeding or the main bankruptcy case of the Debtors or any matters that were otherwise related in any way to the issues in the Adversary Proceeding. This release does not release the Trustee's obligations under this Settlement Agreement. This release shall be effective upon the entry of a Final Settlement Order approving this Agreement.

8.    **Integrated's Waiver of California Civil Code §1542.** With respect to any and all released claims in paragraphs 7 of this Agreement, upon the entry of a Final Settlement Order, Integrated expressly waives to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

Integrated also, upon the entry of a Final Settlement Order,  expressly waives any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.

9.    **Proofs of Claim.**    Integrated waives, and agrees to withdraw, any proofs of claim that it has filed in the Debtors' bankruptcy cases.

10.    **Opportunity To Cure.** In the event that Integrated fails to make the timely payments of the amount set forth in Section 4.1 above, the Trustee shall provide Integrated with

a notice of default demanding payment. Such notice of default may be sent, by e-mail, to Integrated c/o Roland Jones, Esq. (rgj@rolandjones.com) and Ronald Kaniuk, Esq. (ron@kaniuklawoffice.com) or such other recipient as may be designated by Integrated for the receipt of such notices. Upon receipt of a default notice, the Integrated shall have 10 calendar days to cure the default.

11. **Entire Agreement**. This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceeding and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral. Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

12. **Amendments**. This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

13. **Partial Invalidity**. If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

14. **Survival**. All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

15. **Applicable Law**. This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

16. **Counterparts**. This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement. Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

17. **No Adverse Construction.** The Parties acknowledge that this Agreement has been prepared by each of them. In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

48552897;1

18.    <u>Authority</u>.  The signatories to this Agreement represent and warrant that they have authority to enter into this Agreement on behalf of the Parties and to bind the Parties hereto, subject to the court approval contemplated herein.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

[Rest of Page Left Blank]

48552897;1

**ACCEPTED AND AGREED:**

_/s/_

Richard Silveira on behalf of
Integrated Performance Optimization, Inc.

Dated: APRIL 15, 2019


STATE OF CALIFORNIA )

                      SS.

COUNTY OF RIVERSIDE )

    Subscribed and sworn to before me on this 15 day of ARRIL , 2019, by

Richard Silveira, proved to me on the basis of satisfactory evidence to be the person who

appeared before me.


_____

Signature of Notary Public

48552897;1

**SEE ATTACHED**



# Jurat Certificate    California only

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Riverside_

Subscribed and sworn to (or affirmed) before me on this _15th_

day of _April_, 20_19_, by _Richard Donald Silveira_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Place Seal Here                Signature _Francisca M. Villarreal_

FRANCISCA M. VILLARREAL
COMM. #2271837
NOTARY PUBLIC • CALIFORNIA
RIVERSIDE COUNTY
Commission Expires DECEMBER 18, 2020

## Description of Attached Document

Type or Title of Document
_Settlement Agreement and Release_

Document Date              Number of Pages
_4-15-19_                   _8_

Signer(s) Other Than Named Above
_None_

DSG 3018 CA (Rev 02-2/15)

**ACCEPTED AND AGREED:**


_Maria M. Yip, Trustee_                    Dated: _APRIL 16_, 2019

MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC


STATE OF _FLORIDA_    )

                       SS.

COUNTY OF _MIAMI DADE_ )

    Subscribed and sworn to before me on this _16th_ day of _APRIL_, 2019, by

_MARIA M. YIP_, proved to me on the basis of satisfactory evidence to be the person

who appeared before me.


_____

Signature of Notary Public

> **RICHARD DIAZ**
> MY COMMISSION # GG035127
> EXPIRES October 02, 2020

48552897;1

**EXHIBIT "B"**

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below ("Effective Date"), by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee"), on the one hand, and Natalia Guzman Seda (the "Defendant"), on the other hand. Collectively, the Trustee and the Defendant shall be referred to as the "Parties."

## RECITALS:

A.    On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.

B.    Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C.    On July 27, 2018, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") against the Defendant in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Natalia Guzman Seda*, Adv. Pro. No. 18-01310-AJC.

D.    In order to avoid the high costs and uncertainties of litigation in the Adversary Proceeding, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:



1.    **Recitations**.  The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2.    **Non-Admission of Liability**.  Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party.

3.    **Attorney Representation**.  Each Party warrants and represents that each Party is entering into this Agreement voluntarily, and without any duress or undue influence. Each Party

46833059;1

further represents that each Party has been encouraged to and have had the opportunity to consult with legal counsel of their own choosing.

4. **Terms**. As full and final settlement of the dispute, the Parties agree as follows:

4.1. The Defendant shall make settlement payments totaling $4,000 to the Trustee (the "Settlement Payment") based on the payment schedule set forth herein. Defendant's initial payment of $1,000 shall be made by the later of May 15, 2019 or 15 days after a Final Settlement Order (defined in Section 5 below) is entered by the Court. Thereafter, Defendant shall make three monthly installment payments of $1,000 which shall be due by the 15th day of each calendar month. All installments of the Settlement Payment shall be in the form of a cashier's check made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC.

4.2. After entry of the Final Settlement Order and upon receipt of the Settlement Payment in full, the Trustee shall dismiss the Adversary Proceeding with prejudice, with each Party to bear each Party's own fees and costs.

4.3. The Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

5. **Conditions Precedent**. This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving the Agreement (the "Final Settlement Order"). In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

6. **Defendant Release/Waiver**. The Defendant, as part of the consideration for the Trustee entering into this Agreement, hereby forever releases and/or waives any and all claims the Defendant may have or could claim to have against the bankruptcy estates of the Debtors, the Trustee, or the agents of the Trustee, which release shall be effective immediately upon the entry of a Final Settlement Order approving this Agreement.

7. **Trustee Release/Waiver**. The Trustee, as part of the consideration for the Defendant entering into this Agreement, hereby forever releases and/or waives any and all claims the Trustee may have or could claim to have against the Defendant, which release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the payment contemplated in Section 4.1 above.

NMCS

8. **Opportunity To Cure.** In the event that the Defendant fails to make the timely payments set forth in Sections 4.1, the Trustee shall provide the Defendant with a notice of default demanding payment, by e-mail, to Defendant c/o Roland Jones, Esq. (rgj@rolandjones.com) and Ronald Kaniuk, Esq. (ron@kaniuklawoffice.com) or such other

**Page 2 of 5**

recipient as may be designated by Defendant for the receipt of such notices. Upon receipt of a default notice, the Defendant shall have 10 calendar days to cure the default.

9.    **Entire Agreement**. This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceeding and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral. Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

10.    **Amendments**. This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

11.    **Partial Invalidity**. If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

12.    **Survival**. All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

13.    **Applicable Law**. This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

14.    **Counterparts**. This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement. Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.



15.    **No Adverse Construction.** The Parties acknowledge that this Agreement has been prepared by each of them. In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

[Rest of Page Left Blank]

**Page 3 of 5**

**ACCEPTED AND AGREED:**

_(signature)_
Natalia Guzman Seda

Dated: April 9, 2019

~~STATE OF~~ Commonwealth of Puerto Rico )

                      SS.

COUNTY OF Caguas )

    Subscribed and sworn to before me on this 9th day of april, 2019, by Natalia Guzman Seda, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_(signature)_
Signature of Notary Public

NMGS

#0829

Sello de Asistencia Legal
80004-2019-0213-69859051

46833059;1

**ACCEPTED AND AGREED:**

*Maria M. Yip, Trustee*                    Dated: April 10, 2019

MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC

STATE OF FLORIDA        )

                                SS.

COUNTY OF Miami-Dade )

Subscribed and sworn to before me on this 10th day of April _____, 2019, by

Maria M Yip , proved to me on the basis of satisfactory evidence to be the person

who appeared before me.

_____

Signature of Notary Public

Notary Public State of Florida
Santiago Carpio
My Commission GG 180105
Expires 01/29/2022

46833059;1