UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                                    Case No. 16-20516-AJC
                                                                          Chapter 7
PROVIDENCE FINANCIAL INVESTMENTS INC.                                     (Jointly Administered)
and PROVIDENCE FIXED INCOME FUND, LLC                                     Case No. 16-20517-AJC

           Debtors.
                                                           /

**TRUSTEE'S MOTION TO COMPROMISE
CONTROVERSY WITH ADVERSARY DEFENDANTS HML
EXPORT/IMPORT USA, INC., HNH USA CORP., AND HENRIQUE SOUZA**

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

Any interested party who fails to file and serve a written response to this motion within twenty-one (21) days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order granting the relief requested in the motion.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at United States Courthouse, 301 North Miami Avenue, Miami, FL 33128, and serve a copy on the movant's attorney, Luis R. Casas, 98 SE 7th Street, Suite 1100 Miami, Florida 33131 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Plaintiff Maria Yip, the Chapter 7 Trustee for the bankruptcy estate of Providence Financial

Investments, Inc. ("Providence Financial") and Providence Fixed Income Fund, LLC ("Providence

Fund") (collectively, the "Providence Debtors"), as the Trustee and the Plaintiff in Adv. Pro. No.

18-01298-AJC filed against Defendants HML Export/Import USA, Inc., HNH USA Corp. d/b/a

49257272;1

Sterling Distributor & Supplies, and Henrique Souza (collectively, the "Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1, files this motion (the "Motion") seeking entry of an order approving the Trustee's proposed compromise with the Defendants in the aforementioned adversary proceeding. In support of this Motion, the Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105(a), 363(b), and 506 of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9019-1.

**Procedural and Factual Background**

4. Providence Financial filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on July 28, 2016.

5. On the same date, Providence Fund filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

6. The Trustee believes that the Providence Debtors were used as part of a global Ponzi scheme that raised over $64 million in the United States and defrauded investors. Antonio Buzaneli, Jose Ordoñez, Julio Rivera, and other co-conspirators utilized the Providence Debtors, along with entities located in the United States and abroad, to perpetrate their fraudulent scheme. The scheme involved the sale of unregistered securities by way of promissory notes to investors while promising annual returns typically between 12-13.5%.

7. The Providence Debtors offered and sold promissory notes to investors throughout the United States.

8. In order to market and sell the promissory note investments, Providence recruited what Providence referred to as its "originators." The originators were promised commissions, which were denominated "referral fees," for successfully introducing potential investors who ended up issuing funds to the Debtors to purchase these promissory notes.

9. Based on the Trustee's review of the Debtors' records, it appeared that the Defendants received fraudulent transfers from the Debtors.

10. On July 26, 2018 the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-01298-AJC] against the Defendants, asserting claims to avoid and recover fraudulent transfers and for other relief, seeking entry of a judgment totaling at least $3,753,708.79 against the Defendants.

11. The compromise with the Defendants was extensively negotiated between counsel for the Trustee and counsel for the Defendants. In evaluating the compromise, the Trustee took into consideration the Defendants' defenses to this action. Trustee, prior to entering into the settlement, also received and reviewed financial documents regarding the Defendants' ability to pay and determined, based on this review of documents and analysis of same, that the settlement is reasonable.

**The Proposed Settlement Agreement**

12. Subject to court approval, the Trustee and Defendants entered into a settlement agreement in which the Defendants agreed to pay the estate the total sum of twelve thousand dollars ($12,000) in the form of one (1) initial payment of $500 and twenty three (23) monthly

payments thereafter in exchange for the dismissal of Adv. No. 18-01298-AJC. A copy of this settlement agreement is attached as **Exhibit "A"** to this Motion.

## Relief Requested

13. The Trustee seeks entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Trustee's proposed compromise with the Defendants as described above and in the attached settlement agreement to this Motion.

## Legal Basis and Authority for Relief

14. Fed. R. Bankr. P. 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are a normal part of the bankruptcy process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1969) (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106 (1939)).

15. To approve a compromise and settlement under Fed. R. Bankr. P. 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate. *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *Air Line Pilots Ass., Int'l v. America National Bank and Trustee Co. of Chicago (In re Ionosphere Clubs, Inc.),* 156 B.R. 413, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994).

16. Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id*. at 891.

17. The Court must consider the following factors in determining whether to approve the settlement agreement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

18. Here, all of the relevant *Justice Oaks* factors weigh heavily in favor of the Court's approval of the compromise between the Trustee and the Defendants.

19. Even if the Trustee were successful in the adversary proceeding against the Defendants, there would be collection difficulties absent these settlements based on the Defendants' financial condition. The Trustee, in her business judgment, determined that the settlement presents the best opportunity to collect from the Defendants in regards to his adversary proceeding.

20. Moreover, given the vagaries of litigation, there are no guarantees as to the potential result of the litigation against the Defendants, which in turn will be expensive to prosecute given the complexity of the issues presented in this case, which involve a complex Ponzi scheme.

21. The settlement with the Defendants therefore meets the *Justice Oaks* factors, as it will benefit creditors and the estate.

**WHEREFORE**, for all of the foregoing reasons, the Trustee respectfully requests entry of an order approving the Trustee's proposed compromises as to Adv. Pro. No. 18-01432-AJC between the Trustee and the Defendants.

Dated: July 16, 2019

Respectfully submitted,

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, 11th Floor
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

By: */s/ Luis R. Casas*
Eyal Berger, Esq.
Florida Bar Number: 0011069
Email: eyal.berger@akerman.com
Luis R. Casas, Esq.
Florida Bar Number: 0094222
Email: luis.casasmeyer@akerman.com

*Counsel for Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished on July 16, 2019 to all parties receiving electronic notice via CM/ECF.

By: */s/ Luis R. Casas*
Luis R. Casas, Esq.

49257272;1

# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below ("Effective Date"), by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee"), on the one hand, and HML Export/Import USA, Inc., HNH USA Corp. d/b/a Sterling Distributor & Supplies, and Henrique Souza (the "Defendants"), on the other hand. Collectively, the Trustee and the Defendants shall be referred to as the "Parties."

### RECITALS:

A.  On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.

B.  Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C.  On July 26, 2018, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") against the Defendants in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. HML Export/Import USA, Inc., HNH USA Corp. d/b/a Sterling Distributor & Supplies, and Henrique Souza.*, Adv. Pro. No. 18-01298-AJC.

D.  In order to avoid the high costs and uncertainties of litigation in the Adversary Proceeding, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.  **Recitations.** The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2.  **Non-Admission of Liability.** Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party.

Page 1 of 8

49253603;1

3. **Attorney Representation.** Each Party warrants and represents that each Party is entering into this Agreement voluntarily, and without any duress or undue influence. Each Party further represents that each Party has been encouraged to and have had the opportunity to consult with legal counsel of their own choosing.

4. **Terms.** As full and final settlement of the dispute, the Parties agree as follows:

4.1. The Defendants shall make settlement payments totaling $12,000 to the Trustee (the "Settlement Payment") based on the payment schedule set forth herein. Defendants' initial payment of $500 shall be made on August 1, 2019. Thereafter, Defendants shall make 23 monthly installment payments of $500 which shall be due by the 1st day of each calendar month. All installments of the Settlement Payment shall be in the form of a cashier's check made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC and delivered directly to the Trustee's office at 2 S. Biscayne Blvd, Suite 2690, Miami, FL 33131.

4.2. After entry of the Final Settlement Order and upon receipt of the Settlement Payment in full, the Trustee shall dismiss the Adversary Proceeding with prejudice, with each Party to bear each Party's own fees and costs.

4.3. The Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

4.4. In the event that the Defendants fail to make any monthly payment set forth in Section 4.1 above on a timely basis, subject to any applicable cure periods (as set forth herein), the Parties stipulate that the Trustee shall be entitled to seek the immediate entry of a final judgment for avoidance and/or monetary damages against the Defendants, jointly and severally, in the amount of $3,753,708.79, less any payments made by Defendants to the Trustee under this Agreement.

5. **Conditions Precedent.** This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving the Agreement (the "Final Settlement Order"). In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

6. **Defendants Release/Waiver.** The Defendants, as part of the consideration for the Trustee entering into this Agreement, hereby forever release and/or waive any and all claims the Defendants may have or could claim to have against the bankruptcy estates of the Debtors, the Trustee, or the agents of the Trustee, which release shall be effective immediately upon the entry of a Final Settlement Order approving this Agreement.

7. **Trustee Release/Waiver**. The Trustee, as part of the consideration for the Defendants entering into this Agreement, hereby forever releases and/or waives any and all claims the Trustee may have or could claim to have against the Defendants, which release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the payment contemplated in Section 4.1 above.

8. **Opportunity To Cure**. In the event that the Defendants fail to make the timely payments set forth in Sections 4.1, the Trustee shall provide the Defendants with a notice of default demanding payment, by e-mail, to the Defendants c/o Jessica Reyes, Esq. (jbr@reyeslunalaw.com) and Laudy Luna Esq. (ll@ reyeslunalaw.com) or such other recipient as may be designated by Defendants for the receipt of such notices. Upon receipt of a default notice, the Defendants shall have 10 calendar days to cure the default.

9. **Entire Agreement**. This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceeding and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral. Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

10. **Amendments**. This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

11. **Partial Invalidity**. If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

12. **Survival**. All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

13. **Applicable Law**. This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

14. **Counterparts**. This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement. Delivery of an executed counterpart of a signature page of this

Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

15. **No Adverse Construction.** The Parties acknowledge that this Agreement has been prepared by each of them. In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

[Rest of Page Left Blank]

ACCEPTED AND AGREED:

_____  Dated: July 12, 2019
Henrique Souza

STATE OF ____Florida____ )
                          ) SS.
COUNTY OF ___Dade___ )

Subscribed and sworn to before me on this 12 day of July, 2019, by Henrique Souza, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Signature of Notary Public

MARTHA ALTAMIRANO
Commission # GG 190877
Expires April 13, 2022
Bonded Thru Budget Notary Service

**ACCEPTED AND AGREED:**

_____
Henrique Souza on behalf
of HML Export/Import USA, Inc.

Dated: July 12, 2019

STATE OF Florida )
                       SS.
COUNTY OF Dade )

Subscribed and sworn to before me on this 12 day of July, 2019, by Henrique Souza, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Signature of Notary Public



MARTHA ALTAMIRANO
Commission # GG 190877
Expires April 13, 2022
Bonded Thru Budget Notary Services

**ACCEPTED AND AGREED:**

_____
Henrique Souza on behalf
of HNH USA Corp.

Dated: July 12, 2019

STATE OF Florida )
                   ) SS.
COUNTY OF Dade )

Subscribed and sworn to before me on this 12 day of July, 2019, by Henrique Souza, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Signature of Notary Public



MARTHA ALTAMIRANO
Commission # GG 190877
Expires April 13, 2022
Bonded Thru Budget Notary Services

**ACCEPTED AND AGREED:**

_____   Dated: JULY 16, 2019
MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC

STATE OF FLORIDA )

                SS.

COUNTY OF MIAMI-DADE )

    Subscribed and sworn to before me on this 16th day of JULY, 2019, by MARIA M. YIP, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Signature of Notary Public

```
RICHARD DIAZ
MY COMMISSION # GG035127
EXPIRES October 02, 2020
```