UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

PROVIDENCE FINANCIAL INVESTMENTS INC.
and PROVIDENCE FIXED INCOME FUND, LLC

    Debtors.
_____/

Case No. 16-20516-AJC
Chapter 7
(Jointly Administered)
Case No. 16-20517-AJC

## AGREED *EX PARTE* MOTION FOR TURNOVER

Maria Yip, the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. ("Providence Financial") and Providence Fixed Income Fund, LLC ("Providence Fund") (collectively, the "Providence Debtors") files this *ex parte* motion ("Motion") for turnover of $2,500.00 which Greene Espel PLLP is holding in its trust account. Greene Espel agrees to the requested relief. As grounds in support of the Motion, the Trustee states as follows:

After a hearing upon notice, on July 16, 2019, this Court entered an Order granting the Trustee's motion to approve the Settlement Agreement and Release in settlement of the Adversary Proceeding.[1] *See* Order Granting Trustee's Motion (1) To Approve Settlement Agreement And Release With Cadwalader Wickersham & Taft LLP, Grant Thornton LLP, And Greene Espel PLLP; (2) For Entry Of A Bar Order; And (3) To Approve Payment Of Contingency Fee [ECF No. 348] (the "July 16, 2019 Order").

As required by the July 16, 2019 Order and the Settlement Agreement and Release, Greene Espel has delivered to the Trustee $174,243.39 (defined as the "Remaining Trust Monies") in funds that were deposited in Greene Espel's trust account.

---

[1] "Adversary Proceeding" shall mean Adv. Case No. 18-1289-AJC.

After the July 16, 2019 Order was entered, Greene Espel's counsel advised undersigned counsel that, aside from the $174,243.39 sum, Greene Espel was holding an additional $2,500.00 (the "Additional Trust Monies") in its trust account that: (i) related to a Greene Espel engagement for Providence that was not the primary focus of the Trustee's claim; (ii) the parties inadvertently failed to address in the Settlement Agreement and Release; but (iii) were of the same nature and character as the Remaining Trust Monies.

Accordingly, by way of this Motion and with Greene Espel's agreement, the Trustee seeks turnover by Greene Espel of the Additional Trust Monies which the Trustee will treat identically to the Remaining Trust Monies as set forth in the July 16, 2019 Order and the Settlement Agreement and Release.[2]

**WHEREFORE**, for the foregoing reasons, with Greene Espel's agreement, the Trustee respectfully requests entry of an order granting the Motion and, thereby, approving turnover to the Trustee of the Additional Trust Monies, which Greene Espel will deliver to the Trustee to be held in the Berger Singerman LLP trust account and to be treated identically as the Remaining Trust Monies, and granting such other relief as the Court deems just and proper.

Dated: August 7, 2019                          Respectfully submitted,

                                                   BERGER SINGERMAN LLP
                                                   Special Litigation Counsel for Maria Yip, as Trustee
                                                   1450 Brickell Avenue, Suite 1900
                                                   Miami, Florida  33131-3453
                                                   Telephone: (305) 755-9500
                                                   Facsimile:  (305) 714-4340

                                                   By: /s/ *Robin J. Rubens*
                                                        James D. Gassenheimer
                                                        Florida Bar No. 959987
                                                        Robin J. Rubens
                                                        Florida Bar No. 959413

---

[2] As more fully set forth therein, these monies will remain in Berger Singerman, LLP's trust account until entry of an order by the Bankruptcy Court determining ownership of those funds.

## CERTIFICATE OF SERVICE

I CERTIFY that on August 7, 2019, a true and correct copy of the foregoing Motion was served electronically through the Court's CM/ECF system upon all parties and counsel of record registered to receive CM/ECF electronic notifications from the Bankruptcy Court in this case.

*/s/ Robin J. Rubens*
Robin J. Rubens