### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

IN RE:                                                          Case No. 16-20516-AJC
                                                               Chapter 7
PROVIDENCE FINANCIAL INVESTMENTS INC.          (Jointly Administered)
and PROVIDENCE FIXED INCOME FUND, LLC          Case No. 16-20517-AJC

      Debtors.

_____/

### TRUSTEE'S MOTION TO COMPROMISE
### CONTROVERSY WITH FORMOSO-MURIAS P.A. AND
### HECTOR FORMOSO-MURIAS AND FOR ENTRY OF A BAR ORDER

Maria Yip, the Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. ("Providence Financial") and Providence Fixed Income Fund, LLC ("Providence Fund") (collectively, the "Providence Debtors"), as the Trustee, by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1, files this motion (the "Motion") seeking entry of an order approving the Trustee's proposed compromise with Formoso-Murias P.A. law firm ("FMPA") and Hector Formoso-Murias personally (together with FMPA, the "FMPA Parties"), including the entry of a bar order. In support of this Motion, the Trustee respectfully represents as follows:

#### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 105(a), 363(b), and 506 of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9019-1.

<u>**Procedural and Factual Background**</u>

4.      Providence Financial filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on July 28, 2016.

5.      On the same date, Providence Fund filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

6.      The Trustee, through counsel, has asserted allegations and claims against the FMPA Parties related to the case. The FMPA Parties, in turn, through counsel, have also asserted claims and counterclaims against the estate of the Providence Debtors and the Trustee related to the case.

7.      The Trustee and the FMPA Parties are desirous of settling – fully and finally – any and all claims and counterclaims that could have been brought by the parties against the other party or by the Estates of the Providence Debtors.

8.      The Trustee and the FMPA Parties participated in a mediation on April 24, 2019 conducted by Harry Schafer Esq.

9.      The Trustee and the FMPA Parties reached a settlement, the terms and conditions of which are set forth in the Settlement Agreement and Release which is attached as **Exhibit "A"** to this Motion.[1]

10.     The Settlement Agreement and Release is a compromise and settlement of disputed claims and shall not constitute or be construed as an admission of liability on behalf of

---

[1] To the extent of any inconsistency between the Settlement Agreement and Release and this Motion, the terms of the Settlement Agreement and Release shall govern.

the Parties, their current or former agents, officers, directors, principals, shareholders, employees, partners, members, representatives, attorneys, affiliates, accountants, insurers, servants, assigns, parents, successors, subsidiaries or their respective heirs and personal representatives, or that any of the Parties have committed any wrongful act, or violated or breached the terms of any agreement or duty owed, whether statutory or otherwise, or as an admission by any Party as to the validity or merits of any allegations by any Party. Nothing in the Settlement Agreement and Release shall be deemed or construed as an admission by the FMPA Parties that they or any of their current or former agents, officers, officers, principals, shareholders, employees, partners, members, representatives, attorneys, affiliates, accountants, insurers, servants, assigns, parents, successors, subsidiaries or their respective heirs and personal representatives engaged in any wrongdoing involving the Providence Debtors and any related entities or otherwise. The FMPA Parties have agreed to enter into the Settlement Agreement and Release to avoid the expense, inconvenience and burden of protracted litigation, and to be finally and completely free of any claims that could possibly be asserted by any party, including the Trustee. Neither the Settlement Agreement and Release, nor any act performed in furtherance of this Agreement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by any party, including the Trustee, or any wrong doing or liability of the FMPA Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of the FMPA Parties in any proceeding in any court or other tribunal. The Settlement Agreement and Release is the result of a compromise of disputed claims and shall never at any time for any purpose be considered as an admission of liability of the Parties hereby released, who continue to deny such liability and to disclaim such

49769146;1

responsibility. Each Party is entering into the Settlement Agreement and Release solely to avoid the time, expense and uncertainties associated with litigation of their dispute.

11.     The compromise with the FMPA Parties was extensively negotiated between counsel for the Trustee and counsel for the FMPA Parties.   In evaluating the compromise, the Trustee took into consideration the FMPA Parties' defenses to the Trustee's alleged claims, the FMPA Parties' alleged claims and counterclaims.

<u>**The Proposed Settlement Agreement**</u>

12.     Subject to court approval of the Settlement Agreement and Release, and the approval and the Settlement Final Approval Order, inclusive of the Bar Order (as defined below) is entered by the Court and becomes final and non-appealable, pursuant to the terms of the Settlement Agreement and Release, the FMPA Parties shall cause their insurance carrier to make a settlement payment totaling $350,000 to the Trustee (the "Settlement Payment") in complete satisfaction of the claims held by the Trustee and Estates of the Providence Debtors against the FMPA Parties. The Trustee and FMPA are also providing each other with releases, which terms are described in detail in the Settlement Agreement and Release attached to this Motion.

13.     Additionally, as a pre-condition for providing the above consideration, the Settlement Final Approval Order must contain a bar order in favor of the FMPA Parties in the form attached to this Motion (the "Bar Order"). As stated therein, the Bar Order bars and enjoins all claims that could have been or have been brought by any creditor or other party in interest against the FMPA Parties, to the broadest and fullest extent permitted by law. The parties agree to cooperate with the Trustee as necessary to obtain the Settlement Final Approval Order, inclusive of the Bar Order. If the Court denies the Bar Order, the Settlement Agreement and

49769146;1

Release shall be deemed null and void *ab initio*, no settlement payments will be owed or made, and the parties shall be returned to the status quo ante.

14.     Upon approval and entry of the Settlement Final Approval Order, as such term is defined in the Settlement Agreement and Release, inclusive of the Bar Order, the Court shall retain jurisdiction to enforce the Settlement Agreement and Release.

## Relief Requested

15.     The Trustee seeks entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Trustee's proposed compromise with the FMPA Parties as described above and in the attached Settlement Agreement and Release to this Motion and for entry of the Settlement Final Approval Order, inclusive of the Bar Order.

## Legal Basis and Authority for Relief

### 1. The Settlement Agreement and Release Should be Approved

16.     Fed. R. Bankr. P. 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are a normal part of the bankruptcy process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1969) (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106 (1939)).

17.     To approve a compromise and settlement under Fed. R. Bankr. P. 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate. *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *Air Line Pilots Ass., Int'l v. America National Bank and Trustee Co. of Chicago (In re Ionosphere Clubs, Inc.),* 156 B.R. 413, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994).

18.     Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion.  *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).  The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id*. at 891.

19.     The Court must consider the following factors in determining whether to approve the settlement agreement:  (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises.  *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

20.     Here, all of the relevant *Justice Oaks* factors weigh heavily in favor of the Court's approval of the compromise between the Trustee and the FMPA Parties.

21.     This settlement represents a substantial recovery to the estates of the Providence Debtors and was achieved without the cost of filing and litigating an adversary proceeding. Even if the Trustee were successful in an adversary proceeding against the FMPA Parties, there would be collection difficulties absent this settlement.  The Trustee, in her business judgment, determined that the settlement presents the best opportunity to collect on the Estates' claims against the FMPA Parties.

22.     Moreover, given the vagaries of litigation, there are no guarantees as to the potential result of litigating against the FMPA Parties and the FMPA Parties claims and

49769146;1

counterclaims against the Providence Debtors, the Estates, and the Trustee which in turn will be expensive to prosecute and defend given the complexity of the issues presented in this case.

23.    The settlement with the FMPA Parties therefore meets the *Justice Oaks* factors, as it will benefit creditors and the estate.

**2. The Bar Order Should be Approved**

24.    This Court has the inherent power under the Bankruptcy Code, including section 105(a), to issue any order necessary or appropriate to carry out the provisions of Title 11, including bar orders. *In re: Munford*, 97 F.3d 449, 455 (11th Cir. 1996)("*Munford*"). The entry of bar orders in bankruptcy cases is warranted because (i) public policy strongly favors settlements; (ii) the cost of litigation can be burdensome on a bankruptcy estate, and (iii) "'bar orders play an integral role in facilitating settlements.'" *In re: Munford*, 97 F.3d at 455 (citations omitted).

25.    This Court has the broad power to approve settlement agreements and enter bar orders as part of those settlement agreements,  where bar orders are critical to a settlement of an adversary proceeding. *Munford*, 97 F.3d at 455. In this regard, the Eleventh Circuit Court of Appeals has stated:

> Complex litigation…can occupy a court's docket for years on end, depleting the resources of the parties and the taxpayers while rendering meaningful relief increasingly elusive. Accordingly, the Federal Rules of Civil Procedure authorize district courts to facilitate settlements of all types of litigation…[B]ar orders play an integral role in facilitating settlement. Defendants buy little peace through settlement unless they are assured that they will be protected against codefendants' efforts to shift their losses through cross-claims for indemnity, contribution, and other causes related to the underlying litigation….In short, settlement bar orders allow settling parties to put a limit on the risks of settlement.

*In re: U.S. Oil & Gas Litigation*, 967 F.2d 489, 493-494 (11th Cir. 1992).

26.     When determining whether to enter a bar order, the Court must make a reasoned determination that the bar order is fair and equitable. *Munford*, 97 F.3d at 455. Here, the Trustee submits that the entry of the Bar Order is fair, equitable, reasonable and in the best interest of the estates, in light of the facts and circumstances of this case, the substance of the claims, counterclaims and defenses thereto, the status of the law and the significant risks inherent in litigation.

27.     The entry of the Bar Order, the language of which was negotiated at arms-length and in good faith by the parties, is set forth in the Settlement Agreement and Release, and in the proposed Settlement Final Approval Order attached hereto as **Exhibit "B."** The Bar Order is an essential and critical element of the Settlement Agreement and Release. Without the Bar Order, the Settlement Agreement and Release is null and void *ab initio* and the parties are returned to their respective pre-litigation positions.

28.     As the Bar Order is integral to the settlement and the language of the Bar Order is reasonable, the Court should approve entry of the Bar Order.  Entry of the Bar Order is fair and equitable to all constituents of these bankruptcy estates.

**WHEREFORE**, for the foregoing reasons, the Trustee respectfully requests entry of an order (1) approving the Settlement Agreement and Release attached hereto as **Exhibit "A"**  and (2) approving the Settlement Final Approval Order, inclusive of the Bar Order, attached hereto as **Exhibit "B."**

49769146;1

Dated:                                   Respectfully submitted,

                                         **AKERMAN LLP**
                                         Three Brickell City Centre
                                         98 Southeast Seventh Street, 11th Floor
                                         Miami, Florida 33131
                                         Phone: (305) 374-5600
                                         Fax: (305) 374-5095

                                         By:   */s/ Luis R. Casas*
                                               Eyal Berger, Esq.
                                               Florida Bar Number:  0011069
                                               Email:  eyal.berger@akerman.com
                                               Luis R. Casas, Esq.
                                               Florida Bar Number:  0094222
                                               Email:  luis.casasmeyer@akerman.com

                                         ***Counsel for Trustee***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 13, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

                                         By:  */s/ Luis R. Casas*
                                               Luis R. Casas, Esq.

49769146;1

**EXHIBIT "A"**

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

      This Settlement Agreement and Release (this "Agreement") is made and entered as of August 8, 2019 ("Effective Date") by and between Maria M. Yip, as the Chapter 7 Trustee (the "Trustee") of Providence Financial Investments, Inc. ("Providence Financial") and Providence Fixed Income Fund, LLC ("Providence Fund," and together with Providence Financial, the "Providence Debtors"), on the one hand, and the Formoso-Murias P.A. law firm ("FMPA") and Hector Formoso-Murias ("HFM", and together with FMPA, the "FMPA Parties"), on the other hand. The Trustee and the FMPA Parties are collectively referred to as the "Parties."

<u>**RECITALS:**</u>

      WHEREAS, on July 28, 2016, Providence Financial and Providence Fund filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"), which cases are jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC (the "Case"), pending in the United States Bankruptcy Court for the Southern District of Florida ("Court").

      WHEREAS, on July 28, 2016, Maria M. Yip was appointed as the Chapter 7 Trustee of the Providence Debtors' estates (the "Estates").

      WHEREAS, the Trustee, through counsel, has asserted allegations and claims against the FMPA Parties relating to the Case.

      WHEREAS, the FMPA Parties, through counsel, have denied the Trustee's allegations and claims and have asserted claims and counterclaims against the Trustee relating to the Case.

      WHEREAS, the Parties are desirous of settling – fully and finally – any and all claims and counterclaims that could have been brought by the Parties or related entities against the other Party or by the Estates of the Providence Debtors.

      WHEREAS, the Parties have participated in good faith settlement negotiations, and have reached a settlement, the terms of which are set forth in this Agreement.

      NOW, THEREFORE, in consideration of the promises and mutual covenants of the Parties stated in this Agreement, or other valuable consideration, the receipt and sufficiency of which are hereby acknowledged and conclusively established, the Parties, and intending to be legally bound hereby, covenant and agree as follows:

      1.     <u>**Recitations**</u>. The above recitations are true and correct, are incorporated herein by reference, and constitute a part of this Agreement.

      2.     <u>**Nothing in this Agreement to Act as an Admission of Liability**</u>.  This Agreement is a compromise and settlement of disputed claims and shall not constitute or be construed as an admission of liability on behalf of the Parties, their current or former agents, officers, directors, principals, shareholders, employees, partners, members, representatives, attorneys, affiliates, accountants, insurers, servants, assigns, parents, successors, subsidiaries or

Page 1 of 12

their respective heirs and personal representatives, or that any of the Parties have committed any wrongful act, or violated or breached the terms of any agreement or duty owed, whether statutory or otherwise, or as an admission by any Party as to the validity or merits of any allegations by any Party. Nothing in this Agreement shall be deemed or construed as an admission by the FMPA Parties that they or any of their current or former agents, officers, officers, principals, shareholders, employees, partners, members, representatives, attorneys, affiliates, accountants, insurers, servants, assigns, parents, successors, subsidiaries or their respective heirs and personal representatives engaged in any wrongdoing involving the Providence Debtors and any related entities or otherwise. The FMPA Parties have agreed to enter into this Agreement to avoid the expense, inconvenience and burden of protracted litigation, and to be finally and completely free of any claims that could possibly be asserted by any party, including the Trustee. Neither this Agreement, nor any act performed in furtherance of this Agreement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by any party, including the Trustee, or any wrong doing or liability of the FMPA Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of the FMPA Parties in any proceeding in any court or other tribunal. This Agreement is the result of a compromise of disputed claims and shall never at any time for any purpose be considered as an admission of liability of the Parties hereby released, who continue to deny such liability and to disclaim such responsibility. Each Party is entering into this Agreement solely to avoid the time, expense and uncertainties associated with litigation of their dispute.

3.    **Attorney Representation**. Each Party warrants and represents that it is entering into this Agreement voluntarily, and without any duress or undue influence. Each party further represents that it has had the opportunity to consult with legal counsel of its own choosing.

4.    **Conditions Precedent**. This Agreement is subject to and conditioned upon the entry of a final, non-appealable Order by the Court approving this Agreement, (the "Settlement Final Approval Order") (as further defined herein below and in Paragraphs 6 and 7 herein), inclusive of the Bar Order (as defined herein) and payment of the Settlement Sum (as defined herein below in Paragraph 7). In the event that the Court does not approve this Agreement and enter the Settlement Final Approval Order, inclusive of the Bar Order, or the Settlement Sum is not paid, it shall be treated as null and void *ab initio*, treated as though it had never been made, and shall not be used by any party for any purpose, *e.g.* shall not be admissible as evidence in any action or proceeding, of any type or kind, for any purpose. Nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement. As a precondition to the effectiveness of this Settlement, the Settlement Final Approval Order must contain a Bar Order in favor of the FMPA Parties (the "Bar Order") in the form of the attached Exhibit "A" which bars and enjoins all claims that could have been or may be asserted by any creditor of the Providence Debtors or any other party in interest in the Case, to the broadest and fullest extent permitted by law. The FMPA Parties agree to cooperate with the Trustee as necessary to obtain the Settlement Final Approval Order, inclusive of the Bar Order.   If the Court does not enter the Settlement Final Approval Order, inclusive of the Bar Order, this Agreement shall be null and void *ab initio*, no Settlement Sum (as defined below) will be paid, and the Parties shall be returned to the status quo ante.

49769106;1

5.    **Cooperation by the Parties regarding Form and Content of the Papers filed with the Court to obtain Approval of the Settlement Agreement, Bar Order and Settlement Final Approval Order.** The Parties shall cooperate with each other concerning the form and content of the papers filed with the Bankruptcy Court to obtain the approval of this Agreement, the Bar Order and the Settlement Final Approval Order.  The proposed forms of the Trustee's Motion to Approve the Settlement Agreement and Release, the Settlement Final Approval Order and the Bar Order (the "Settlement Motion"), are attached hereto as Exhibit "B".  The Trustee shall provide the FMPA Parties with any other drafts of proposed filings that relate to approval of this Agreement, the Settlement Final Approval Order or the Bar Order and at least 48 hours in advance of filing and shall consider and make reasonable requests for additions, deletions or changes as they relate to the terms of this Agreement.

6.    **Settlement Final Approval Order.** The Settlement Final Approval Order tendered to the Bankruptcy Court for consideration shall include terms that: (a) approve the form and all terms of this Agreement; (b) approve the form and means of notice of the Parties' settlement and Settlement Final Approval Order, inclusive of the Bar Order (as defined below); (c) authorize the Trustee and the jointly administered Estates, and the Providence Debtors, through the Trustee, to enter in this Agreement; and (d) includes the Bar Order in favor of the FMPA Parties and FMPA Releasees (as such term is defined in Paragraph 11 and the Bar Order) in the form of the attached Exhibit "A" which bars and enjoins all claims that could have been or may be asserted by any creditor of the Providence Debtors or any other party in interest in the Case, to the broadest and fullest extent permitted by law.

7.    **Settlement Sum.** As full and final settlement of the dispute, subject to the terms set forth in this Agreement, FMPA Parties shall cause the FMPA Parties' insurer to pay a sum totaling $350,000.00 to the Trustee (the "Settlement Sum") within fifteen (15) business days after the Settlement Final Approval Order, including the Bar Order, is entered by the Court and becomes final and non-appealable because (a) the time for appeal or petition to review has expired and no appeal or petition for rehearing or review has been timely filed; or (b) is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which petition for rehearing, review, appeal or certiorari could have been taken has finally expired.

8.    **Production of Attorney/Client Communications.** The FMPA Parties have already produced, or upon execution of this Agreement, will tender to their legal counsel to hold in escrow copies of all communications directed to or from the Providence Debtors, or written legal advice or attorney work product belonging to the Providence Debtors, in the FMPA Parties' possession, custody or control which the Trustee and her counsel have already reviewed or will be provided for review prior to the execution and delivery of this Agreement by the Parties (the "Privileged Escrow Documents").  Upon entry of the Settlement Order, the FMPA Parties' legal counsel, will within ten (10) days, deliver to the Trustee and her counsel copies of the Privileged Escrow Documents.  The Trustee will not seek any further production of documents by the FMPA Parties, whether informally or by subpoena under Federal Rule of Bankruptcy Procedure 2004, Federal Rule of Bankruptcy Procedure 7034 and applicable Federal Rules of Civil Procedure, or otherwise.

9. **Non-Waiver of Privilege by Trustee**. The Trustee agrees not to waive or seek to waive the privilege of any non-Providence Debtors party, or disclose to any third party, any such documents provided by the FMPA Parties to the Trustee, unless a Court orders production of such documents or determines that such production does not waive any privilege of any person or entity. The Trustee shall not directly or indirectly initiate any such request for an order directing production of such documents or for a determination that production does not waive any privilege of any other person or entity, and shall promptly, within five (5) Business Days, advise the FMPA Parties of any request for such an order or determination by any other person or entity.

10. **Communications with Third Parties**. The Trustee and her counsel will not directly or indirectly sue, seek damages, make any claim or demand, or assist or encourage the pursuit or prosecution of any claims by any other person or entity against the FMPA Parties. The Trustee and her counsel will not communicate with any other person or entity or any legal counsel or attorney with respect to any claim or potential claim against the FMPA Parties other than to provide, if requested, a copy of this Agreement, the Settlement Motion, and the Settlement Final Approval Order (the "Authorized Disclosures"), unless required by Court rule or law, governmental agency, or a Court order. The Trustee shall promptly advise the FMPA Parties of any request for information regarding the FMPA Parties other than the Authorized Disclosures within five (5) Business Days of such request, and shall not disclose any additional information without obtaining a Court order confirming the Trustee's authority to do so pursuant to this Paragraph 10. The Trustee shall not make any public statements in regard to the FMPA Parties and this Agreement other than as expressly permitted pursuant to the terms of this Agreement.

11. **Trustee's Release, Waiver and Covenant Not to Sue**. The Trustee, for good and valuable consideration received from the FMPA Parties, the receipt of which is hereby acknowledged, in her capacity as Chapter 7 Trustee, and on behalf of the Providence Debtors and their Estates, and on behalf of the Providence Debtors and their Estates' predecessors, successors, assigns, representatives, attorneys, agents, beneficiaries, executors, heirs, administrators, officers, directors, shareholders, affiliates, principals, employees, parents, subsidiaries, representatives, beneficiaries or assigns, and any of their respective affiliated entities, executors, heirs, administrators and/or any other person or entity acting under their direction, control, or on behalf of the Trustee or the Providence Debtors or their Estates (the "Trustee Releasors"), release, acquit and forever discharge the FMPA Parties, including all of their current, former and future agents, officers, principals, employees, partners, members, directors, shareholders, affiliates, assigns, parents, shareholders, representatives, attorneys, accountants, predecessors, subsidiaries, and/or successors ("FMPA Releasees"), from any and all actions, suit, liability, rights of action, right of levy or attachment, or demand or causes of action of whatever kind or description, whether known or unknown, asserted or unasserted, whether past or present, whether suspected or unsuspected, whether discoverable or undiscoverable, whether liquidated or unliquidated, and whether based on federal, state law, foreign law, equity or otherwise, and whether arising in common law or by statute or by equity, whether based on contract, tort, civil law or otherwise, or any other form of injury that the Trustee and the Trustee Releasors, now have or ever had or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any

49769106;1

matter, cause, or thing whatsoever, that in full or part, concerns, relates to, arises out of, or is in any way connected with directly or indirectly, the Providence Debtors, the Providence Debtors' Estates, the Trustee Releasors, or the FMPA Releasees or against the FMPA Releasees, from the beginning of time until through the date of the Settlement Final Approval Order becoming final and non-appealable, including, but not limited to, any claims that were threatened, or which could have been alleged, brought or asserted in adversary proceedings or other type of litigation in the Bankruptcy Court for the Southern District of Florida, or the Case, including the Providence Debtors' main bankruptcy cases or any other court or legal proceeding by the Trustee Releasors against the FMPA Parties and the FMPA Releasees (the "Trustee Released Claims").

Trustee Releasors' release and waiver herein specifically includes, without limitation, all claims Trustee Releasors do not know or suspect to exist in Trustee Releasors' favor at the time of this release and this Agreement, which if known by Trustee Releasors, might have affected their decision with respect to this Agreement and Settlement ("Trustee's Unknown Claims"). Trustee Releasors expressly waive, release, and relinquish any and all provisions, rights, and benefits conferred by any law or principle, in the United States or elsewhere, which governs or limits the release of unknown or unsuspected claims, including, without limitation, California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Trustee Releasors acknowledge that they may hereafter discover facts different from, or in addition to, those which Trustee Releasors now know or believe to be true with respect to the released claims, but nonetheless agrees that this Agreement, including the release granted herein, will remain binding and effective in all respects notwithstanding such discovery. Trustee's Unknown Claims include contingent and non-contingent claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of different or additional facts. These provisions concerning unknown and unsuspected claims and the inclusion of Trustee's Unknown Claims in Trustee Releasors' release of the FMPA Releasees were separately bargained for and are an essential element of this Agreement and Settlement.

This release does not release the FMPA Parties' obligations under this Agreement. This release shall be effective upon (i) the entry of the Settlement Final Approval Order, inclusive of the Bar Order, and (ii) the payment of the Settlement Sum.

In connection with this release, the Trustee Releasors agree not to cooperate, participate, or provide assistance to any potential claimant with respect to, or in furtherance of, such potential claimant bringing or asserting any claims related in any way to the Trustee Released Claims or the Providence Debtors or the FMPA Parties against the FMPA Releasees. In furtherance thereof, the Trustee Releasors covenant, pledge, promise and agree that they will not:

49769106;1

(a) sue, seek damages, make any claim or demand for payment, nor bring any cause of action whatsoever against any of the FMPA Releasees for any claims in any way connected with, directly or indirectly, the Trustee's Released Claims and Trustee's Unknown Claims ("Trustee's Released and Unknown Claims").

(b) assist any other person or entity in bringing any claim, demand for payment or any cause of action of any nature whatsoever against any of the FMPA Releasees in any way related to the Trustee's Released and Unknown Claims.

(c) participate or encourage or provoke others to participate in any civil, criminal, or administrative lawsuit, action, charge or claim against any of the FMPA Releasees in any jurisdiction.

(d) commence, maintain, prosecute or voluntarily participate in any action or proceeding of any kind against any of the FMPA Releasees arising out of any act, omission, transaction or occurrence occurring up to and including the date of this Agreement; or

(e) file or cause to be filed any other claims, demands, actions, or causes of action of any nature against any of the FMPA Releasees which may arise from the Trustee's Released and Unknown Claims in any court or tribunal, or with any adjudicatory, legislative, executive or other governmental or private body or agency anywhere, in the U.S. or abroad.

12.    **FMPA Parties' Release, Waiver and Covenant Not to Sue**.  The FMPA Parties, for good and valuable consideration received from the Trustee, the receipt of which is hereby acknowledged, on behalf of themselves, their predecessors, successors, assigns, representatives, attorneys, agents, beneficiaries, executors, heirs, administrators and/or any other person or entity acting under their direction, control, or on their behalf (the "FMPA Parties Releasors"), release, acquit and forever discharge the Trustee, the Providence Debtors, and their Estates, including their agents, partners, employees, attorneys, predecessors and successors ("Trustee Releasees"), from any and all actions, suit, liability, rights of action, right of levy or attachment, or demand or causes of action of whatever kind or description, whether known or unknown, asserted or unasserted, whether past or present, whether suspected or unsuspected, whether discoverable or undiscoverable, whether liquidated or unliquidated, and whether based on federal, state law, foreign law, equity or otherwise, and whether arising in common law or by statute or by equity, whether based on contract, tort, civil law or otherwise, or any other form of injury that the FMPA Parties and the FMPA Parties Releasors, now have or ever had or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that in full or part, concerns, relates to, arises out of, or is in any way connected with directly or indirectly, the Providence Debtors, the Providence Debtors' Estates, the FMPA Party Releasors or the Trustee Releasees, or against the Trustee Releasees, from the beginning of time until through the date of the Settlement Final Approval Order becoming final and non-appealable, including, but not limited to, any claims that were threatened, or which could have been alleged, brought or asserted in adversary proceedings or other type of litigation in the Bankruptcy Court for the Southern District of Florida, or the Case, including the Providence Debtors' main bankruptcy

49769106;1

cases or any other court or legal proceeding by the FMPA Parties Releasors against the Trustee Releasors and the Trustee Releasees (the "FMPA Released Claims").

The FMPA Releasors' release and waiver herein specifically includes, without limitation, all claims the FMPA Parties Releasors do not know or suspect to exist in their favor at the time of this release and this Agreement, which if known by the FMPA Parties Releasors, might have affected their decision with respect to this Agreement and Settlement ("FMPA Parties' Unknown Claims"). The FMPA Parties Releasors expressly waive, release, and relinquish any and all provisions, rights, and benefits conferred by any law or principle, in the United States or elsewhere, which governs or limits the release of unknown or unsuspected claims, including, without limitation, California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The FMPA Parties Releasors acknowledge that they may hereafter discover facts different from, or in addition to, those which the FMPA Parties Releasors now know or believe to be true with respect to the released claims, but nonetheless agree that this Agreement, including the release granted herein, will remain binding and effective in all respects notwithstanding such discovery. FMPA Parties Unknown Claims include contingent and non-contingent claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of different or additional facts. These provisions concerning unknown and unsuspected claims and the inclusion of FMPA Parties Unknown Claims in FMPA Parties Releasors' release of the Trustee Releasees were separately bargained for and are an essential element of this Agreement and Settlement.

This release does not release the Trustee's obligations under this Agreement. This release shall be effective upon (i) the entry of the Settlement Final Approval Order, inclusive of the Bar Order, and (ii) the payment of the Settlement Sum.

In connection with this release, the FMPA Parties Releasors agree not to cooperate, participate, or provide assistance to any potential claimant with respect to, or in furtherance of, such potential claimant bringing or asserting any claims related in any way to the FMPA Released Claims or the Providence Debtors or the FMPA Parties against the Trustee Releasees. In furtherance thereof, the FMPA Parties' Releasors covenant, pledge, promise and agree that they will not:

> (a) sue, seek damages, make any claim or demand for payment, nor bring any cause of action whatsoever against any of the Trustee Releasees for any claims in any way connected with, directly or indirectly, the FMPA Parties' Released Claims and the FMPA Parties' Unknown Claims (the "FMPA Parties' Released and Unknown Claims").

(b) assist any other person or entity in bringing any claim, demand for payment or any cause of action of any nature whatsoever against any of the Trustee Releasees in any way related to the FMPA Parties' Released and Unknown Claims.

(c) participate or encourage or provoke others to participate in any civil, criminal, or administrative lawsuit, action, charge or claim against any of the Trustee Releasees in any jurisdiction.

(d) commence, maintain, prosecute or voluntarily participate in any action or proceeding of any kind against any of the Trustee Releasees arising out of any act, omission, transaction or occurrence occurring up to and including the date of this Agreement; or

(e) file or cause to be filed any other claims, demands, actions, or causes of action of any nature against any of the Trustee Releasees which may arise from the FMPA Parties' Released and Unknown Claims in any court or tribunal, or with any adjudicatory, legislative, executive or other governmental or private body or agency anywhere, in the U.S. or abroad.

13.    **Non-Disparagement**. The Trustee agrees not to, in any way, make any statement, allegation, representation, or communication, either directly or indirectly, in writing, orally, or otherwise, or take any action which may, directly or indirectly, be disparaging, deleterious or damaging to the integrity, reputation, name, business or good will of the FMPA Parties or any of their agents, partners, principals, shareholders, directors, employees, attorneys, predecessors and successors. This Agreement shall not preclude the Trustee from making truthful statements that are required by applicable law, regulation or legal process, provided that such compliance does not exceed that required by law, regulation or legal process.

14.    **Trustee's Representations.**    Trustee hereby represents and warrants that, with respect to any and all claims and counterclaims which were or could have been asserted in any demand, proceeding or lawsuit against the FMPA Parties' Releasees, that: (a) no other person or entity is entitled to assert any such claims or counterclaims against, or to recover any monetary, declarative, injunctive, equitable, or any other form of relief from, the FMPA Parties' Releasees; and (b) Trustee has not assigned, transferred, hypothecated, or in an any way disposed of all or any portion of the claims or counterclaims, including but not limited to any released claims or portions thereof, which were or could have been asserted in any lawsuit, demand or legal proceeding against the FMPA Releasees. Trustee hereby further represents and warrants that she has not assisted any other third party, person or entity in asserting or bringing any claim, demand for payment or any cause of action of any nature whatsoever against the FMPA Parties or the FMPA Releasees in any jurisdiction. The Trustee further represents that she has no knowledge and is not aware as of the effective date of this Agreement of any existing, contemplated or pending lawsuits, actions, claims or proceedings relating to the business or affairs of the Providence Debtors or any of their related entities or persons and against the FMPA Parties or the FMPA Releasees in connection with the affairs of the Providence Debtors or any of their related entities or persons or the interests of the Estates.

49769106;1

15.    **FMPA Parties' Representations.**    The FMPA Parties hereby represent and warrant that, with respect to any and all claims and counterclaims which were or could have been asserted in any demand, proceeding or lawsuit against the Trustee Releasees, that: (a) no other person or entity is entitled to assert any such claims or counterclaims against, or to recover any monetary, declarative, injunctive, equitable, or any other form of relief from, the Trustee Releasees; and (b) the FMPA Parties have not assigned, transferred, hypothecated, or in an any way disposed of all or any portion of the claims or counterclaims, including but not limited to any released claims or portions thereof, which were or could have been asserted in any lawsuit, demand or legal proceeding against the Trustee Releasees. The FMPA Parties hereby further represent and warrant that they have not assisted any other third party, person or entity in asserting or bringing any claim, demand for payment or any cause of action of any nature whatsoever against the Trustee or the Trustee Releasees in any jurisdiction. The FMPA Parties further represent that they have no knowledge and are not aware as of the effective date of this Agreement of any existing, contemplated or pending lawsuits, actions, claims or proceedings relating to the business or affairs of the FMPA Parties or any of their related entities or persons and against the Trustee or the Trustee Releasees in connection with the affairs of the Providence Debtors or any of their related entities or persons or the interests of the Estates.

16.    **Headings.**    The headings in this Agreement are for the convenience of the reader only and do not form a substantive part of this Agreement.

17.    **Entire Agreement.**    This Agreement constitutes the sole and entire agreement between the Parties and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral, and there no oral, written or implied agreements or understandings not specifically set forth herein with the exception of the Tolling Agreement and any extensions thereto.    Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and advice of attorneys in executing this Agreement.

18.    **Amendments.** This Agreement may be amended, modified or altered at any time upon the prior and express written approval of the Parties and the Court; however, any such amendment must be in writing and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

19.    **Survival.**    All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

20.    **Applicable Law.**    This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

21.    **Counterparts.**    This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute

49769106;1

one Agreement. Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

22.    **No Adverse Construction**.   The Parties acknowledge that this Agreement has been prepared by each of them. In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth above.

ACCEPTED AND AGREED:

Maria Yip, as Chapter 7 Trustee for Debtors Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC

Signature:     *Maria M. Yip, Trustee*
Print Name:    *MARIA M. YIP, TRUSTEE*
Title:         *CH. 7 TRUSTEE*
Date:          *August 8, 2019*

Formoso-Murias, P.A.

Signature:
Print Name:    *Hector Formoso-Murias*
Title:         *President*
Date:          *August 8, 2019*

Hector Formoso-Murias

Signature:
Print Name:    *Hector Formoso-Murias*
Title:         *Personally*
Date:          *August 8, 2019*

49769106;1

# EXHIBIT A

As a precondition to making the Settlement Sum described in Paragraph 7 of the foregoing Settlement Agreement and Release and exchanging the releases described in Paragraphs 11 and 12 of the Settlement Agreement and Release, the Parties agree that the Settlement Final Approval Order must contain bar order language in favor of the FMPA Parties in the following form:

"Definitions: The following definitions apply to the provisions of this Order barring claims as set forth below; any capitalized terms used herein that are not defined herein shall have the meanings ascribed to them in the Settlement Agreement and Release between the Trustee and FMPA Parties, including without limitation the "FMPA Parties" and the "Trustee Releasors":

The term **"Barred Claims"** shall mean any and all direct, indirect, and/or derivative Claims (as defined below), whether known or unknown, contingent or non-contingent, liquidated or unliquidated, and whether alleged (or could be, or could have been alleged) arising under federal, state, or local statute, law, regulations, international law, civil law, or common law, or any other theory of recovery or law whatsoever, by any or all Barred Persons (as defined below) that (i) were threatened or could have been alleged, brought or asserted in adversary proceedings or other type of litigation in the Bankruptcy Court for the Southern District of Florida or any other court or legal proceeding by the Providence Debtors or any related entity, person or party against the FMPA Releasees; (ii) were asserted or threatened by the Trustee against the FMPA Releasees; (iii) are in any way related to, or based directly or indirectly upon, or relating in any way to or arising in connection with, the facts, events, transactions or scenarios related to, the Providence Debtors or any related entity, person or party and their dealings, transactions and communications with the FMPA Releasees; (iv) are based upon, arise out of, under or in connection with, or in any way involve, directly or indirectly: (a) the Providence Debtors or their respective Bankruptcy cases, (b) any facts or circumstances at issue or that could have been at issue in the Bankruptcy cases, and (c) any and all claims which are the subject of the Settlement Agreement and Release. The foregoing specifically includes any claim, however denominated, seeking contribution, indemnity, damages or remedy, proceeding in any forum, including, without limitation any court of first instance or appellate court, whether individually, derivatively or behalf of a class, a member of a class, or in any other capacity whatsoever, that in any way relates to the Providence Debtors, the Estates, the Trustee or any related entity, person or party, the Barred Persons, this case, or the subject matter of this case.

The term "Claims" shall be defined as set forth in 11 U.S.C. § 101(5) of the Bankruptcy Code and shall additionally include any obligations, causes of action, demands of any type that a person or entity may presently have, may have or have had in the past, upon or by reason of any matter, cause or thing whatsoever, including without limitation any and all obligations, claims, causes of action and demands of any kind whatsoever, at law or in equity, indirect, derivative or direct, known or unknown, discovered or undiscovered, and whether alleged (or could be alleged) as arising under the Bankruptcy Code, applicable non-bankruptcy law, federal, state or local statute, law, regulations, international law, civil law, common law, or any other theory of liability or recovery whatsoever. Without limiting the generality of the foregoing, when the term "Claims" is used with respect to any claims relating to, or that were threatened or could be

**Page 11 of 12**

asserted against the FMPA Releasees, it shall include, without limitation: (i) any and all claims against the FMPA Releasees in any way related to, or based directly or indirectly upon facts, events, transactions or scenarios related to, threatened or that could have been alleged or brought, encompassed by, or otherwise referred to at any time in any adversary proceedings or other type of litigation in the Bankruptcy Court for the Southern District of Florida, including the Providence Debtors' main bankruptcy cases or any other court or legal proceeding by the Providence Debtors or any related entity, person or party against the FMPA Releasees; and (ii) any and all claims against the FMPA Releasees arising under federal, state, or local statute, law, regulation, international law, civil law or common law.

The term "FMPA Releasees" shall include the FMPA Parties and all of their current, former and future agents, officers, principals, shareholders, directors, employees, partners, members, affiliates, assigns, parents, shareholders, representatives, attorneys, accountants, predecessors, subsidiaries, and/or successors.

The term "Barred Persons" shall mean the Trustee Releasors, the Providence Debtors, all past and present creditors and interest holders of the Providence Debtors, parties in interest in the Providence Debtors' bankruptcy cases, including but not limited to those individuals and entities listed on the schedules filed in *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC and *In re Providence Fixed Income Fund, LLC*, Case No. 16-20517-AJC, including all other interested parties, pending in the United States Bankruptcy Court for the Southern District of Florida, and as subsequently amended, and all other persons or entities anywhere in the world and each of their respective successors and assigns and all of the Providence Debtors' current and former agents, officers, directors, principals, employees, partners, members, affiliates, assigns, parents, shareholders, representatives, attorneys, accountants, predecessors, subsidiaries, and/or successors.

**Bar Order:** Barred Persons are permanently barred, restrained and enjoined from commencing, instituting, reinstituting, prosecuting, maintaining, intervening, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in or otherwise prosecuting or asserting either directly, indirectly or in any other capacity, or through a third party, in any court, arbitration proceeding, administrative agency, or other forum, against any of the FMPA Releasees, any and all Barred Claims; provided, however, that (a) this Bar Order does not release or enjoin the Trustee or the FMPA Releasees from enforcing the terms of the Settlement Agreement and Release or this Order; and (b) this Bar Order does not release or enjoin the Trustee or the FMPA Releasees from commencing, prosecuting or asserting any Claims against any party other than the FMPA Releasees.

49769106;1

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                              Case No. 16-20516-AJC
                                                    Chapter 7
PROVIDENCE FINANCIAL INVESTMENTS INC.               (Jointly Administered)
and PROVIDENCE FIXED INCOME FUND, LLC               Case No. 16-20517-AJC

      Debtors.
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE
CONTROVERSY WITH FORMOSO-MURIAS P.A. AND
<u>HECTOR FORMOSO-MURIAS AND FOR ENTRY OF A BAR ORDER</u>**

      **THIS MATTER** came before the Court at a duly noticed hearing on _____ upon

the *Trustee's Motion to Compromise Controversy With Formoso-Murias P.A., and Hector*

*Formoso-Murias,[1] and for Entry of a Bar Order* [ECF No.   ] (the "<u>Motion</u>").  The Court, having

reviewed the Motion and the record in this case, having been duly advised in the premises, the

Court hereby finds that good cause exists to grant the relief requested in the Motion. The Court

---

[1] Formoso-Murias P.A. and Hector Formoso-Murias shall be referred to collectively as the "FMPA Parties" in this Order.

hereby-

**ORDERS AND ADJUDGES** as follows**:**

1.      The Motion is **GRANTED,** and the Settlement Agreement and Release is hereby **APPROVED** and incorporated herein in its entirety.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, and authority to enter this Order pursuant to 11 U.S.C. §105(a).

3.      The FMPA Parties shall cause their insurer to pay a sum totaling $350,000.00 to the Trustee within fifteen (15) business days after this Order is entered by the Court and becomes final and non-appealable as defined in the Settlement Agreement and Release.

4.      The Court finds that the Settlement Agreement and Release attached to the Motion satisfies the factors enumerated in *In re Justice Oaks, II, Ltd.,* 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990) and that, therefore, the Trustee's exercise of her business judgment in entering into the Settlement Agreement and Release is prudent.

5.      The form and means of the notice of the Bar Order and the Motion are determined to have been the best notice practicable under the circumstances and to be good and sufficient notice to all persons whose interests would or could be affected by this Order.

6.      The Court finds that entry of this Order is appropriate in order to achieve the finality and repose that is contemplated as a term of the proposed settlement and that good cause therefore exists for the entry of this Order, and that this Order is fair and equitable. *See In re: U.S. Oil & Gas Litigation*, 967 F.2d 489, 495-496 (11th Cir. 1992) and *In re Munford, Inc.*, 97 F.3d 449, 454-455 (11th Cir. 1996). This Order shall be interpreted as broadly as possible so as to effectuate the purposes stated herein.

7.      The following definitions apply to the provisions of this Order barring claims as set forth below; any capitalized terms used herein that are not defined herein shall have the meanings ascribed to them in the Settlement Agreement and Release between the Trustee and FMPA Parties, including without limitation the "FMPA Parties" and the "Trustee Releasors":

a.      The term "**Barred Claims**" shall mean any and all direct, indirect, and/or derivative Claims (as defined below), whether known or unknown, contingent or non-contingent, liquidated or unliquidated, and whether alleged (or could be, or could have been alleged) arising under federal, state, or local statute, law, regulations, international law, civil law, or common law, or any other theory of recovery or law whatsoever, by any or all Barred Persons (as defined below) that (i) were threatened or could have been alleged, brought or asserted in adversary proceedings or other type of litigation in the Bankruptcy Court for the Southern District of Florida or any other court or legal proceeding by the Providence Debtors or any related entity, person or party against the FMPA Releasees; (ii) were asserted or threatened by the Trustee against the FMPA Releasees; (iii) are in any way related to, or based directly or indirectly upon, or relating in any way to or arising in connection with, the facts, events, transactions or scenarios related to, the Providence Debtors or any related entity, person or party and their dealings, transactions and communications with the FMPA Releasees; (iv) are based upon, arise out of, under or in connection with, or in any way involve, directly or indirectly: (a) the Providence Debtors or their respective Bankruptcy

cases, (b) any facts or circumstances at issue or that could have been at issue in the Bankruptcy cases, and (c) any and all claims which are the subject of the Settlement Agreement and Release. The foregoing specifically includes any claim, however denominated, seeking contribution, indemnity, damages or remedy, proceeding in any forum, including, without limitation any court of first instance or appellate court, whether individually, derivatively or behalf of a class, a member of a class, or in any other capacity whatsoever, that in any way relates to the Providence Debtors, the Estates, the Trustee or any related entity, person or party, the Barred Persons, this case, or the subject matter of this case.

b.     The term "**Claims**" shall be defined as set forth in 11 U.S.C. § 101(5) of the Bankruptcy Code and shall additionally include any obligations, causes of action, demands of any type that a person or entity may presently have, may have or have had in the past, upon or by reason of any matter, cause or thing whatsoever, including without limitation any and all obligations, claims, causes of action and demands of any kind whatsoever, at law or in equity, indirect, derivative or direct, known or unknown, discovered or undiscovered, and whether alleged (or could be alleged) as arising under the Bankruptcy Code, applicable non-bankruptcy law, federal, state or local statute, law, regulations, international law, civil law, common law, or any other theory of liability or recovery whatsoever. Without limiting the generality of the foregoing, when the term "Claims" is used with respect to any claims relating to, or that were threatened or

could be asserted against the FMPA Releasees, it shall include, without limitation: (i) any and all claims against the FMPA Releasees in any way related to, or based directly or indirectly upon facts, events, transactions or scenarios related to, threatened or that could have been alleged or brought, encompassed by, or otherwise referred to at any time in any adversary proceedings or other type of litigation in the Bankruptcy Court for the Southern District of Florida, including the Providence Debtors' main bankruptcy cases or any other court or legal proceeding by the Providence Debtors or any related entity, person or party against the FMPA Releasees; and (ii) any and all claims against the FMPA Releasees arising under federal, state, or local statute, law, regulation, international law, civil law or common law.

c.    The term "**FMPA Releasees**" shall include the FMPA Parties and all of their current, former and future agents, officers, principals, shareholders, directors, employees, partners, members, affiliates, assigns, parents, shareholders, representatives, attorneys, accountants, predecessors, subsidiaries, and/or successors.

d.    The term "**Barred Persons**" shall mean the Trustee Releasors, the Providence Debtors, all past and present creditors and interest holders of the Providence Debtors, parties in interest in the Providence Debtors' bankruptcy cases, including but not limited to those individuals and entities listed on the schedules filed in *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC and *In re Providence Fixed*

*Income Fund, LLC*, Case No. 16-20517-AJC, including all other interested parties, pending in the United States Bankruptcy Court for the Southern District of Florida, and as subsequently amended, and all other persons or entities anywhere in the world and each of their respective successors and assigns and all of the Providence Debtors' current and former agents, officers, directors, principals, employees, partners, members, affiliates, assigns, parents, shareholders, representatives, attorneys, accountants, predecessors, subsidiaries, and/or successors.

8.    **Bar Order:** Barred Persons are permanently barred, restrained and enjoined from commencing, instituting, reinstituting, prosecuting, maintaining, intervening, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in or otherwise prosecuting or asserting either directly, indirectly or in any other capacity, or through a third party, in any court, arbitration proceeding, administrative agency, or other forum, against any of the FMPA Releasees, any and all Barred Claims; provided, however, that (a) this Bar Order does not release or enjoin the Trustee or the FMPA Releasees from enforcing the terms of the Settlement Agreement and Release or this Order; and (b) this Bar Order does not release or enjoin the Trustee or the FMPA Releasees from commencing, prosecuting or asserting any Claims against any party other than the FMPA Releasees.

9.    Subject to the terms and conditions of the Settlement Agreement and Release, the Trustee is authorized to take any and all action necessary to consummate the Settlement Agreement and Release.

10.    The Court retains jurisdiction to enforce the provisions of this Order.

49756738;1

###

Submitted by:

Luis R. Casas
*Counsel for Trustee*
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, 11th Floor
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095
E-mail: luis.casasmeyer@akerman.com

(Attorney Casas is directed to mail a conformed copy of this order immediately upon receipt to all parties of interest.)