UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                                       Case No. 16-20516-AJC
                                                                             Chapter 7
PROVIDENCE FINANCIAL INVESTMENTS INC.                                        (Jointly Administered)
and PROVIDENCE FIXED INCOME FUND, LLC                                        Case No. 16-20517-AJC

       Debtors.
_____/

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY
WITH ADVERSARY DEFENDANT K. ELLIS LTD. AND JOYCELYN OGLE-ELLIS**

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

    Any interested party who fails to file and serve a written response to this motion within twenty-one (21) days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order granting the relief requested in the motion.

    If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at United States Courthouse, 301 North Miami Avenue, Miami, FL 33128, and serve a copy on the movant's attorney, Luis R. Casas, 98 SE 7th Street, Suite 1100 Miami, Florida 33131 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

    If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

    Plaintiff Maria Yip, the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. ("Providence Financial") and Providence Fixed Income Fund, LLC ("Providence Fund") (collectively, the "Providence Debtors"), as the Trustee and the Plaintiff in Adv. Pro. No. 18-01293-AJC filed against Defendant K. Ellis Ltd. (the "Defendant"), by and through

50336377;1

undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1, files this motion (the "Motion") seeking entry of an order approving the Trustee's proposed compromise with the Defendant in the aforementioned adversary proceeding and Joycelin Ogle-Ellis.  In support of this Motion, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105(a), 363(b), and 506 of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9019-1.

### Procedural and Factual Background

4. Providence Financial filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on July 28, 2016.

5. On the same date, Providence Fund filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

6. The Trustee believes that the Providence Debtors were used as part of a global Ponzi scheme that raised over $64 million in the United States and defrauded investors.  Antonio Buzaneli, Jose Ordoñez, Julio Rivera, and other co-conspirators utilized the Providence Debtors, along with entities located in the United States and abroad, to perpetrate their fraudulent scheme. The scheme involved the sale of unregistered securities by way of promissory notes to investors while promising annual returns typically between 12-13.5%.

7. The Providence Debtors offered and sold promissory notes to investors throughout the United States.

8. In order to market and sell the promissory note investments, Providence recruited what Providence referred to as its "originators." The originators were promised commissions, which were denominated "referral fees," for successfully introducing potential investors who ended up issuing funds to the Debtors to purchase these promissory notes.

9. Based on the Trustee's review of the Debtors' records, it appeared that the Defendant received funds which were characterized as referral fees.

10. On July 26, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-01293-AJC] against Defendant K Ellis Ltd., asserting claims to avoid and recover referral fees and for other relief, seeking entry of a judgment totaling at least $108,690 against the Defendant.

11. Joycelyn Ogle-Ellis is the wife of Kevin Ellis, who is the principal of Defendant K Ellis Ltd. The promissory note from which Defendant K Ellis Ltd. derived referral fees was issued to Ms. Ogle-Ellis. Liberty Trust Company Ltd., on behalf of Ms. Ogle-Ellis, filed Proof of claim #287 in the Providence Financial case. Ms. Ogle-Ellis has a claim totaling $269,500.

12. The compromise with the Defendant and Ms. Ogle-Ellis was extensively negotiated between counsel for the Trustee and counsel for the Defendant and Ms. Ogle-Ellis. In evaluating the compromise, the Trustee took into consideration the Defendant's defenses to this action and that the amount being paid by the Defendant is a significant enough sum of the referral fees received by the Defendant to warrant this settlement. The Trustee, in additional to the monetary recovery, also negotiated for the Ogle-Ellis Proof of Claim to be disallowed pursuant to the Settlement Agreement between the Parties, reducing the liability to these estates.

**The Proposed Settlement Agreement**

13.     Subject to court approval, the Trustee, the Defendant, and Ms. Ogle-Ellis entered into a Settlement Agreement in which: 1) the Defendant agreed to pay the estate the total sum of seven thousand five hundred dollars ($7,500) in one lump sum payment within 15 days of the issuance of a Final Settlement Order (as defined in the Settlement Agreement) by this Court; 2) Ms. Ogle-Ellis agreed that Proof of Claim #287 be disallowed pursuant to the Settlement Agreement; and 3) the Trustee, in exchange for the above, agrees to the dismissal with prejudice of the Adversary Proceeding (Adv. Pro. No. 18-01293-AJC).  A copy of the Settlement Agreement is attached as **Exhibit "A"** to this Motion. A copy of the proposed Order is attached as **Exhibit "B"** to this Motion.

**Relief Requested**

14.     The Trustee seeks entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Trustee's proposed compromise with the Defendant and Ms. Ogle-Ellis as described above and in the attached settlement agreement to this Motion.

**Legal Basis and Authority for Relief**

15.     Fed. R. Bankr. P. 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are a normal part of the bankruptcy process.  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1969) (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106 (1939)).

16.     To approve a compromise and settlement under Fed. R. Bankr. P. 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate.  *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *Air*

*Line Pilots Ass., Int'l v. America National Bank and Trustee Co. of Chicago (In re Ionosphere Clubs, Inc.),* 156 B.R. 413, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994).

17. Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* at 891.

18. The Court must consider the following factors in determining whether to approve the settlement agreement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

19. Here, all of the relevant *Justice Oaks* factors weigh heavily in favor of the Court's approval of the compromise between the Trustee, the Defendant, and Ms. Ogle-Ellis.

20. Even if the Trustee were successful in the adversary proceeding against the Defendant, there would be collection difficulties absent this settlement based on the Defendant's status as a small corporation with few known assets. The Trustee, in her business judgment, determined that the settlement presents the best opportunity to collect from the Defendant in regards to this adversary proceeding and that this settlement is in the best interest of creditors by reducing the liabilities to these estates by $269,500.

5
50336377;1

21. Moreover, given the vagaries of litigation, there are no guarantees as to the potential result of the litigation against the Defendant, which in turn will be expensive to prosecute given the complexity of the issues presented in this case, which involve a complex Ponzi scheme.

22. The settlement with the Defendant and Ms. Ogle-Ellis therefore meets the *Justice Oaks* factors, as it will benefit creditors and the estate.

**WHEREFORE**, for all of the foregoing reasons, the Trustee respectfully requests entry of an order approving the Trustee's proposed compromises as to Adv. Pro. No. 18-01293-AJC between the Trustee, the Defendant, and Ms. Ogle-Ellis.

Dated: October 22, 2019                             Respectfully submitted,

                                              **AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, 11th Floor
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

By:  */s/ Luis R. Casas*
      Eyal Berger, Esq.
      Florida Bar Number:  0011069
      Email:  eyal.berger@akerman.com
      Luis R. Casas, Esq.
      Florida Bar Number:  0094222
      Email:  luis.casasmeyer@akerman.com

*Counsel for Trustee*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished on October 22, 2019 to all parties receiving electronic notice via CM/ECF.

                                                    By:  */s/ Luis R. Casas*
                                                          Luis R. Casas, Esq.

# EXHIBIT "A"

## **SETTLEMENT AGREEMENT AND RELEASE**

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below ("Effective Date"), by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee"), on the one hand, and K. Ellis Ltd., (the "Defendant"), and Joycelin Ogle-Ellis ("Ogle-Ellis") on the other hand. Collectively, the Trustee, the Defendant, and Ogle-Ellis shall be referred to as the "Parties."

## **RECITALS:**

A.  On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.

B.  Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C.  On July 26, 2018, the Trustee commenced an adversary proceeding against the Defendant in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. K. Ellis Ltd.,*, Adv. Pro. No. 18-01293-AJC (the "Adversary Proceeding").

D.  Ogle-Ellis filed Proof of Claim #287 in the *Providence Financial Investments, Inc.* chapter 7 case, which claim totals $269,500.

E.  In order to avoid the high costs and uncertainties of litigation in the Adversary Proceedings, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.  **Recitations**. The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2.  **Non-Admission of Liability**. Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party.

3. **Attorney Representation**. Each Party warrants and represents that each Party is entering into this Agreement voluntarily, and without any duress or undue influence. Each Party further represents that each Party has been encouraged to and have had the opportunity to consult with legal counsel of their own choosing.

4. **Terms**. As full and final settlement of the dispute, the Parties agree as follows:

4.1. The Defendant shall make a one-time settlement payment in the amount of $7,500 to the Trustee (the "Settlement Payment") within 15 days of issuance of the Final Settlement Order (defined in Section 5 below) by the Court. The Settlement Payment shall be in the form of a cashier's check made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC and shall be mailed to the Trustee at the following address: 2 S. Biscayne Blvd Suite 2690, Miami, FL 33131

4.2. Ogle-Ellis agrees that Proof of Claim #287 will be disallowed pursuant to this Agreement. The Trustee will seek, as part of the motion seeking Court approval of this Agreement, that Proof of Claim #287 be disallowed.

4.3. After entry of the Final Settlement Order and upon receipt of the Settlement Payment in full, the Trustee shall dismiss the Adversary Proceeding with prejudice, with each Party to bear each Party's own fees and costs.

4.4. The Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

5. **Conditions Precedent**. This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving the Agreement (the "Final Settlement Order"). In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

6. **Release/Waiver**. With the exception of Section 4.4 hereof, the Defendant, as part of the consideration for the Trustee entering into this Agreement, hereby forever releases and/or waives any and all claims the Defendant may have or could claim to have against the bankruptcy estates of the Debtors, the Trustee, or the agents of the Trustee, which release shall be effective immediately upon the entry of a Final Settlement Order approving this Agreement.

7. **Release/Waiver**. The Trustee, as part of the consideration for the Defendant entering into this Agreement, hereby forever releases and/or waives any and all claims the Trustee may have or could claim to have against the Defendant, which release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the payment contemplated in Section 4.1 above.

8. **Entire Agreement**. This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceeding and supersedes all prior and

contemporaneous statements, promises, understandings or agreements, whether written or oral. Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and the advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

9. **Amendments**. This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

10. **Partial Invalidity**. If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

11. **Survival**. All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

12. **Applicable Law**. This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

13. **Counterparts**. This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement. Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

14. **No Adverse Construction.** The Parties acknowledge that this Agreement has been prepared by each of them. In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

[Rest of Page Left Blank]

**ACCEPTED AND AGREED:**

_____       Dated: _10_ _17_, 2019
Kevin Ellis
on behalf of K. Ellis Ltd.


STATE OF  Florida  )

                                    SS.

COUNTY OF  Broward  )

Subscribed and sworn to before me on this 17th day of October, 2019, by Kevin Ellis , proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Signature of Notary Public          10-17-19



LAVERNE M WALLACE
MY COMMISSION # GG 331717
EXPIRES: June 24, 2023
Bonded Thru Notary Public Underwriters

**ACCEPTED AND AGREED:**

*/s/ Joycelin Ogle-Ellis*
Joycelin Ogle-Ellis

Dated: 10/15, 2019

STATE OF Florida  )

                        SS.

COUNTY OF Broward  )

Subscribed and sworn to before me on this 15TH day of OCTOBER, 2019, by Joycelyn Ogle-Ellis, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

*/s/ Marianne Hunt*

Signature of Notary Public


Notary Public State of Florida
Marianne Hamilton
My Commission FF 988410
Expires 06/03/2020

Page 5 of 6

50333539;1

ACCEPTED AND AGREED:

_____  Dated: October 21, 2019
MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC

STATE OF _FLORIDA_  )

                SS.

COUNTY OF _MIAMI - DADE_ )

Subscribed and sworn to before me on this 21st day of OCTOBER, 2019, by _MARIA M. YIP_, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Signature of Notary Public

RICHARD DIAZ
MY COMMISSION # GG035127
EXPIRES October 02, 2020

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                                Case No. 16-20516-AJC
                                                                      Chapter 7
PROVIDENCE FINANCIAL INVESTMENTS INC.                                 (Jointly Administered)
and PROVIDENCE FIXED INCOME FUND, LLC                                 Case No. 16-20517-AJC

    Debtors.
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY
WITH ADVERSARY DEFENDANT K. ELLIS LTD. AND JOYCELIN OGLE-ELLIS**

**THIS MATTER** came before the Court upon the *Trustee's Motion to Compromise Controversy With Defendant K. Ellis Ltd. and Joycelin Ogle-Ellis.* [ECF No.--] (the "Motion"). The Court, having reviewed the Motion and the record in this case, having been duly advised in the premises, having noted that the Motion was properly served, having noted that no objections were asserted against the relief requested in the Motion, and having found that based on the record before the Court that the Settlement Agreement satisfies the factors enumerated in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990), and that therefore

50341767;1

the Trustee's business judgment is prudent in entering into the Settlement Agreement between the Trustee, Adversary Defendant K. Ellis Ltd., and Joycelin Ogle-Ellis attached to the Motion as **Exhibit "A"** (the "Settlement Agreement"). The Court hereby finds that good cause exists to grant the relief requested in the Motion, and

      **ORDERS AND ADJUDGES** as follows**:**

      1.      The Motion is **GRANTED,** and the Settlement Agreement is hereby **APPROVED** and incorporated herein in its entirety.

      2.      Proof of Claim #287 filed on behalf of Joycelin Ogle-Ellis in the Providence Financial Investments Inc. case (Case No. 16-20516-AJC) is disallowed in its entirety.

      3.      The Trustee is authorized to take any and all action necessary to consummate the Settlement Agreement.

      4.      The Court retains jurisdiction to enforce the provisions of this Order.

###

Submitted by:

Luis R. Casas
*Counsel for Trustee*
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, 11th Floor
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095
E-mail: luis.casasmeyer@akerman.com

(Attorney Casas is directed to mail a conformed copy of this order immediately upon receipt to all parties of interest.)