# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

IN RE:                                                   Case No. 16-20516-AJC
                                                         Chapter 7
PROVIDENCE FINANCIAL INVESTMENTS INC.                    (Jointly Administered)
and PROVIDENCE FIXED INCOME FUND, LLC                    Case No. 16-20517-AJC

     Debtors.

_____/

## TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY WITH
## ADVERSARY DEFENDANTS SANJIV MATTA AND VISIONARY CONCEPTS, L.L.C.

---

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

     Any interested party who fails to file and serve a written response to this motion within twenty-one (21) days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order granting the relief requested in the motion.

     If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at United States Courthouse, 301 North Miami Avenue, Miami, FL 33128, and serve a copy on the movant's attorney, Luis R. Casas, 98 SE 7th Street, Suite 1100, Miami, Florida 33131 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

     If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

     Plaintiff Maria Yip, the Chapter 7 Trustee for the bankruptcy estate of Providence Financial

Investments, Inc. ("Providence Financial") and Providence Fixed Income Fund, LLC ("Providence

Fund") (collectively, the "Providence Debtors"), as the Trustee and the Plaintiff in Adv. Pro. No.

18-01312-AJC filed against Defendant Sanjiv Matta ("Matta") and the Plaintiff in Adv. Pro. No.

50796519;1

18-01297-AJC filed against Defendant Visionary Concepts, L.L.C. ("Visionary," together with Matta, the "Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9019-1, files this motion (the "Motion") seeking entry of an order approving the Trustee's proposed compromises with the Defendants.  In support of this Motion, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 105(a), 363(b), and 506 of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9019-1.

### Procedural and Factual Background

4.      Providence Financial filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on July 28, 2016.

5.      On the same date, Providence Fund filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

6.      The Trustee believes that the Providence Debtors were used as part of a global Ponzi scheme that raised over $64 million in the United States and defrauded investors.  Antonio Buzaneli, Jose Ordoñez, Julio Rivera, and others utilized the Providence Debtors, along with entities located in the United States and abroad, to perpetrate a fraudulent scheme.  The scheme involved the sale of unregistered securities by way of promissory notes to investors while promising annual returns typically between 12-13.5%.

2

50796519;1

7.      The Providence Debtors offered and sold promissory notes to investors throughout the United States.

8.      In order to market and sell the promissory note investments, Providence recruited what Providence referred to as its "originators." The originators were promised commissions, which were denominated "referral fees," for successfully introducing potential investors who ended up issuing funds to the Debtors to purchase these promissory notes.

9.      On July 27, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-01312-AJC] against Matta asserting claims for alleged breach of fiduciary duties to the Debtors and alleged aiding and abetting the breach of the fiduciary duties of officers and directors of the Debtors.  Matta has denied such allegations.

10.     Based on the Trustee's review of the Debtors' records, it appeared that Visionary, which is an entity related to Matta, received funds which were characterized as referral fees.

11.     On July 27, 2018, the Trustee filed an Adversary Complaint [ECF No. 1 in Adv. Pro. No. 18-01297-AJC] against Visionary, asserting claims to avoid and recover referral fees and for other relief, seeking entry of a judgment totaling at least $410,930.88 against Visionary.

12.     On November 5, 2019, in an effort to resolve all controversies between the parties, the Trustee, Matta, a representative of Visionary and their respective counsel attended a judicial settlement conference before Judge Paul G. Hyman, which resulted in the settlement of both actions against the Defendants. The settlement agreement between the Trustee and Matta is attached hereto as **Exhibit A** (the "Matta Settlement Agreement"). The settlement agreement between the Trustee and Visionary is attached hereto as **Exhibit B** (the "Visionary Settlement Agreement").

13.     These settlements, which are separate and independent of each other, are the result of good faith negotiations between the parties, which lasted approximately a full day, and the considerable efforts undertaken by Judge Hyman.

14.     In evaluating the compromises, the Trustee took into consideration the Defendants' defenses to the actions and, in particular, Matta's financial condition. At and after the judicial settlement conference, Matta provided financial documents, evidencing Matta's representations as to his inability to pay an amount greater than the sum that the Trustee settled for in the Matta Settlement Agreement.

**The Proposed Matta Settlement Agreement**

15.     Subject to court approval, the Trustee and Matta entered into the Matta Settlement Agreement in which Matta, without admitting any of the allegations asserted in the adversary proceeding, agrees to pay the estate the total sum of $18,000.00 to the Trustee (the "Settlement Payment").  Should Matta fail to make the payment as scheduled in the Matta Settlement Agreement, the Trustee shall be entitled to seek the immediate entry of a final judgment for monetary damages against Matta in the amount of $398,000.00, less any payments made by Matta to the Trustee under the Matta Settlement Agreement.  According to the Settlement Agreement, the parties stipulate that the settlement shall not be deemed an admission that Matta engaged in any wrongdoing.

16.     As a condition precedent to entering into the Matta Settlement Agreement, the Trustee required Matta to provide the Trustee with a written and sworn financial statement, under penalty of perjury, in which Matta would completely and accurately disclose all of Matta's assets and sources of income.  As provided in the Settlement Agreement, should the Trustee ever discover

that Matta provided inaccurate or incomplete information in the financial statement, the Trustee is entitled to void the Agreement.

**The Proposed Visionary Settlement Agreement**

17.    Subject to court approval, the Trustee and Visionary entered into the Visionary Settlement Agreement in which Visionary agrees to the entry of a consent final judgment totaling $410,930.88, the full amount sought by the Trustee in the Visionary Adversary Proceeding.

## Relief Requested

18.    The Trustee seeks entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Matta Settlement Agreement and the Visionary Settlement Agreement.  A copy of a proposed order approving the Trustee's compromises with the Defendants is  attached hereto as **Exhibit C**.

## Legal Basis and Authority for Relief

19.    Fed. R. Bankr. P. 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are a normal part of the bankruptcy process.  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1969) (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106 (1939)).

20.    To approve a compromise and settlement under Fed. R. Bankr. P. 9019(a), a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable and in the best interests of the debtor's estate.  *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *Air Line Pilots Ass., Int'l v. America National Bank and Trustee Co. of Chicago (In re Ionosphere Clubs, Inc.),* 156 B.R. 413, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994).

21.     Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion.  *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).  The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id*. at 891.

22.     The Court must consider the following factors in determining whether to approve the settlement agreement:  (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises.  *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

23.     Here, all of the relevant *Justice Oaks* factors weigh heavily in favor of the Court's approval of the compromise between the Trustee and the Defendants.

24.     In regards to the Matta Settlement Agreement, Matta's payment of $18,000 to the estates represents what the Trustee believes is the best possible outcome in this case.  The Trustee's decision to settle for $18,000 is based on her review of Matta's sworn financial statement and other financial documents provided by Matta that evidence the difficulties the Trustee would experience in collecting on a judgment, assuming the Trustee succeeds in the underlying litigation. Prosecuting this adversary proceeding would also have been expensive given the complexity of the issues presented.

25.     In regards to the Visionary Settlement Agreement, the Trustee is obtaining a judgment for the full amount of damages that the Trustee sought in the complaint.  To be clear,

Visionary has not agreed to the immediate payment of $410,930.88.  Rather, the result is the entry

of a judgment for $410,930.88, which would be the result should the Trustee actually take the

adversary proceeding to trial and prevail.

26.      The Matta Settlement Agreement and Visionary Settlement Agreement therefore

meet the *Justice Oaks* factors, as they benefit creditors and the estate.

**WHEREFORE**, for all of the foregoing reasons, the Trustee respectfully requests entry of

an order approving the Matta Settlement Agreement and the Visionary Settlement Agreement.

Dated: February 12, 2020                    Respectfully submitted,

                                            **AKERMAN LLP**
                                            Three Brickell City Centre
                                            98 Southeast Seventh Street, 11th Floor
                                            Miami, Florida 33131
                                            Phone: (305) 374-5600
                                            Fax: (305) 374-5095

                                            By:  */s/ Luis R. Casas*
                                                  Eyal Berger, Esq.
                                                  Florida Bar Number:  0011069
                                                  Email:  eyal.berger@akerman.com
                                                  Luis R. Casas, Esq.
                                                  Florida Bar Number:  0094222
                                                  Email:  luis.casasmeyer@akerman.com

                                                  *Counsel for Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished on February 12,

2020 to all parties receiving electronic notice via CM/ECF.

                                            *By:  /s/ Luis R. Casas*
                                                  Luis R. Casas, Esq.

50796519;1

**EXHIBIT "A"**

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below, by and between Maria Yip, in her capacity as Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (the "Trustee") and Sanjiv Matta ("Matta"). Collectively, the Trustee and Matta shall be referred to as the "Parties."

## RECITALS:

A.    On July 28, 2016, Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7, Title 11 of the United States Code, jointly administered under the case captioned *In re Providence Financial Investments, Inc.*, Case No. 16-20516-AJC, pending in the United States Bankruptcy Court for the Southern District of Florida.

B.    Shortly thereafter, the Trustee was appointed as the duly acting Chapter 7 Trustee for the Debtors' estates.

C.    On July 27, 2018, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") against Matta in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Sanjiv Matta*, Adv. Pro. No. 18-1312-AJC.

D.    In response to the Trustee's Adversary Proceeding, Matta has denied all claims and causes of action asserted against him.

E.    In order to avoid the costs and uncertainties of litigation in the Adversary Proceeding, the Parties have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.    **Recitations**.  The above recitations are true and correct, are incorporated herein by this reference, and constitute a part of this Agreement.

2.    **Non-Admission of Liability**.  Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of any allegations by either Party.  Nothing contained in this Agreement shall be deemed an admission by Matta that he engaged in any wrongdoing involving the Debtors.  Nothing contained in this Agreement shall be deemed an admission by Matta that he engaged in any wrongdoing

**Page 1 of 7**

involving the Debtors or any other person or entity. Nothing contained within this Agreement shall be deemed a statement against interest by Matta.

3.    **Attorney Representation**. Each Party warrants and represents that he or she is entering into this Agreement voluntarily, and without any duress or undue influence. Each Party further represents that he or she had the opportunity to consult with legal counsel of his or her own choosing.

4.    **Sworn Financial Statement**. As a material term to induce the Trustee to enter into this Agreement, Matta has agreed to provide to the Trustee (prior to the Trustee's execution of this Agreement) a written and sworn financial statement, under penalty of perjury, which completely and accurately discloses all of Matta's assets and sources of income (as of November 5, 2019; as well as any additional updated information through the date of Matta's signing of the financial statement). By way of example, the financial statement shall include, but is not limited to, the categories of information that would be included in a completed Bankruptcy Form 106S and accompanying schedules (including Schedules 106A/B through 106J). In the event that the Trustee believes the information provided by Matta in the financial statement is materially inaccurate or incomplete to the extent of more than 10% of Matta's assets or income (a) as of the date of execution of this Agreement and/or (b) as of the time of the judicial settlement conference (which was held on November 5, 2019), the Trustee shall have the right to seek to void the Agreement after providing Matta with notice of any materially inaccurate information or incomplete information and providing Matta five (5) business days to respond to refute the Trustee's assertion. In the event the Trustee is not satisfied with Matta's response, the Trustee may obtain the entry of a judgment in the amount provided under Section 5.4 below and/or to seek any other appropriate relief from the Court after providing Matta with notice and a hearing with respect to such action.

5.    **Terms**. As full and final settlement of the dispute, the Parties agree as follows:

5.1    Matta shall make a lump sum settlement payment totaling $18,000.00 to the Trustee (the "Settlement Payment"). The Settlement Payment shall be due once 15 days have passed after a Final Settlement Order is entered by the Court (defined in Section 6 below) that has not been appealed or has not been stayed by order of a court. The Settlement Payment shall be in the form of a cashier's check or money order made payable to Maria Yip, Chapter 7 Trustee for the estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC and shall be mailed to the Trustee at the following address: 2 S. Biscayne Blvd., Suite 2690, Miami, FL 33131.

5.2    Pursuant to the Court's procedures, after the Parties' execution of this Agreement, the Trustee shall submit to the Court an order to dismiss the Adversary Proceeding, which shall provide that the pretrial conference will be cancelled, that the Court shall retain jurisdiction to vacate the order should the Court not approve the Agreement, and that the Court shall retain jurisdiction, if approved, to enforce the terms of this Agreement.

5.3     The Parties agree that the Court shall retain jurisdiction to enforce this Agreement.

5.4     In the event that Matta fails to make the payment set forth in Section 5.1 above on a timely basis, subject to any applicable cure periods (as set forth herein), the Parties stipulate that the Trustee shall be entitled to seek the immediate entry of a final judgment for monetary damages against Matta in the amount of $398,000.00, less any payments made by Matta to the Trustee under this Agreement.

6.     **Conditions Precedent**. This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Court approving the Agreement (the "Final Settlement Order") pursuant to Bankruptcy Rule 9019.  In the event that the Court does not approve the Agreement, nothing herein shall be deemed a representation or admission by any Party as to any issue, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

7.     **Trustee Release/Waiver**. The Trustee, for good and valuable consideration received from Matta, receipt of which is hereby acknowledged, releases Matta as follows:  The Trustee (solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC) hereby releases and forever discharges Matta of and from all manner of claims, actions, causes of action, suits, controversies, agreements, promises, damages, judgments, and any claims and demands of any kind whatsoever, in law or in equity, known or unknown at this time, that the Trustee, on behalf of the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC, now has, may have, or ever had against Matta for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the Final Settlement Order becoming final, including, but not limited to, any claims that were brought, or which could have been brought, in the Adversary Proceeding or in the main bankruptcy case of the Debtors or any matters that were otherwise related in any way to the issues in the Adversary Proceeding.  This release does not release Matta's obligations under this Agreement, and, in the event that the Trustee determines that the information provided by Matta in the financial statement contemplated in this Agreement is materially inaccurate, then this release shall be void and of no effect.  Subject to the foregoing, this release shall be effective upon both the entry of a Final Settlement Order approving this Agreement and the Trustee's receipt of the full amount of the Settlement Payment contemplated in Section 5.1 above.

8.     **Matta Release/Waiver**. Matta, for good and valuable consideration received from the Trustee, receipt of which is hereby acknowledged, releases the Trustee as follows:  Matta hereby releases and forever discharges the Trustee, the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC, and the Trustee's agents, employees, and attorneys, of and from all manner of claims, actions, causes of action, suits, controversies, agreements, promises, damages, judgments, and any claims and demands of any kind whatsoever, in law or in equity, known or unknown at this time, that Matta now has, may have, or ever had against the Trustee, the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC, and the Trustee's agents,

51887167;1

employees, and attorneys, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of the Final Settlement Order becoming final, including, but not limited to, any claims that were brought, or which could have been brought, in the Adversary Proceeding or the main bankruptcy case of the Debtors or any matters that were otherwise related in any way to the issues in the Adversary Proceeding.  This release does not release the Trustee's obligations under this Agreement.  This release shall be effective upon the entry of a Final Settlement Order approving this Agreement.

9.     **Opportunity To Cure.**  In the event that Matta fails to make the timely payment of the amount set forth in Section 5.1 above, the Trustee shall provide Matta with a notice of default demanding payment.  Such notice of default may be sent, by e-mail, to Matta c/o Susan Lasky, Esq. (Sue@suelasky.com) and to Matta (ssmatta@gmail.com), or to such other recipient as may be designated by Matta for the receipt of such notices.  Upon the Trustee's sending of a default notice, Matta shall have 20 calendar days to cure the default.

10.     **Proofs of Claim.**  Matta agrees that any proofs of claim in the bankruptcy case filed by Matta (whether individually or through a corporate entity) shall be disallowed.

11.     **Entire Agreement**.  This Agreement constitutes the sole and entire agreement between the Parties as to the Adversary Proceeding and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral. Each Party acknowledges: that no promise or inducement has been offered except as set forth herein; that this Agreement has been executed after each of the Parties has made an independent investigation of the facts and has had the opportunity to rely upon the legal knowledge and advice of attorneys in executing this Agreement; and that this Agreement is in full accord and satisfaction of the Adversary Proceeding.

12.     **Amendments**.  This Agreement may be amended, modified or altered at any time upon the approval of the Parties and the Court; however, any such amendment must be in writing and signed by all Parties and approved by the Court in order for such amendment to be of any force and effect.

13.     **Partial Invalidity**.  If any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

14.     **Survival**.  All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

15.     **Applicable Law**.  This Agreement shall be subject to and governed by the laws of the State of Florida, without giving any effect to the conflicts or choice of laws principles which otherwise might be applicable.

51887167;1

16.    **Counterparts**. This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement.  Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement.

17.    **No Adverse Construction.**  The Parties acknowledge that this Agreement has been prepared by each of them.  In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

18.    **Authority**.  The signatories to this Agreement represent and warrant that they have authority to enter into this Agreement on behalf of the Parties and to bind the Parties hereto, subject to the court approval contemplated herein.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

[Rest of Page Left Blank]

51887167;1

**ACCEPTED AND AGREED:**

_____
SANJIV MATTA

Dated: 2  6, 20 2 0

STATE OF _FLORIDA_ )

              SS.

COUNTY OF _MIAMI-DADE_ )

    Subscribed and sworn to before me on this _6th_ day of _FEBRUARY_ , 2020, by Sanjiv Matta, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Signature of Notary Public

RICHARD DIAZ
MY COMMISSION # GG035127
EXPIRES October 02, 2020

51887167;1

**ACCEPTED AND AGREED:**

_Maria N. Yip, Trustee_                    Dated: FEBRUARY 6, 20 20

MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC

STATE OF FLORIDA        )

                            SS.

COUNTY OF MIAMI – DADE )

    Subscribed and sworn to before me on this 6th day of FEBRUARY, 2020, by

MARIA YIP, proved to me on the basis of satisfactory evidence to be the person

who appeared before me.

_____

Signature of Notary Public

RICHARD DIAZ
MY COMMISSION # GG035127
EXPIRES October 02, 2020

Page 7 of 7

51887167;1

**EXHIBIT "B"**

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT is made and entered into by and between: Maria Yip, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC (herein referred to as the "Trustee"); and Visionary Concepts, L.L.C. ("Visionary"). The Trustee and Visionary are herein referred to collectively as the "Parties."

WHEREAS, on or about July 27, 2018, the Trustee filed an Adversary Complaint in the United States Bankruptcy Court for the Southern District of Florida (the "Court") in an action styled *Maria Yip, as Trustee of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC v. Visionary Concepts, L.L.C.*, Adv. Pro. No. 18-01297-AJC (the "Adversary Proceeding");

WHEREAS, in the Adversary Proceeding, the Trustee has asserted several claims against Visionary, including based on fraudulent transfers and unjust enrichment;

WHEREAS, in response to the Trustee's Adversary Proceeding, Visionary has denied all claims and causes of action asserted against it;

WHEREAS, nothing contained in this Agreement shall be deemed an admission that Visionary engaged in any wrongdoing involving the Debtors or any other person or entity;

WHEREAS, nothing contained within this Agreement shall be deemed a statement against interest by Visionary;

WHEREAS, the Parties desire to settle the Adversary Proceeding and resolve all disputes and claims between them;

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration which is hereby acknowledged, it is agreed by and among the Parties as follows:

1.      The foregoing recitals are regarded by the Parties to be true and correct and expressly incorporated into this Settlement Agreement.

1

50714024;1

2.      This Settlement Agreement is intended to settle and resolve all disputes, disagreements, and conflicts between the Trustee and Visionary which are at issue in the Adversary Proceeding.  The Parties agree that, subject to compliance with the terms of this Settlement Agreement and approval by the Court, it is the intention of this Settlement Agreement that any and all claims between the Parties regarding the subject matter of the Adversary Complaint filed in the Adversary Proceeding are to be resolved by this settlement.

3.      Subject to approval of the Court, Visionary stipulates to the entry, by the Court, of a Consent Final Judgment for avoidance of transfers and monetary relief in favor of the Trustee (the "Consent Judgment").  The Consent Judgment shall be in the amount of $410,930.88.  The Consent Judgment shall be substantially in the form of Exhibit A hereto, subject to any revisions as to form ordered or requested by the Court or as may be reasonably requested by the Trustee. Visionary shall provide the Trustee with any information as may be reasonably requested by the Trustee for preparation of the form of the Consent Judgment submitted to the Court.

4.      Pursuant to the Court's procedures, after the Parties' execution of this Agreement, the Trustee shall submit to the Court an order to dismiss the Adversary Proceeding, which shall provide that the pretrial conference will be cancelled, that the Court shall retain jurisdiction to vacate the order should the Court not approve the Agreement, and that the Court shall retain jurisdiction, if approved, to enforce the terms of this Agreement and to enter the Consent Judgment.

5.      Visionary agrees that any proofs of claim in the bankruptcy case filed by Visionary shall be disallowed.

6.      The Parties acknowledge that they have read this Settlement Agreement, understand it, agree with its terms, and voluntarily and knowingly execute it.  The Parties each acknowledge, warrant and represent that this Settlement Agreement was signed only after due

2

consideration by each Party and consultation with their respective counsel.  In signing this Settlement Agreement, each Party acknowledges that it or she did not rely upon any oral or written statement or acts of any Party, other than as expressly stated in writing in this Settlement Agreement.

7.      This Settlement Agreement shall be binding upon the Parties, their successors, and their assigns.

8.      This Settlement Agreement shall not be modified or amended except in writing signed by all parties to be charged.

9.      This Settlement Agreement constitutes the entire agreement between the Parties and supersedes any and all prior arrangements and understandings, whether written or oral.

10.     Each of the Parties acknowledges that she or it was represented by counsel in connection with the negotiation of this Settlement Agreement and that all counsel participated in the negotiation and drafting of this Settlement Agreement.  Accordingly, this Settlement Agreement shall not be construed more favorably for any of the Parties hereto regardless of who was responsible for its preparation.

11.     The Parties acknowledge that this Settlement Agreement is subject to approval by the Court.  The Parties shall refrain from prosecuting the Adversary Proceeding pending the settlement approval process with the Court.  In the event that this Settlement Agreement is not approved by the Court, it shall be deemed null and void, and the Parties shall be returned to their status quo.

12.     The signatories to this Settlement Agreement represent and warrant that they are authorized and have the power to execute this Settlement Agreement.

13.     This Settlement Agreement shall be governed by the laws of the State of Florida, irrespective of its choice of law rules.

50714024;1

14.     This Settlement Agreement may be executed in counterparts, and each counterpart shall be and constitute a part of this Settlement Agreement and all counterparts taken together shall constitute this Settlement Agreement, and be binding and effective upon all of the Parties hereto.

IN WITNESS THEREOF, the Parties hereto have caused this Settlement Agreement to be executed by each of them as of the date of their signatures below.  This Settlement Agreement shall be effective on the date of approval by the Court.

4

**ACCEPTED AND AGREED:**

Dated: 1/27, 20 20

VISIONARY CONCEPTS, L.L.C., a
Florida limited liability company

By: _SANJIV MATTA_

Its: _MsJ_

STATE OF _Florida_ )

               SS.

COUNTY OF _Seminole_ )

    Subscribed and sworn to before me on this 27th day of _January_, 20 20 by

_Sanjiv Matta_, proved to me on the basis of satisfactory evidence to be the person

who appeared before me.

_Michele Conlon_

Signature of Notary Public

MICHELLE CONLON
Notary Public - State of Florida
Commission # GG 227774
My Comm. Expires Oct 7, 2022

50714024;1

**ACCEPTED AND AGREED:**

*Maria M. Yip, Trustee*                        Dated: *January 23*, 20 *20*

MARIA YIP, THE CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF PROVIDENCE FINANCIAL
INVESTMENTS, INC. AND PROVIDENCE FIXED
INCOME FUND, LLC

STATE OF *FLORIDA*        )

                       SS.

COUNTY OF *MIAMI DADE* )

     Subscribed and sworn to before me on this *23rd* day of *JANUARY*, 20*20*, by

*MARIA M. YIP*, proved to me on the basis of satisfactory evidence to be the person

who appeared before me.

_____

Signature of Notary Public

> **RICHARD DIAZ**
> MY COMMISSION # GG035127
> EXPIRES October 02, 2020

50714024;1

6

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                          Chapter 7

PROVIDENCE FINANCIAL INVESTMENTS, INC., and          Case No. 16-20516-AJC
PROVIDENCE FIXED INCOME FUND, LLC,                   Case No. 16-20517-AJC
                                                     (Jointly Administered)

        Debtors.

_____/

MARIA YIP, as Trustee of Providence                  Adv. Pro. No. 18-01297-AJC
Financial Investments, Inc. and Providence
Fixed Income Fund, LLC,

        Plaintiff,

v.

VISIONARY CONCEPTS, L.L.C., a Florida limited
liability company,

        Defendant.

_____/

**CONSENT FINAL JUDGMENT**

50712882;1

This Adversary Proceeding is before the Court on the complaint of Maria Yip, Chapter 7 Trustee, to recover transfers pursuant to Sections 544, 548 and 550 of the Bankruptcy Code and Sections 726.105 and 726.106 of the Florida Statutes and for other relief. The Plaintiff and Defendant Visionary Concepts, L.L.C., entered into a Settlement Agreement which was approved by the Court in its Order Granting Trustee's Motion to Compromise Controversy With Defendant Visionary Concepts, L.L.C. [ECF No. ___]. Pursuant to the Settlement Agreement, it is **ORDERED** and **ADJUDGED**:

1.    The transfers identified in Exhibit A of the Adversary Complaint to Avoid and Recover Fraudulent Transfers and Other Relief [ECF No. 1] are avoided. Plaintiff, Maria Yip, the Chapter 7 Trustee for the bankruptcy estates of Providence Financial Investments, Inc. and Providence Fixed Income Fund, LLC, whose mailing address is 2 S. Biscayne Blvd., #2690, Miami, FL 33131, shall recover from Defendant Visionary Concepts, L.L.C., a Florida limited liability company (tax identification number XX-XXX2887, whose last known mailing address is 105 W. Sweetwater Creek Dr., Longwood, Florida 32779), the amount of $410,930.88, pursuant to this Consent Final Judgment, for which let execution issue.

2.    The Consent Final Judgment shall accrue interest until paid in full at the prevailing interest rate established under 28 U.S.C. § 1961, which rate is currently _____%.

3.    It is further ordered that Defendant Visionary Concepts, L.L.C., as judgment debtor, shall complete under oath a Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) for an entity (attached hereto as Exhibit A), including all required attachments, and said Defendant shall serve Form 1.977 on Plaintiff's attorney within forty-five (45) days from the date of this Consent Final Judgment, unless the Consent Final Judgment is satisfied or post-judgment discovery is stayed.

50712882;1

4.     The jurisdiction of this Court is retained to enforce this Consent Final Judgment, as well as to enter further orders as necessary, including, but not limited to, issuance of post-judgment discovery, writs, and any other execution orders necessary.

###

Submitted by:


Bryan T. West
Counsel for Trustee
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, 11th Floor
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095
E-mail: bryan.west@akerman.com

*(Attorney West is directed to mail a conformed copy of this consent final judgment immediately upon receipt to all parties of interest.)*

50712882;1

## CONSENT

The Plaintiff, through her undersigned counsel, and Defendant, through its undersigned counsel, hereby consent to entry of the foregoing Consent Final Judgment.

SUSAN D. LASKY, PA

By:   /s/ *Susan D. Lasky*
    Susan D. Lasky
    Florida Bar No.: 451096
    E-mail: Sue@SueLasky.com
    320 SE 18th Street
    Ft. Lauderdale, Florida 33316
    Phone: (954) 400-7474
    Fax:  (954) 206-0628

ATTORNEY FOR DEFENDANT

AKERMAN LLP

By:   /s/ *Bryan T. West*
    Brian P. Miller
    Florida Bar No.: 0980633
    E-mail: Brian.Miller@akerman.com
    Bryan T. West
    Florida Bar No.: 83526
    E-mail: Bryan.West@akerman.com
    Luis R. Casas
    Florida Bar No.: 0094222
    Email: Luis.Casasmeyer@akerman.com
    Three Brickell City Centre
    98 Southeast Seventh Street, 11th Floor
    Miami, Florida 33131
    Phone: (305) 374-5600
    Fax: (305) 374-5095

ATTORNEYS FOR PLAINTIFF

4

**EXHIBIT A**
**FORM 1.977 FACT INFORMATION SHEET-ENTITY**

Name of entity: _____

Name and title of person filling out this form: _____

Telephone number:_____

Place of business: _____

Mailing address (if different):_____

Gross/taxable income reported for federal income tax purposes last three years:

$_____/$_____    $_____/$_____    $_____/$_____

Taxpayer identification number: _____

Is this entity an S corporation for federal income tax purposes? ___Yes ___No

Average number of employees per month _____

Name and address of each shareholder, member, or partner owning 5% or more of the entity's common stock, preferred stock, or other equity interest:

_____

_____

_____

Names and address of officers, directors, members, or partners:

_____

_____

_____

Checking account at: _____ Account #_____

Savings account at: _____ Account #_____

Does the entity own any vehicles? _____Yes _____No

For each vehicle please state:

Year/Make/Model: _____ Color: _____

Vehicle ID No: _____ Tag No: _____ Mileage: _____

Names on Title: _____

Present Value: $ _____

Loan Owed to: _____

Balance on Loan: $ _____

Monthly Payment: $ _____

Does the entity own any real property? _____Yes _____No

If yes, please state the address(es): _____

50712882;1

Please check if the entity owns the following:

_____ Boat

_____ Camper

_____ Stocks/bonds

_____ Other real property

_____ Other personal property

Please attach copies of the following:

1. Copies of state and federal income tax returns for the past 3 years.

2. All bank, savings and loan, and other account books and statements for accounts in institutions in which the entity had any legal or equitable interest for the past 3 years.

3. All canceled checks for the 12 months immediately preceding the service date of this Fact Information Sheet for accounts in which the entity held any legal or equitable interest.

4. All deeds, leases, mortgages, or other written instruments evidencing any interest in or ownership of real property at any time within the 12 months immediately preceding the date this lawsuit was filed.

5. Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from the entity within the 12 months immediately preceding the date this lawsuit was filed.

6. Motor vehicle or vessel documents, including titles and registrations relating to any motor vehicles or vessels owned by the entity alone or with others.

7. Financial statements as to the entity's assets, liabilities, and owner's equity prepared within the 12 months immediately preceding the service date of this Fact Information Sheet.

8. Minutes of all meetings of the entity's members, partners, shareholders, or board of directors held within 2 years of the service date of this Fact Information Sheet.

9. Resolutions of the entity's members, partners, shareholders, or board of directors passed within 2 years of the service date of this Fact Information Sheet.

2

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE
FOREGOING ANSWERS ARE TRUE AND COMPLETE.


By:_____

       Name:_____

       Title:_____

**[Corporate Seal]**

STATE OF _____

COUNTY OF _____

The foregoing instrument was sworn to before me on _____(date) by _____, who is personally known to me or has produced _____ as identification

WITNESS my hand and official seal, this _____ day of _____, 2019


_____

Notary Public

State of Florida

My Commission expires: _____


THE JUDGMENT DEBTOR SHALL FILE WITH THE CLERK OF THE COURT A NOTICE OF COMPLIANCE AFTER THE ORIGINAL FACT INFORMATION SHEET, TOGETHER WITH ALL ATTACHMENTS, HAS BEEN DELIVERED TO THE JUDGMENT CREDITOR'S ATTORNEY.

50712882;1

**EXHIBIT "C"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                                    Case No. 16-20516-AJC
                                                          Chapter 7
PROVIDENCE FINANCIAL INVESTMENTS INC.                     (Jointly Administered)
and PROVIDENCE FIXED INCOME FUND, LLC                     Case No. 16-20517-AJC

      Debtors.

_____/


**ORDER GRANTING TRUSTEE'S**
**MOTION TO COMPROMISE CONTROVERSY WITH**
**ADVERSARY DEFENDANTS SANJIV MATTA AND VISIONARY CONCEPTS, L.L.C.**

      **THIS MATTER** came before the Court upon the *Trustee's Motion to Compromise*

*Controversy With Adversary Defendants Sanjiv Matta and  Visionary Concepts L.L.C.* [ECF No.

] (the "Motion").  The Court, having reviewed the Motion and the record in this case, having been

duly advised in the premises, having noted that the Motion was properly served, having noted that

no objections were asserted against the relief requested in the Motion, and having found that based

on the record before the Court that the settlements satisfy the factors enumerated in *In re Justice*

*Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990), and that therefore the Trustee's business judgment is prudent in entering into the Settlement Agreement between the Trustee and Adversary Defendant Sanjiv Matta attached to the Motion as **Exhibit "A"** (the "Matta Settlement Agreement") and the Settlement Agreement between the Trustee and Adversary Defendant Visionary Concepts L.L.C. attached to the Motion as **Exhibit "B"** (the "Visionary Settlement Agreement"). The Court hereby finds that good cause exists to grant the relief requested in the Motion, and

ORDERS AND ADJUDGES as follows**:**

1.      The Motion is **GRANTED**. The Matta Settlement Agreement and Visionary Settlement Agreement are hereby **APPROVED** and incorporated herein in their entirety.

2.      The Trustee is authorized to take any and all actions necessary to consummate the Matta Settlement Agreement  and Visionary Settlement Agreement.

3.      The Court retains jurisdiction to enforce the provisions of this Order.

### 

Submitted by:

Luis R. Casas
*Counsel for Trustee*
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, 11th Floor
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095
E-mail: luis.casasmeyer@akerman.com

(Attorney Casas is directed to mail a conformed copy of this order immediately upon receipt to all parties of interest.)

50800493;1